**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
DASTECH INTERNATIONAL, INC.         )
10 Cutter Mill Road, Suite 400              )
Great Neck, New York 11021                )
                                                          )
        And                                            )
                                                          )
DASTECH INDUSTRIES, LTD.             )
10 Cutter Mill Road, Suite 400              )
Great Neck, New York 11021                )
                                                          )
                Plaintiffs,                            )
                                                          )
        v.                                               )        CIV. NO._____
                                                          )
ALBERTO GONZALES,                         )
Attorney General of the United States,     )
United States Department of Justice        )
950 Pennsylvania Avenue, N.W.            )
Washington, DC  20530                        )
In his official capacity as Attorney General,  )
                                                          )
        And                                            )        **COMPLAINT**
                                                          )
KAREN P. TANDY,                              )        Declaratory and Injunctive
Administrator,                                      )        Relief
Drug Enforcement Administration          )
2401 Jefferson Davis Highway               )
Alexandria, VA  22301                          )
In her official capacity as Administrator,   )
                                                          )
        And                                            )
                                                          )
DRUG ENFORCEMENT ADMINISTRATION  )
2401 Jefferson Davis Highway               )
Alexandria, VA  22301,                         )
                                                          )
                Defendants.                         )
_____)

1

**COMPLAINT**

Plaintiffs, Dastech International, Inc. and Dastech Industries, Ltd., by their undersigned counsel, hereby file this Complaint requesting that this Court award declaratory and injunctive relief, and grant the other relief sought below. In support hereof, Plaintiff avers as follows:

**NATURE OF THE CASE**

1. This action for declaratory and injunctive relief seeks to enjoin Alberto Gonzales, Attorney General of the United States, Karen P. Tandy, Administrator of the Drug Enforcement Administration, and the Drug Enforcement Administration (collectively "DEA") (A) from refusing to give full force and effect to Plaintiffs' DEA Registrations, Nos. 001277DRX (Dastech International, Inc.) and 00128DNY (Dastech Industries), and enjoining the DEA from recognizing the "voluntary surrender" forms executed by Neil Villacari on June 5, 2007, (B) to restrain Defendants from seizing, keeping, destroying or otherwise preventing Plaintiffs from possessing and selling the property set forth below in this Complaint, (C) to order the Defendants to return forthwith Plaintiffs' property as described below, and (D) to enjoin the DEA from engaging in a pattern of harassment and interference with Plaintiffs' businesses that is intended and calculated to harm and perhaps destroy Plaintiffs' legitimate companies, and (E) to provide Plaintiffs Dastech International, Inc. and Dastech Industries, Ltd. ("Plaintiffs") with other equitable and other relief to which they may be entitled.

2. Defendants are officials of the federal government, sued in their official capacities, as a result of their responsibility for and involvement in (1) the determination by the DEA that Plaintiffs improperly stored records of importation transactions at Plaintiffs' headquarters and (2) effecting the seizure of Plaintiff's DEA Certificates of Registration and the seizure of Plaintiffs' property as set forth below in this Complaint.

2

## THE PARTIES

3.  Plaintiff Dastech International Inc., ("Dastech") is a domestic business corporation organized and registered pursuant to the laws of the State of New York. Dastech's principal place of business is located at 10 Cutter Mill Road, Suite 400, Great Neck, New York 11021. Dastech was incorporated on July 1, 1980 and has been in business continually since that date.

4.  Plaintiff Dastech Industries, Ltd. ("DIL") is a domestic business corporation organized and registered pursuant to the laws of the State of New York. DIL's principal place of business is 10 Cutter Mill Road, Suite 400, Great Neck, New York, 11021. DIL was incorporated on August 4, 1995 and has been in business continually since that date.

5.  Defendant Honorable Alberto R. Gonzalez is the Attorney General of the United States and the head of the United States Department of Justice ("DOJ"), and, as such, is ultimately responsible for supervising the activities of the DOJ, which includes supervising all federal prosecutors and law enforcement agents, as well as responsible for the conduct of the DEA and its employees and agents. Defendant Honorable Alberto R. Gonzalez receives mail addressed to United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, District of Columbia 20530-0001. He is being sued in his official capacity.

6.  Defendant Honorable Karen P. Tandy is the Administrator of the DEA, and, as such, is responsible for supervising the activities of the DEA, and is responsible for the conduct of all DEA agents and employees. Defendant Honorable Karen P. Tandy receives mail addressed to Drug Enforcement Administration, Mailstop: AES, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. She is being sued in her official capacity.

7. Defendant DEA is an agency within the United States Department of Justice. The DEA has offices at 2401 Jefferson Davis Highway, Alexandria, VA 22301.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq.; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

9. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. §§ 701-706, and Federal Rule of Civil Procedure 57.

10. This Court has authority to dissolve the suspensions of Plaintiffs' Registrations pursuant to 21 U.S.C. § 824(d).

11. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

## STATUTORY BACKGROUND

12. The Controlled Substances Act ("CSA") was enacted as Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The CSA forms the basis for federal government regulation of the manufacture, importation, possession, and distribution of certain drugs and List 1 chemicals. The CSA governs the registration of importers of List 1 chemicals.

13. Dastech imports List 1 chemicals. Dastech does not import controlled substances.

14. Under the CSA, 21 U.S.C. § 957(a) requires importers of List 1 chemicals to have a current registration issued by the Attorney General unless such person is exempt from registration. 21 U.S.C. § 957(b) exempts various persons or entities from registration and permits their possession of List 1 chemicals without registration.

15. 21 U.S.C. § 958(c)(2)(A) states that the Attorney General "shall register" an applicant to import or export a List 1 chemical unless the Attorney General determines that registration of the applicant is inconsistent with the public interest.

16. Once a registration is issued, 21 U.S.C. § 958(d)(2) permits the Attorney General to revoke or suspend a registration under subsection (c) if he determines that such registration is inconsistent with the public interest.

17. Pursuant to 21 U.S.C. § 958(d)(4), before taking action to revoke or suspend a registration, the Attorney General must serve upon the registrant an order to show cause why the registration should not be revoked or suspended. The order to show cause must contain a statement of the basis and direct the registrant "to appear before the Attorney General at a time and place stated in the order, but in no event less than thirty days after the date of receipt of the order. 21 U.S.C. § 958(d)(4).

18. The CSA requires that the factors set forth in 21 U.S.C. § 823(h) be considered in determining the public interest.

19. In this case, no administrative proceedings have been initiated to revoke or suspend any of the registrations of Dastech or DIL. Of course, this is because the DEA coerced a non-authorized person to "voluntary surrender" Dastech's and DIL's constitutionally-protected property interest in their registrations, thereby circumventing the process that Congress has declared is due before a registration can be suspended or revoked.

20. The Administrative Procedure Act ("APA") states that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . [is] entitled to judicial review thereof." 5 U.S.C. § 702. To determine whether agency action is arbitrary or capricious, the court must consider whether: the agency has relied on factors which

5

Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Motor Veh. Mfgrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983). Generally, the disputed agency action must be "final agency action." 5 U.S.C. § 704. This requirement, however, may be avoided when review is sought pursuant to specific authorization in the substantive statute.

21.     The plain language of the CSA signifies that a registrant subject to immediate suspension of registration may seek judicial review by a district court before final agency action. Thus, this court has the authority to review the agency action although it is not final agency action. 21 U.S.C. § 924(d); *Neil Laboratories, Inc. v. Ashcroft*, 217 F.Supp. 2d 80, 85 (D.D.C. 2002); *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 823-24 (5th Cir. 1976).I

22.     In addition to the Constitutional requisites that demand that an injunction issue in this case, 21 U.S.C. § 958(d)(5) provides that a court of competent jurisdiction may dissolve any suspension that might be instituted by the Attorney General against any registrant.

## BACKGROUND AND FACTS

23.     Dastech imports industrial chemicals, pharmaceutical products and other varied products. It has been conducting this business since its inception as a New York corporation in August of 1980. Dastech has been a law abiding member of the business community for 27 years. Dastech is a member of the Long Island Import Export Association, Inc.[1] and its import

---

[1] Since 1982, the Long Island Import Export Association, Inc. has offered seminars covering a range of subjects focusing on key global issues. The goal is to help manufacturers, importers, business owners and "start-up" companies expand their knowledge in the field of international trade. Seminars are presented by accomplished and recognized professionals who offer their insight about the business environment today and their personal views of the future. Speakers

6

manager, Luz Cazeneuve, has been an Association board member for several years and regularly attends it monthly meetings. Ms. Cazeneuve also attends conferences relating to the importation business. Recent (2006) conferences of note attended by Ms. Cazeneuve include: a DEA Chemical Industry Conference in Louisville, Kentucky and a FDA Import Seminar in Jamaica, New York. Ms. Cazeneuve also attends meetings of the JFK Airport Customs Brokers Association. In addition, every two years, Ms. Cazeneuve attends a three day training course offered by the International Vessel Operators Hazardous Materials Association, Inc. in connection with The International Maritime Dangerous Goods (IMDG) Code. *See* Exhibit 1. - Affidavit of Luz Caseneuve.

24. Pursuant to 21 U.S.C. § 957 (a), Dastech is a DEA-registered importer of List 1 chemicals, specifically, Pseudoephedrine, Ephedrine, Phenylpropanolamine and Red Phosphorous. Dastech is registered by the United States Drug Enforcement Administration ("DEA") to import List 1 chemicals into the United States. It possesses several registrations. Each registration is linked to the public warehouse that physically warehouses the imported product. They are:

    a.    DEA Registration No. 001277DRX – Chemical Importer
            Dastech International Inc., c/o Hawks Express, Inc.
            1000 Frank E. Rogers Blvd.
            Harrison, New Jersey 07029
            *See* Exhibit 2. – Dastech DEA Registration Certificate No. 001277DRX

    b.    DEA Registration No. 005453DRX – Chemical Importer
            Dastech International, Inc.
            c/o Chicago Land Quad Cities
            7715 South 78th Ave.
            Bridgeview, IL 60455

---

are highly experienced in the fields of finance, sales, marketing, product development, legal issues, U.S. Customs and all others relevant to conducting business in today's dynamic environment.

*See* Exhibit 3. – Dastech DEA Registration Certificate No. 005453DRX

    c.    DEA Registration No. 005452DRZ
Dastech International, Inc.
c/o Chicago Land Quad Cities
77115 South 78th Ave.
Bridgeview, IL 60455
*See* Exhibit 4. - Dastech Registration Certificate No. 005452DRZ

    d.    DEA Registration No.005799DRX
Dastech International, Inc.
c/o Coty Warehouse
600 Richmond Terrace
Staten Island, NY 10301
*See* Exhibit 5. - Dastech Registration Certificate No. 005799DRX

25. DIL possessed a DEA registration as a chemical distributor. That registration was in the name "Dastech Industries, Ltd., c/o Hawks Express Inc., 1000 Frank E. Rogers Blvd., Harrison, NJ 07029" Registration number 001285DNY was assigned to DIL. *See* Exhibit 6. - Dastech Registration Certificate No. 001285DNY.

26. On April 4, 2002, Dastech provided notice to the DEA of its intent to "centrally locate" its records relating to regulated transactions and that those records would be located and maintained at its principal place of business located at 10 Cutter Mill Rd., Suite 400, Great Neck, NY 11021. The notice was submitted pursuant to 21 CFR § 1310.04(c). *See* Exhibit 7. - Correspondence from Dastech to DEA, dated April 4, 2002.

27. Approximately fifteen to twenty years ago, Dastech began doing business with Hawks Express Inc. ("Hawks Express"), a New Jersey corporation, to warehouse its imports. Hawks Express Inc. is not a subsidiary or a related entity of Dastech. The sole shareholder of Hawks Express is an individual named Neil Villacari. Hawks Express has been warehousing Dastech's List 1 chemicals for the past five to six years. In all of the years that Hawks Express has provided services for Dastech, there has never been a loss, shortage or damage to the List 1

8

chemicals imported by Dastech. Furthermore, Mr. Villacari has stated in his Affidavit that he has never known Dastech or its employees to act in an unlawful, fraudulent or questionable manner and that he has a high respect for the business integrity of Dastech and its employees. *See* Exhibit 8. - Affidavit of Neil Villacari; *See* Exhibit 13. – Affidavit of Robert Kahen.

28.     On or about June 5, 2007, DEA Diversion Group Supervisor Richard Tilney ("Tilney") and Diversion Investigator William Salera came to Hawks Express to speak to Neil Villacari. The investigators showed him their badges and stated that they were at Hawks Express to seize and destroy the Pseudoephedrine in the warehouse that was imported by Dastech. The investigators informed Mr. Villacari, the owner of the Hawks Express Inc. warehouse, that he was illegally storing List 1 chemicals. He was told that the illegality dealt with improper recordkeeping and that there were mistakes in the importation records. The investigators told Mr. Villacari that as a result of the alleged problems in the records, Mr. Villacari could be criminally charged, convicted and subject to a 25-30 year prison term. *See* Exhibit 8. - Affidavit of Neil Villacari.

29.     At that same meeting on June 5, 2007, the investigators told Mr. Villacari that he must sign two forms titled "Voluntary Surrender of List 1 Chemical Privileges," which purports to terminate Dastech's and DIL's DEA registrations to import and distribute List 1 chemicals. Investigator Tilney repeatedly insisted that Mr. Villacari sign the forms. Despite his lack of authority to sign the Voluntary Surrender forms on behalf of Dastech and DIL, Mr. Vallacari signed the forms as a result of Tilney's accusations and threats. *See* Exhibit 8. - Affidavit of Neil Villacari.

30.     At the same meeting on June 5, 2007, Tilney seized all of Hawks Express' paperwork relating to Dastech's transactions for 2007, a printout of an inventory of Dastech's

9

List 1 chemicals from January 2006 to June 5, 2007 and the DEA registration certificates for Dastech and DIL. *See* Exhibit 8. - Affidavit of Neil Villacari.

31. On June 5, 2007, Dastech had 10 drums of Pseudoephedrine and 319 drums of Red Phosphorous warehoused at Hawks Express. Tilney told Mr. Vallacari that those List 1 chemicals could not be removed from the warehouse and that they were subject to seizure and destruction. *See* Exhibit 8. - Affidavit of Neil Villacari.

32. On June 21, 2007, DEA agents and other law enforcement personnel arrived at Hawks Express warehouse and seized all of the Pseudoephedrine at the warehouse. They did not seize the Red Phosphorous but indicated that they would come back at a later date to seize the Red Phosphorous and that it would be destroyed. Mr. Vallacari was later contacted by a U.S. Marshall who asked him if he knew of any entity that could destroy the Red Phosphorous. Mr. Vallacari informed him that he did not know of any such entity. *See* Exhibit 8. - Affidavit of Neil Villacari.

33. Also on or about June 21, 2007, the DEA conducted seizures of Dastech's property, consisting of 40 drums of Pseudoephedrine and 26 drums of Phenylpropanolamine located at a United States Customs warehouse at 888 Doremus Ave., Newark, NJ 07114.

34. Also on or about June 21, 2007, the DEA conducted seizures of Dastech's property, consisting of 40 drums of a List 1 chemical located at a United States Customs warehouse at 300 Western Avenue, Staten Island, New York 10303.

35. On June 22, 2007, in response to a request by the undersigned counsel for a copy of the seizure warrant in connection with the June 21, 2007 seizures of Dastech's property, Tilney provided counsel with three documents titled "Application and Affidavit for Seizure Warrant"; however, no seizure warrants were provided. Furthermore, the affidavits in support

were not attached. The applications were based on the affiants belief that the property seized consisted of "property imported, exported, distributed, possessed, or otherwise in violation of Title 21 United States Code, Section 801, *et seq.* and is subject to forfeiture pursuant to 21 United States Code, Section 881(a)(9)." *See* Exhibit 9. - Application for Seizure Warrant for Hawks Enterprise; *See* Exhibit 10. - Application for Seizure Warrant for 888 Doremus Ave., Newark, NJ; *See* Exhibit 11. - Application for Seizure Warrant for 300 Western Avenue, Staten Island, NY.

36. All of the property seized by the DEA on or about June 21, 2007, was lawfully imported and possessed by Dastech. The seizure was unlawful, a restraint of trade and harmful to the reputation and business of Dastech. The loss in Dastech sales as a result of the seizure is approximately $235,430.00. These losses, coupled with the loss of future business as a result of the seizure, is a huge financial blow to Dastech. The harm to Dastech's reputation as a result of the unlawful seizure and the spurious remarks made by DEA inspectors to third-parties in regard to the Dastech is profound and immeasurable at the present time. *See* Exhibit 12. - Affidavit of Robert Kahen.

37. **The 40 drums of Pseudoephedrine seized from the U.S. Customs warehouse at 300 Western Avenue, Staten Island, New York 10303 were lawfully imported.** Dastech imported the product for its customer Hi-Tech Pharmacal Co., Inc., pursuant to purchase order 0041429, dated February 13, 2007. *See* Exhibit 13. - Hi-Tech Pharmacal Co., Inc. A DEA 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on February 14, 2007. *See* Exhibit 14.- Hi-Tech Pharmacal 486. The DEA issued a DEA Control Number 5046178 for the transaction. The 486 submitted in connection with this import contained an inadvertent error. The 486 submitted was a prior version of the form (version Jun 1989). In box

1b, the Customs' broker was identified as J.W. Hampton, Jr.; in fact, J.M. Rodgers Co., Inc. was retained as the Customs' broker for the transaction. This error is of no significance; Form 486 was revised in September of 2006 and the identity of the broker is no longer an element of the revised Form 486. The new form must be used effective June 8, 2007. *See* Exhibit 15. - Revised Form 486 and Exhibit 16. - Instructions for Completing Revised Form 486.

38.  **The product seized from the U.S. Customs warehouse, 888 Doremus Avenue, Newark, NJ 07114 (aka "Salson Container Freight Services") was lawfully imported.** The 40 drums of Pseudoephedrine and 26 drums of Phenylpropanolamine identified as subject to seizure in the Application for Seizure Warrant, were imported for four separate customers:

   a. Time-Cap Labs, ordered 40 drums of Pseudoephedrine pursuant to purchase order PO16982, dated March 8, 2007. *See* Exhibit 17. - Time-Cap Purchase Order. A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on March 9, 2007. *See* Exhibit 18. - Time-Cap 486. The DEA issued a DEA Control Number 5046883 for the transaction.

   b. Contract Pharmakal ordered 5 drums of Phenylpropanolamine pursuant to purchase order 104015, dated April 10, 2007. *See* Exhibit 19. - Contract Purchase Order. A DEA Form 486 - "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 12, 2007. *See* Exhibit 20. - Contract 486. The DEA issued a DEA Control Number 5047779 for the transaction.

   c. Gemini Pharmaceuticals, Inc. ordered 1 drums of Phenylpropanolamine pursuant to purchase order 113431, dated April 11, 2007. *See* Exhibit 21.- Gemini Purchase Order. A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 12, 2007. *See* Exhibit 22. -

        Gemini 486.  The DEA issued a DEA Control Number 5047779 for the transaction.

    d.  Andapharm ordered 20 drums of Phenylpropanolamine pursuant to purchase order 200483, dated March 20, 2007.  *See* Exhibit 23. - Andapharm Purchasae Order.  A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 10, 2007.  *See* Exhibit 24.- Andapharm 486. The DEA issued a DEA Control Number 5047654 for this transaction.

39.  In regard to the transactions described in the foregoing subparagraphs a-d, the 486's contained an inadvertent error.  The 486s submitted were a prior version of the form (version Jun 1989).  In box 1b, the Customs' broker was identified as J.W. Hampton, Jr.;  in fact, J.M. Rodgers Co., Inc. was retained as the Customs' broker for the transaction.  This error is of no significance; Form 486 was revised in September of 2006 and the identity of the broker is no longer an element of the revised Form 486.

40.  **The 319 drums of Red Phosphorous seized from Hawks Express were lawfully imported.**  Dastech imported the product for its customer RSR Quemetco/Revere Smelting & Refining, pursuant to purchase order 69108-043, dated March 21, 2007.  *See* Exhibit 25. - RSR Purchase Order. A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 2, 2007.  *See* Exhibit 26. - RSR 486.  The DEA issued a Letter of No Objection ("LONO") on April 20, 2007 and issued DEA Control Number 5047483 for the transaction.  *See* Exhibit 27. - RSR LONO.  The 486 was subsequently amended and the transaction was given DEA Control Number 5049366.  *See* Exhibit 28. - RSR Amended 486.

41. **The 10 drums of Pseudoephedrine seized from Hawks Express were lawfully imported.** These drums relate to three transactions:

    a. Pharmakon Labs. Inc. ordered 10 drums of Pseudoephedrine pursuant to purchase order HH110306, dated November 3, 2006. *See* Exhibit 29. Pharmakon Purchase Order. A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on November 13, 2006. *See* Exhibit 30. - Pharmakon 486. The DEA issued a DEA Control Number 5043679 for the transaction. On approximately April 2, 2007, 2 drums were shipped by Dastech to Pharmakon Labs. *See* Exhibit 31. - Pharmakon Delivery Order. Eight drums of Pseudoephedrine ordered by Pharmakon were seized.

    b. The remaining 2 drums making up the 10 drums of Pseudoephedrine seized from Hawks Enterprise constitute a return of product from Sage Pharmaceutical. *See* Exhibit 32. - Sage Return Authorization.

42. As a direct result of the seizure of Dastech's property, three of Dastech's customers have already cancelled purchase orders previously placed with Dastech. The first to cancel an order was Time-Cap, Labs, Inc. Time-Cap cancelled a purchase order for 1,000 kg of Pseudoephedrine on July 13, 2007. The loss in sales from that order totals $60,000.00. The second customer to cancel an order was Spectrum Chemicals and Laboratory Products. Spectrum cancelled a purchase order for 50 kg of Phenylpropanolamine on July 18, 2007. The loss in sales from that order totals $2,750.00. Finally, DSC Labs cancelled a purchase order for 25kg on July 19, 2007. The loss in sales from that order totals $2,000.00. *See* Exhibit 13. –

Affidavit of Robert Kahen. *See* Exhibit 12. - E-mail from Time-Cap to Dastech's Vice-President, Robert Kahen, dated July 13, 2007.

### COUNT I – Declaratory Judgment and Injunctive Relief

43.     Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 42 above, as if set out here at length.

44.     Plaintiffs seek declaratory relief and request the Court to declare that the DEA must give full force and effect to Plaintiffs' Drug Enforcement Agency ("DEA") Registrations, Nos. 001277DRX (Dastech International, Inc.) and 00128DNY (Dastech Industries), and enjoining the DEA from recognizing the "voluntary surrender" forms executed by Neil Villacari on June 5, 2007.

### COUNT II – Declaratory Judgment and Injunctive Relief

45.     Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 44 above, as if set out here at length.

46.     Plaintiffs seek declaratory relief and request the Court to declare that the DEA must return the property unlawfully seized from Dastech on June 21, 2007.

### COUNT III – Declaratory Judgment and Injunctive Relief

47.     Plaintiffs incorporate herein the allegations set forth in paragraphs 1 through 46 above, as if set out here at length.

48.     Plaintiffs seek declaratory relief and request the Court to declare that the DEA is enjoined from further making false representations and other defamatory, false and harassing representations to Plaintiffs' customers and business associates.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Dastech International, Inc., demands judgment against Defendants Alberto R. Gonzales, Karen P. Tandy and the Drug Enforcement Administration as follows:

49. DECLARING that the DEA must give full force and effect to Plaintiffs' Drug Enforcement Agency ("DEA") Certificates of Registration, Nos. 001277DRX (Dastech International, Inc.) and 00128DNY (Dastech Industries), and enjoining the DEA from recognizing the "voluntary surrender" forms executed by Neil Villacari;

50. DECLARING that the conduct of the DEA, i.e., intimidating and coercing non-authorized individuals to "voluntarily surrender" Plaintiffs' DEA Certificates of Registration, violates Plaintiffs' constitutional right to due process;

51. DECLARING that the DEA must return the property unlawfully seized from Dastech on June 21, 2007;

52. DECLARING that the DEA is enjoined from further making false representations and other defamatory, false and harassing representations to Plaintiffs' customers and business associates;

53. PRELIMINARILY AND PERMANENTLY ENJOINING Defendants from undertaking any conduct contrary to the relief requested in paragraphs 49 through 52; and

54. GRANTING such other and further relief as the Court deems just and proper including an award of attorneys' fees and costs.

Dated: July 20, 2007.

                                        Respectfully submitted,

Janet Kravitz *
jkravitz@kravitzllc.com
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio 43215
Tel: 614.464.2000
Fax: 614.464.2002

Max Kravitz*
mkravitz@kravitzllc.com
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio 43215
Tel: 614.464.2000
Fax: 614.464.2002

Amy E. Richardson, DC Bar # 472284
Harris, Wiltshire & Grannis
1200 18th Street, NW
Washington, DC 20010
Tel: 202-730-1300
Fax: 202-730-1301

Attorneys for Plaintiff
Dastech International, Inc.

* Pro hac vice motions for appearance pending.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

DASTECH INTERNATIONAL, INC. and DASTECH INDUSTRIES, LTD.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

ALBERTO GONZALES, KAREN P. TANDY and DRUG ENFORCEMENT ADMINISTRATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Max Kravitz
Janet Kravitz
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio 43215
(614)464-2000

Amy E. Richardson
Harris, Wiltshire & Grannis, LLP
1200 18th Street, N.W.
Suite 1200
Washington, D.C. 20036
(202)730-1300

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
[X] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment* *Discrimination* | ○ I. *FOIA/PRIVACY* *ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. 801 et seq. Plaintiffs are seeking a preliminary injunction against the Drug Enforcement Administration.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 20, 2007   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.