**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
DASTECH INTERNATIONAL, INC., et al,    )
                                                      )
                    Plaintiffs,                       )
                                                      )
          v.                                          )          CIV. NO._____
                                                      )
ALBERTO GONZALES, et al.,              )
                                                      )
                                                      )
                    Defendants.                       )
_____)

**ERRATA TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MOTION
FOR TEMPORARY RESTRAINING ORDER**

          Plaintiffs Dastech International, Inc. and Dastech Industries, Ltd. notify the Court

and all parties that the Memorandum of Points and Authorities in Support of Plaintiffs'

Motion for Temporary Restraining Order and the exhibits to the Memorandum of Points

and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction and Motion

for Temporary Restraining Order were inadvertently omitted from Plaintiffs' electronic

filing.  The Memorandum and the supporting exhibits are attached.  All named

defendants were served with correct copies of the materials by certified mail.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                  )

DASTECH INTERNATIONAL, INC., et al,   )
                                  )

            Plaintiffs,           )

                                  )

          v.                   )     CIV. NO._____

                                  )

ALBERTO GONZALES, et al.,         )

                                  )

            Defendants.     )
_____)

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

## PRELIMINARY STATEMENT

Plaintiff Dastech International Inc., ("Dastech") is a domestic business corporation organized and registered pursuant to the laws of the State of New York.  Dastech's principal place of business is located at 10 Cutter Mill Road, Suite 400, Great Neck, New York 11021. Dastech was incorporated on July 1, 1980 and has been in business continually since that date.

Plaintiff Dastech Industries, Ltd. ("DIL") is a domestic business corporation organized and registered pursuant to the laws of the State of New York.  DIL's principal place of business is 10 Cutter Mill Road, Suite 400, Great Neck, New York, 11021.  DIL was incorporated on August 4, 1995.

Dastech imports industrial chemicals, pharmaceutical products and other varied products. Pursuant to 21 U.S.C. § 957 (a), Dastech is a registered importer of List 1 chemicals; specifically, Pseudoephedrine, Ephedrine, Phenylpropanolamine and Red Phosphorous.  Dastech is registered by the United States Drug Enforcement Administration ("DEA") to import these List 1 chemicals into the United States.  It possesses several registrations.  Each registration is linked to the public warehouse that physically warehouses the imported product.

DIL is a distributor of products, including List 1 chemicals and is registered by the DEA to distribute such products.

On approximately June 5, 2007  the DEA coerced Neil Villacari, the owner of the Hawks Express warehouse where some of Dastech's imported List 1 chemicals were located, to sign a DEA Form – 104(c), Voluntary Surrender of List 1 Chemical Privileges" in connection with the DEA registrations for both Dastech and DIL.  The DEA also seized the registration certificates

that were in the possession of Hawks Express. Mr. Villicari admittedly had no authority to sign

the forms on behalf of Dastech or DIL.

On June 21, 2007, the DEA unlawfully seized Dastech's property identified as follows:

1.  10 DRUMS X 25 KG. FOR A TOTAL OF 2R5R0 KG. OF PSEUDOEPHEDRINE AND 319 DRUMS X 45 KG. FOR A TOTAL OF 14,355 KG. OF RED PHOSPHOROUS, SEIZED BY DEFENDANTS FROM HAWK'S EXPRESS, INC., 1000 FRANK E. RODGERS BLVD., S., HARRISON, NEW JERSEY  07029

2.  40 DRUMS X 25 KG. FOR A TOTAL OF 12000 KG. OF PSEUDOEPHEDRINE AND 256 DRUMS X 50 KG. FOR A TOTAL OF 1300 KG. OF PHENYLPROPANOLAMINE, SEIZED BY DEFENDANTS FROM THE U.S. CUSTOMS WAREHOUSE, 888 DOREMUS AVE., NEWARK, NJ  07114

3.  40 DRUMS x 25KGS FOR A TOTAL OF 1,000 KGS OF LIST 1 CHEMICALS SEIZED BY DEFENDANTS FROM THE U.S. CUSTOMS WAREHOUSE, 300 WESTERN AVENUE, STATEN ISLAND, NEW YORK  10303

The DEA has stated that it intends to destroy the seized property, which has a value of

approximately $235,000.00.

In order to prevent irreparable harm to Plaintiffs' businesses pending a full hearing on the

merits that might not transpire for one year or more, and to protect Plaintiffs' constitutional right

to due process, Dastech International, Inc. ("Dastech") and Dastech Industries, Ltd. ("DIL") seek

to preliminarily enjoin Alberto Gonzales, Attorney General of the United States, Karen P. Tandy,

Administrator of the Drug Enforcement Administration, and the Drug Enforcement

Administration (collectively "DEA").  The following injunctive relief is requested:

1.      The DEA shall give full force and effect to Dastech's  DEA Registration, No.

001277DRX and DIL's DEA Registration No. 00128DNY;

2.      The DEA Form 104(c) - "Voluntary Surrender of List 1 Chemical Privileges"

purporting to surrender the DEA Registrations of Dastech and DII , executed by Neil

Villacari on June 5, 2007 be rendered null and void;

3.      The DEA shall be restrained from destroying the seized property; and

4.      The DEA shall be ordered to return the seized property to Plaintiffs forthwith.

There are two primary components of this motion for a preliminary injunction.

**First**, the DEA intimidated, pressured and coerced Mr. Neil Villacari into signing a "Voluntary Surrender Form" for Dastech's DEA Registration 001277DRX. The DEA also intimidated, pressured and coerced Mr. Neil Villacari into signing a "Voluntary Surrender Form" for DIL's DEA Registration 00128DNY.

Presumably, the reason that the DEA desired "voluntary surrenders" of Plaintiffs' registrations is that without the "voluntary surrenders," the DEA would have to abide by extensive, detailed statutes and regulations in order to suspend or revoke its registrations. *See* 21 U.S.C. § 958(d); 21 C.F.R. §§ 1309.43-55. By obtaining "voluntary surrenders," the DEA need not afford registrants due process at all because there are no longer registrations to suspend or revoke. Even if Mr. Villacari could be considered a person with sufficient authorization to surrender Plaintiffs' registrations (which he is not), the surrenders effected by the DEA were clearly involuntary and thereby ineffective and void.

**Secondly**, Plaintiffs request this Court to restrain Defendants from seizing, keeping, destroying or otherwise preventing Plaintiffs from possessing and selling the property set forth above and further to order the Defendants to forthwith return said property to Plaintiffs. As set forth in more detail below, the aforementioned products were lawfully imported in compliance with all DEA regulations, were stored in a lawful manner and were imported pursuant to purchase orders executed by Plaintiffs' long-standing customers. Dastech has already been severely harmed by the unlawful taking of its property. Not only does the seizure represent a loss of sales of approximately $235,000.00, but three of Dastech's customers have already

4

cancelled orders for products as a direct result of the DEA's actions. Those orders total approximately $65,000.00. The harm to Dastech's reputation cannot be underestimated. Even if the DEA's conduct in seizing Dastech's registrations and products is ultimately found to be unlawful or improper and Dastech's property is returned, its customers may not return because of the DEA's dissemination of defamatory and harmful statements about Plaintiffs.

## STATEMENT OF FACTS

### I. Regulatory Overview

The Controlled Substances Act ("CSA") was enacted as Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The CSA forms the basis for federal government regulation of the manufacture, importation, possession, and distribution of certain drugs and List 1 chemicals. Dastech imports List 1 chemicals. Dastech does not import controlled substances.

Under the CSA, 21 U.S.C. § 957(a) requires importers of List 1 chemicals to have a current registration issued by the Attorney General unless such person is exempt from registration. 21 U.S.C. § 957(b) exempts various persons or entities from registration and permits their possession of List 1 chemicals without registration.[1]

---

[1] 21 U.S.C. § 957(b)(1) The following persons shall not be required to register under the provision of this section and may lawfully possess a controlled substance or list I chemical:

    (A) An agent or an employee of any importer or exporter registered under section 958 of this title if such agent or employee is acting in the usual course of his business or employment.

    (B) A common or contract carrier or warehouseman, or an employee thereof, whose possession of any controlled substance or list I chemical is in the usual course of his business or employment.

    (C) An ultimate user who possesses such substance for a purpose specified in section 802(25) of this title and in conformity with an exemption granted under section 956(aw) of this title.

(2) The Attorney General may, by regulation, waive the requirement for registration of certain importers and exporters if he finds it consistent with the public health and safety; and may

21 U.S.C. § 958(c)(2)(A) states that the Attorney General "shall register" an applicant to import or export a List 1 chemical unless the Attorney General determines that registration of the applicant is inconsistent with the public interest.  Once a registration is issued, 21 U.S.C. § 958(d)(2) permits the Attorney General to revoke or suspend a registration under subsection (c) if he determines that such registration is inconsistent with the public interest.[2]  Before taking action to revoke or suspend a registration, the Attorney General must serve upon the registrant an order to show cause why the registration should not be revoked or suspended.   The order to show cause must contain a statement of the basis and direct the registrant "to appear before the Attorney General at a time and place stated in the order, but in no event less than thirty days after the date of receipt of the order.  21 U.S.C. § 958(d)(4).  The CSA requires that the factors set forth in 21 U.S.C. § 823(h) be considered in determining the public interest.

In this case, no administrative proceedings have been initiated to revoke or suspend any of the registrations of Dastech.  Of course, this is because the DEA coerced a non-authorized person to "voluntary surrender" Dastech's constitutionally-protected property interest in its registrations, thereby circumventing the process that Congress has declared is due before a registration can be suspended or revoked.

In addition to equitable relief, the Administrative Procedure Act ("APA") states "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . [is] entitled to judicial review thereof."  5 U.S.C. § 702.  To determine whether agency action is arbitrary or capricious, the court must consider whether: the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of

---

authorize any such importer or exporter to possess controlled substances and list I chemicals for purposes of importation and exportation.
[2] In determining the public interest, the factors enumerated in paragraphs 1-6 of 21 U.S.C. § 823(a) must be considered.

the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Motor Vehicles Mfgrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983).

Generally, the disputed agency action must be "final agency action." 5 U.S.C. § 704. This requirement, however, may be avoided when review is sought pursuant to specific authorization in the substantive statute. The plain language of the CSA states that a registrant subject to immediate suspension of registration may seek judicial review by a district court before final agency action. Thus, this court has the authority to review the agency action although it is not final agency action. 21 U.S.C. § 924(d); *Neil Laboratories, Inc. v. Ashcroft*, 217 F. Supp. 2d 80, 85 (D.D.C. 2002); *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 823-24 (5th Cir. 1976).

In addition to the Constitutional requisites that demand that an injunction issue in this case, 21 U.S.C. § 958(d)(5) provides that a court of competent jurisdiction may dissolve any suspension that might be instituted by the Attorney General against any registrant.

## II.     Factual Overview

1.     Dastech imports industrial chemicals, pharmaceutical products and other varied products. It has been conducting this business since its inception as a New York corporation in August of 1980. Dastech has been a law abiding member of the business community for 27 years. Dastech is a member of the Long Island Import Export Association, Inc.[3] and its import

---

[3] Since 1982, the Long Island Import Export Association, Inc. has offered seminars covering a range of subjects focusing on key global issues. The goal is to help manufacturers, importers, business owners and "start-up" companies expand their knowledge in the field of international trade. Seminars are presented by accomplished and recognized professionals who offer their insight about the business environment today and their personal views of the future. Speakers

manager, Luz Cazeneuve, has been an Association board member for several years and regularly

attends it monthly meetings.  Ms. Cazeneuve also attends conferences relating to the importation

business.  Recent (2006) conferences of note attended by Ms. Cazeneuve include: a DEA

Chemical Industry Conference in Louisville, Kentucky and a FDA Import Seminar in Jamaica,

New York.  Ms. Cazeneuve also attends meetings of the JFK Airport Customs Brokers

Association.  In addition, every two years, Ms. Cazeneuve attends a three day training course

offered by the International Vessel Operators Hazardous Materials Association, Inc. in

connection with The International Maritime Dangerous Goods (IMDG) Code.  See Exhibit 1. -

Affidavit of Luz Caseneuve.

       2.      Pursuant to 21 U.S.C. § 957(a), Dastech is a DEA-registered importer of List 1

chemicals, specifically, Pseudoephedrine, Ephedrine, Phenylpropanolamine and Red

Phosphorous.  Dastech is registered by the United States Drug Enforcement Administration

("DEA") to import List 1 chemicals into the United States.  It possesses several registrations.

Each registration is linked to the public warehouse that physically warehouses the imported

product.  They are:

      a.      DEA Registration No. 001277DRX – Chemical Importer
            Dastech International Inc., c/o Hawks Express, Inc.
            1000 Frank E. Rogers Blvd.
            Harrison, New Jersey 07029
            *See* Exhibit 2. – Dastech DEA Registration Certificate No. 001277DRX

      b.      DEA Registration No. 005453DRX – Chemical Importer
            Dastech International, Inc.
            c/o Chicago Land Quad Cities
            7715 South 78th Ave.
            Bridgeview, IL  60455

---

are highly experienced in the fields of finance, sales, marketing, product development, legal
issues, U.S. Customs and all others relevant to conducting business in today's dynamic
environment.

*See* Exhibit 3. – Dastech DEA Registration Certificate No. 005453DRX

    c.      DEA Registration No. 005452DRZ
              Dastech International, Inc.
              c/o Chicago Land Quad Cities
              77115 South 78th Ave.
              Bridgeview, IL 60455
              *See* Exhibit 4. - Dastech Registration Certificate No. 005452DRZ

    d.      DEA Registration No.005799DRX
              Dastech International, Inc.
              c/o Coty Warehouse
              600 Richmond Terrace
              Staten Island, NY  10301
              *See* Exhibit 5. - Dastech Registration Certificate No. 005799DRX

3.      DIL possessed one DEA registration as a chemical distributor.  That registration was in the name "Dastech Industries, Ltd., c/o Hawks Express Inc., 1000 Frank E. Rogers Blvd., Harrison, NJ  07029"  Registration number 001285DNY was assigned to DIL.  *See* Exhibit 6. - Dastech Registration Certificate No. 001285DNY.

4.      On April 4, 2002, Dastech provided notice to the DEA of its intent to "centrally locate" its records relating to regulated transactions and that those records would be located and maintained at its principal place of business located at 10 Cutter Mill Rd., Suite 400, Great Neck, NY 11021.  The notice was submitted pursuant to 21 CFR § 1310.04(c).  *See* Exhibit 7. - Correspondence from Dastech to DEA, dated April 4, 2002.

5.      Approximately 15-20 years ago, Dastech began doing business with Hawks Express Inc. ("Hawks Express"), a New Jersey corporation, to warehouse its imports. Hawks Express Inc. is not a subsidiary or a related entity of Dastech.  The sole shareholder of Hawks Express is an individual named Neil Villacari.  Hawks Express has been warehousing Dastech's List 1 chemicals for the past five to six years.  In all of the years that Hawks Express has provided services for Dastech, there has never been a loss, shortage or damage to the List 1

chemicals imported by Dastech.    Furthermore, Mr. Villacari has stated in his Affidavit that he

has never known Dastech or its employees to act in an unlawful, fraudulent or questionable

manner and that he has a high respect for the business integrity of Dastech and its employees.

*See* Exhibit 8. - Affidavit of Neil Villacari; *See* Exhibit <u>13</u>. – Affidavit of Robert Kahen.

6.    On or about June 5, 2007, DEA Diversion Group Supervisor Richard Tilney

("Tilney") and Diversion Investigator William Salera came to Hawks Express to speak to Neil

Villacari.  The investigators showed him their badges and stated that they were at Hawks Express

to seize and destroy the Pseudoephedrine in the warehouse that was imported by Dastech.  The

investigators informed Mr. Villacari, the owner of the Hawks Express Inc. warehouse, that he

was illegally storing List 1 chemicals.  He was told that the illegality dealt with improper

recordkeeping and that there were mistakes in the importation records.  The investigators told

Mr. Villacari that as a result of the alleged problems in the records, Mr. Villacari could be

criminally charged, convicted and subject to a 25-30 year prison term.  *See* Exhibit <u>8</u>. - Affidavit

of  Neil Villacari.

7.    At that same meeting on June 5, 2007, the investigators told Mr. Villacari that he

had to sign two forms titled "Voluntary Surrender of List 1 Chemical Privileges,"  which

purports to terminate Dastech's and DIL's DEA registrations to import and distribute  List 1

chemicals.  Investigator Tilney repeatedly insisted that Mr. Villacari sign the forms.  Despite his

lack of authority to sign the Voluntary Surrender forms on behalf of Dastech and DIL, Mr.

Vallacari signed the forms as a result of Tilney's accusations and threats.  *See* Exhibit 8. -

Affidavit of Neil Villacari.

8.    At the same meeting on June 5, 2007, Tilney seized all of Hawks Express'

paperwork relating to Dastech's transactions for 2007, a printout of an inventory of Dastech's

List 1 chemicals from January 2006 to June 5, 2007 and the DEA Certificates of Registration for

Dastech and DIL. *See* Exhibit 8 - Affidavit of Neil Villacari.

9.     On June 5, 2007, Dastech had 10 drums of Pseudoephedrine and 319 drums of

Red Phosphorous warehoused at Hawks Express.  Tilney told Mr. Vallacari that those List 1

chemicals could not be removed from the warehouse and that they were subject to seizure and

destruction.  *See* Exhibit 8 - Affidavit of Neil Villacari.

10.     On June 21, 2007, DEA agents and other law enforcement personnel arrived at

Hawks Express warehouse and seized all of the Pseudoephedrine at the warehouse.  They did not

seize the Red Phosphorous but indicated that they would come back at a later date to seize the

Red Phosphorous and that it would be destroyed.  Mr. Vallacari was later contacted by a U.S.

Marshall who asked him if he knew of any entity that could destroy the Red Phosphorous.  Mr.

Vallacari informed him that he did not know of any such entity.  *See* Exhibit 8. - Affidavit of

Neil Villacari.

11.     Also on or about June 21, 2007, the DEA conducted seizures of Dastech's

property, consisting of 40 drums of Pseudoephedrine and 26 drums of Phenylpropanolamine

located at a United States Customs warehouse at 888 Doremus Ave., Newark, NJ 07114 and 40

drums of a List 1 chemical located at a United States Customs warehouse at 300 Western

Avenue, Staten Island, New York 10303.

12.     On June 22, 2007, in response to a request by the undersigned counsel for a copy

of the seizure warrant in connection with the June 21, 2007 seizures of Dastech's property,

Tilney provided counsel with three documents titled "Application and Affidavit for Seizure

Warrant" but not seizure warrants.  Furthermore, the affidavits in support were not attached.  The

applications were based on the affiants belief that the property seized consisted of "property

imported, exported, distributed, possessed, or otherwise in violation of Title 21 United States

Code, Section 801, *et seq.* and is subject to forfeiture pursuant to 21 United States Code, Section

881(a)(9)." *See* Exhibit 9. - Application for Seizure Warrant for Hawks Enterprise; *See* Exhibit

10. - Application for Seizure Warrant for 888 Doremus Ave., Newark, NJ; *See* Exhibit 11. -

Application for Seizure Warrant for 300 Western Avenue, Staten Island, NY.

      13.     All of the property seized by the DEA on or about June 21, 2007, was lawfully

imported and possessed by Dastech.  The seizures were unlawful, a restraint of trade and harmful

to the reputation and business of Dastech.   The loss in Dastech sales as a result of the seizures is

approximately $235,430.00.  *See* Exhibit 12. - Affidavit of Robert Kahen.

      14.     **The 40 drums of Pseudoephedrine seized from the U.S. Customs warehouse**

**at 300 Western Avenue, Staten Island, New York 10303** were lawfully imported.  Dastech

imported the product for its customer Hi-Tech Pharmacal Co., Inc., pursuant to purchase order

0041429, dated February 13, 2007.  *See* Exhibit 13. - Hi-Tech Pharmacal Co., Inc.  A DEA 486 –

"Import Export Declaration" was completed by Dastech and submitted to the DEA on February

14, 2007.  *See* Exhibit 14.- Hi-Tech Pharmacal  486.  The DEA issued a DEA Control Number

5046178 for the transaction.  The 486 submitted in connection with this import contained an

inadvertent error.  The 486 submitted was a prior version of the form (version Jun 1989).  In box

1b, the Customs' broker was identified as J.W. Hampton, Jr.;  in fact, J.M. Rodgers Co., Inc. was

retained as the Customs' broker for the transaction.  This error is of no significance; Form 486

was revised in September of 2006 and the identity of the broker is no longer an element of the

revised Form 486.  The new form must be used effective June 8, 2007. *See* Exhibit 15. - Revised

Form 486 and Exhibit 16. - Instructions for Completing Revised Form 486.

15.     **The product seized from the U.S. Customs warehouse, 888 Doremus Avenue, Newark, NJ 07114** (aka "Salson Container Freight Services") was lawfully imported.  The 40 drums of Pseudoephedrine and 26 drums of Phenylpropanolamine identified as subject to seizure in the Application for Seizure Warrant,  were imported for four separate customers:

    a.  Time-Cap Labs, ordered 40 drums of Pseudoephedrine pursuant to purchase order PO16982, dated March 8, 2007.  *See* Exhibit 17. - Time-Cap Purchase Order.  A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on March 9, 2007. *See* Exhibit 18. - Time-Cap 486. The DEA issued a DEA Control Number 5046883 for the transaction.

    b.  Contract Pharmakal ordered 5 drums of Phenylpropanolamine pursuant to purchase order 104015, dated April 10, 2007.  *See* Exhibit 19. - Contract Purchase Order.  A DEA Form 486 - "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 12, 2007.  *See* Exhibit 20. - Contract 486.  The DEA issued a DEA Control Number 5047779 for the transaction.

    c.  Gemini Pharmaceuticals, Inc. ordered 1 drums of Phenylpropanolamine pursuant to purchase order 113431, dated April 11, 2007.  *See* Exhibit 21.- Gemini Purchase Order.  A DEA Form 486 – "Import Export Declaration" was completed by Dastech and submitted to the DEA on April 12, 2007.  *See* Exhibit 22. - Gemini 486.  The DEA issued a DEA Control Number 5047779 for the transaction.

    d.  Andapharm ordered 20 drums of Phenylpropanolamine pursuant to purchase order 200483, dated March 20, 2007.  *See* Exhibit 23. - Andapharm Purchase Order.  A DEA Form 486 – "Import Export Declaration" was completed by

Dastech and submitted to the DEA on April 10, 2007.  *See* Exhibit 24.-

Andapharm 486. The DEA issued a DEA Control Number 5047654 for this

transaction.

16.    In regard to the transactions described in the foregoing subparagraphs a-d, the

486's contained an inadvertent error.  The 486s submitted were a prior version of the form

(version Jun 1989).  In box 1b, the Customs' broker was identified as J.W. Hampton, Jr.;  in fact,

J.M. Rodgers Co., Inc. was retained as the Customs' broker for the transaction.   This error is of

no significance; Form 486 was revised in September of 2006 and the identity of the broker is no

longer an element of the revised Form 486.

17.    **The 319 drums of Red Phosphorous seized from Hawks Express** were

lawfully imported.  Dastech imported the product for its customer RSR Quemetco/Revere

Smelting & Refining, pursuant to purchase order 69108-043, dated March 21, 2007.   *See* Exhibit

25. - RSR Purchase Order. A DEA Form 486 – "Import Export Declaration" was completed by

Dastech and submitted to the DEA on April 2, 2007.  *See* Exhibit 26. - RSR 486.  The DEA

issued a Letter of No Objection ("LONO") on April 20, 2007 and issued DEA Control Number

5047483 for the transaction.  *See* Exhibit 27. - RSR LONO.  The 486 was subsequently amended

and the transaction was given DEA Control Number 5049366.  *See* Exhibit 28. - RSR Amended

486.

18.    **The 10 drums of Pseudoephedrine seized from Hawks Express** were lawfully

imported.  These drums relate to three transactions:

   a.    Pharmakon Labs. Inc. ordered 10 drums of Pseudoephedrine pursuant to

         purchase order HH110306, dated November 3, 2006.  *See* Exhibit 29.

         Pharmakon Purchase Order.   A DEA Form 486 – "Import Export

Declaration" was completed by Dastech and submitted to the DEA on November 13, 2006. *See* Exhibit 30. - Pharmakon 486. The DEA issued a DEA Control Number 5043679 for the transaction. On approximately April 2, 2007, 2 drums were shipped by Dastech to Pharmakon Labs. *See* Exhibit 31. - Pharmakon Delivery Order. Eight drums of Pseudoephedrine ordered by Pharmakon were seized.

b. The remaining 2 drums making up the 10 drums of Pseudoephedrine seized from Hawks Enterprise constitute a return of product from Sage Pharmaceutical. *See* Exhibit 32. - Sage Return Authorization.

19. As a direct result of the seizure of Dastech's property, three of Dastech's customers have already cancelled purchase orders previously placed with Dastech. The first to cancel an order was Time-Cap, Labs, Inc. Time-Cap cancelled a purchase order for 1,000 kg of Pseudoephedrine on July 13, 2007. The loss in sales from that order totals $60,000.00. The second customer to cancel an order was Spectrum Chemicals and Laboratory Products. Spectrum cancelled a purchase order for 50 kg of Phenylpropanolamine on July 18, 2007. The loss in sales from that order totals $2,750.00. Finally, DSC Labs cancelled a purchase order for 25kg on July 19, 2007. The loss in sales from that order totals $2,000.00. *See* Exhibit 13. – Affidavit of Robert Kahen.; *See* Exhibit 12. - E-mail from Time-Cap to Dastech's Vice-President, Robert Kahen, dated July 13, 2007.

## LEGAL BACKGROUND

### I. Preliminary Injunction

A preliminary injunction is available in this Circuit when the Plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will result in the

absence of the requested relief; (3) that no other parties will be harmed if temporary relief is granted; and (4) that the public interest favors a preliminary injunction. *Nat'l Treasury Employees Union v. United States,* 927 F.2d 1253, 1243 (D.C. Cir. 1991); *Sea Containers, Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989); *Wash. Metro. Area Transit Comm'n v. Holiday Tours,* 559 F.2d 841, 943 (D.C.Cir. 1977); *Va. Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir. 1958). A Plaintiff is not required to prevail under each of these factors; rather, "the factors must be viewed as a continuum, with more of one factor compensating for less of another." *Bracco Diagnostics, Inc. v. Shalala*, 963 F. Supp. 20, 27 (D.D.C. 1997). Indeed, "[a] stay may be granted with either a high probability of success and some injury, or *vice versa. Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F. 2d 972, 974 (D.C.Cir. 1985). In this case, however, each factor strongly favors the award of injunctive relief. *See also, Norman Bridge Drug Company v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

## II. Due Process

The Fifth Amendment to the Constitution of the United States provides that no person may be deprived of life, liberty, or property without due process of law. The "fundamental requirement" of due process is the "opportunity to be heard at a meaningful time and in a meaningful manner." *Beverly Enterprises, Inc. v. Herman*, 130 F. Supp. 2d 1, 17 (D.D.C. 2000)(citing *Mathews v. Eldridge*, 424 U.S. 219, 333 (1976). To establish an actionable due process claim, the plaintiff must show that "(1) it has a protected interest, (2) the government deprived it of this interest, and (3) the deprivation occurred without proper procedural protections." *PDK Labs Inc. v. Reno,* 134 F. Supp. 2d 24, 32 (D.C. Cir. 2001). *See also, Beverly Enterprises,* 130 F. Supp. 2d at 17 (citing *Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991); *Soeken v. Herman,* 35 F. Supp. 2d 99, 104-105 (D.D.C. 1999)). In determining

how much protection is warranted, the court balances the following three factors: (1) the plaintiff's protected interest that will be affected by the government's action; (2) the risk of erroneous deprivation of the plaintiff's protected interest under the disputed procedures; and (3) the government's interest. *Gilbert v. Homar,* 520 U.S. 924, 931-932 (1997)(quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)); *Beverly Enterprises,* 130 F. Supp. 2d at 17 (citing *Kropat v. FAA*, 162 F.3d 129, 132-33 (D.C. Cir. 1998)).

    In this case, the DEA has in its possession two "voluntary surrender" forms that were executed by a non-authorized person and has stated its intent to destroy Dastech's property based on these forms. It is also likely that the seizure warrants that were used to seize Plaintiff's property on June 21, 2007 were based on these coerced and improper surrenders. This court has acknowledged that even the temporary suspension of a constitutionally protected interest amounts to a serious deprivation when the suspension (surrender) is permitted by statute to remain in effect until the underlying matter is finally disposed of or terminated, *see Feinberg v. FDIC,* 420 F. Supp. 109 (D.D.C. 1976), and several other courts have found the duration of any potentially wrongful deprivation of a property interest an important factor in assessing the impact of government action on a private interest. Those courts have upheld the constitutionality of temporary suspensions without a hearing when the relevant statutes or procedures provided for a "prompt" post-suspension hearing. *See Gilbert v. Homar,* 520 U.S. 924, 935 (1991); *Cf., Cleveland Bd. Of Educ. v. Loudermill,* 470 U.S. 532, 547 (1985). The failure of a statute to specify any time period for a post-suspension hearing has been found to be particularly problematic and constitutionally infirm under the due process clause. *Barry v. Barichi,* 443 U.S. 55, 66 (1979); *see also, Feinberg v. FDIC,* 420 F. Supp. 109 (D.D.C. 1976). In this case, based upon the so-called "voluntary surrenders" of Plaintiff's DEA registrations, the DEA does not

have to provide *any* process at all to Plaintiffs in order to interfere with Plaintiffs' constitutionally protected interests.

## ARGUMENT

The DEA investigators' intimidation and coercion in order to affect the "voluntary surrender" of Plaintiffs' DEA registrations and the subsequent seizure of their property constitutes egregious behavior that totally violates Plaintiffs' due process rights.

### A.    Plaintiffs Are Substantially Likely to Succeed on the Merits

Plaintiffs are likely to succeed on the merits of their due process and statutory claims. Plaintiffs have been denied "the fundamental requirement of due process," which is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Beverly Enterprises, Inc. v. Herman,* 130 F. Supp. 2d 1, 17 (D.D.C. 2000) (citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)). No pre-suspension hearing was provided (due to DEA intimidation resulting in a non-authorized person "surrendering" Plaintiffs' DEA registrations). No post-surrender process is required. The DEA has seized Plaintiffs' property, interfered with its business relations with its customers, and prevented Plaintiffs from doing business in the future, thereby subjecting Plaintiffs to the potential of multiple lawsuits from its customers and otherwise making a mockery of Plaintiffs' due process rights. This scenario cannot be countenanced by the laws and Constitution of this country.

Plaintiffs have constitutionally protected life, liberty and property interests and the procedures employed by the government deprived Plaintiffs of those interests without constitutionally adequate procedures. *Beverly Enterprises,* 130 F. Supp. 2d at 17 (citing *Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991); *Soeken v. Herman*, 35 F. Supp. 2d 99, 104-105 (D.D.C. 1999)).

18

First, Plaintiffs have a protected property interest in their DEA Certificates of Registration.  *See Harline v. DEA*, 148 F. 3d 1199, 1204 (10th Cir. 1998) (noting that the DEA did not dispute that a licensed physician has a property interest in his DEA registration to prescribe controlled substances and a liberty interest in practicing medicine); *Ritter v. Cohen,* 797 F.2d 119, 122 (3rd Cir. 1986) (property interest in continued participation in state Medicaid program).  Once a property interest has been created, that interest may subsequently be eliminated, but only pursuant to constitutionally adequate procedures.  *See Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532 (1985).

The DEA granted Plaintiffs their registrations.  Those registrations are of utmost importance to Plaintiffs' businesses because the importation and distribution of List 1 chemicals affects a significant percentage of Plaintiffs' business.  Dastech cannot import List 1 chemicals without possessing valid DEA registrations.  Plaintiffs may not be deprived of their property interests in their Certificates of Registration without due process.

Plaintiffs also have a "liberty interest in avoiding the damage to . . . [their] reputation and business[es] caused by a stigmatizing suspension."  *PDK Labs Inc. v. Reno*, 134 F. Supp. 2d 24, 33 (D.D.C. 2001) (quoting *Reeve Aleutian Airways, Inc. v. United States,* 982 F.2d 594, 598 (D.C.Cir. 1993); *see also Harline v. DEA,* 148 F.3d 1199, 1204 (10th Cir. 1998).  The harm to Dastech's reputation as a result of the unlawful seizures and spurious remarks made by DEA Inspector Tilney to third parties is profound, immeasurable at the present time and hopefully, not insurmountable provided immediate relief from this court.

Second, there is no doubt that the DEA has deprived and otherwise infringed Plaintiffs of their property interests by coercing non-authorized individuals to "surrender" their DEA Registrations and by seizing Dastech's property without service on Dastech of Seizure Warrants

and by relying on illegal "surrenders."  The DEA, in other words, may not defend against a due process claim by arguing that the Plaintiff now lacks a protectable property interest by virtue of the very action that Plaintiffs have challenged.  *See, e.g., Bennett v. Tucker*, 827 F.2d 63 (7th Cir. 1987) ("a state may not deprive an individual of his or her property interest without due process, and then defend against a due process claim by asserting that the individual no longer has a property interest.").  Any other rule "would allow the State to destroy at will virtually any government-created property interest."  *Vitek v. Jones*, 445 U.S. 480 (1980).  Once the government has created a property interest, the adequacy of the procedures employed to deprive Plaintiffs of that interest must be judged in constitutional terms. *Vitek*, 445 U.S. at 490-91.

Finally, Plaintiffs will demonstrate that the deprivation of their property rights occurred without the proper procedural safeguards or protections.  Due process clearly requires a prompt post-suspension adjudication in cases where there has not been a pre-suspension hearing.  Based on the DEA's actions in this case, there will be no such hearing.

The CSA has extensive, detailed statutes and regulations to insure that its registrants are treated fairly and afforded due process.  The DEA's actions in practice, at least in this case, undermine Congressional intent and are unconstitutional.  Rather than serving Plaintiffs with a show cause order and commencing either a pre or post-suspension hearing, the DEA chose to intimidate a non-authorized individual to "surrender" registrations so that no process need be afforded at all.

### B.    Plaintiffs Will Suffer Irreparable Harm Without Injunctive Relief

The "surrender" of Plaintiffs' registrations threatens the very existence of Plaintiffs' businesses.  The "surrenders" prohibit Plaintiffs from importing or selling List 1 chemicals to anyone and misleadingly informs Plaintiffs long-standing customers that Plaintiffs must have

violated the CSA – without Plaintiffs ever being able to receive notice or contest whatever the DEA objects to. The purchase orders from Plaintiffs' customers total $235,000. As a direct result of the seizure of Dastech's property, three of Dastech's customers have already cancelled purchase orders previously placed with Dastech. The first to cancel an order was Time-Cap, Labs, Inc. Time-Cap cancelled a purchase order for 1,000 kg of Pseudoephedrine on July 13, 2007. The loss in sales from that order totals $60,000.00. The second customer to cancel an order was Spectrum Chemicals and Laboratory Products. Spectrum cancelled a purchase order for 50 kg of Phenylpropanolamine on July 18, 2007. The loss in sales from that order totals $2,750.00. Finally, DSC Labs cancelled a purchase order for 25kg on July 19, 2007. The loss in sales from that order totals $2,000.00.

Moreover, Plaintiffs may be irreparably harmed by these losses because the government is immune from certain damage suits. *See Woerner,* 739 F. Supp. At 650; *Wisconsin v. Stockbridge-Munsee Cmty.,* 67 F. Supp. 2d 990, 1019-20 (E.D. Wis. 1999); *Glendale Neighborhood Ass'n v. Greensboro Housing Auth.,* 901 F. Supp. 996, 1002 (M.D.N.C. 1995). Plaintiffs have suffered, and will continue to suffer, monetary loss on account of the DEA's actions, which they may never be compensated for. The repercussions of the "voluntary suspensions" are severe and should not be treated lightly.

Plaintiffs have also suffered grave harm to their reputations on account of the stigma associated with the unlawful seizures and dissemination of misleading and defamatory information to its customers and business associates.

Finally, the deprivation of a constitutional right "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

**C.      There Is No Cognizable Harm to Others**

The purported "voluntary surrenders" not only harmed Plaintiffs but they also harmed

Plaintiffs customers who were depending on the receipt of the seized List 1 chemicals for their

business and manufacturing schedules. On the other hand, DEA will suffer no cognizable harm

as a result of an injunction.  Therefore, there is no harm to the public from the issuance of the

requested injunction.

**D.      The Public Interest Strongly Favors Granting Injunctive Relief**

As a general matter, "there is a strong public interest in meticulous compliance with law

by public officials." *Fund for Animals v. Espy*, 814 F. Supp. 142, 152 (D.D.C. 1993).  Whereas

the DEA presumably will claim that there is a strong public interest in obtaining "voluntary

surrenders," thereby enabling it to efficiently achieve its objectives without the inconvenience of

the statutory and regulatory process, the overriding public interest is served by requiring an

agency to act lawfully.  Other government agencies and persons who are subject to the CSA and

applicable DEA regulations will benefit if the DEA is required to conduct its business in a fair

and unbiased manner in accordance with the Constitution. *See Woerner*, 739 F. Supp. At 650.

Injunctions also serve the public interest "by preserving the Plaintiffs' right to meaningful

judicial review." *Ugine-Savoie Imphy v. United States,* 24 Ct. Int'l Trade 1246, 1252, 121 F.

Supp. 2d 684, 690 (Ct. Int'l Trade, 2000).  In this instance, Plaintiffs will be stripped of any

meaningful judicial review because there need be any if a registrant validly surrenders its

registrations and because the stigma of the *de facto* surrenders and the economic injuries to

Plaintiffs' customers will be immediately crippling to this component of Plaintiffs' business.  An

injunction will prevent the potential catastrophic loss associated with the DEA's actions in this case.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the issuance of a Preliminary Injunction in the form submitted with this Motion.

Dated:  July 20, 2007.

Respectfully submitted,

Janet Kravitz*
jkravitz@kravitzllc.com
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio  43215
Tel:  614.464.2000
Fax:  614.464.2002

Max Kravitz*
mkravitz@kravitzllc.com
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio  43215
Tel:  614.464.2000
Fax:  614.464.2002

Amy E. Richardson, DC Bar # 472284
Harris, Wiltshire & Grannis
1200 18th Street, NW
Washington, DC 20010
Tel: 202-730-1300
Fax: 202-730-1301

Attorneys for Plaintiff
Dastech International, Inc.

* Pro hac vice motions for appearance pending.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al.,    )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )    CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                Defendants.             )

## AFFIDAVIT OF LUZ CAZENEUVE

**State of New York**        :

**County of New York**       : **ss:**

The undersigned, Luz Cazeneuve, having personal knowledge of the following matters, states as follows:

1.      I am the Import Manager for Dastech International, Inc. ("Dastech"), a New York corporation. Dastech is an importer of chemicals for the pharmaceutical, industrial, and pulp and paper industries, pharmaceutical products and other varied products. I began working for Dastech in 1994 . My first position was traffic manager. I was promoted to the position of Import Manager in 1996. Prior to my employment at Dastech, I was employed by RGI an importer of household goods and rattan furniture.

2.      As Import Manager for Dastech, I am responsible for the day-to-day business of importing products from overseas. As the import manager I have the primary responsibility for all the functions related to importing goods for Dastech. These functions include contact with brokerage firms, shipping lines and freight forwarders. I identify new procedures to

1

expedite the import process, oversee classification of imported products and negotiate contracts with service providers, logistic companies, warehouses and steamship lines etc.

3.      In order to remain abreast of the laws and regulations affecting importing, I make a practice of reading industry literature, including Logistics Management, LogisticsToday and the Journal of Commerce. I also attend meetings, conferences and seminars relating to the import/export industry. Since 1996 I have been an active a member of the Long Island Import Export Association, Inc. and I have been a board member of that organization for several years. I also regularly attend its monthly meetings.

4.      In 2006, I attended a DEA Chemical Industry Conference in Louisville, Kentucky and a FDA Import Seminar in Jamaica, New York. I also attend meetings of the JFK Airport Customs Brokers Association. Furthermore, every two years I attend a three day training course offered by the International Vessel Operators Hazardous Materials Association, Inc. for training as required by The International Maritime Dangerous Goods Code.

5.      In all of the years that I have been employed by Dastech, there has never been a loss, shortage, theft or damage to any imported List 1 chemical.

6.      I have reviewed the Complaint for Declaratory Relief and the Exhibits attached to the Complaint. To the very best of my knowledge and belief, all of the factual assertions are true and correct.

        FURTHER AFFIANT SAYETH NAUGHT.

Luz Cazeneuve

        The foregoing Affidavit was sworn to and signed in my presence, this __19__ day of July, 2007.

Notary Public
DAVID E. POUR
Notary Public, State of New York
No. 02PO6016909
Qualified in the County of Nassau
Commission Expires February 25, 2011

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DASTECH INTERNATIONAL, INC., et al,    )
                                        )
        Plaintiffs,    )
                                        )
        v.    )    CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,    )
                                        )
                                        )
        Defendants.    )
                                        )

---

# Exhibit 2

Form DEA-511 (4/07)

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001277DRX | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL IMPORTER | 05-03-2007 |

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ 07029-0000

Sections 304 and 1008 (21 USC 824 and 958) of the
Controlled Substances Act of 1970, as amended,
provide that the Attorney General may revoke or
suspend a registration to manufacture, distribute,
import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY,
AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,    )
                                        )
            Plaintiffs,                 )
                                        )
        v.                              )        CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
            Defendants.                 )

Exhibit 3

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
**UNITED STATES DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**
WASHINGTON, D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 005453DRX | 06-30-2008 | Paid |

| BUSINESS ACTIVITY | | ISSUE DATE |
|---|---|---|
| L1 | CHEMICAL IMPORTER | 05-08-2007 |

DASTECH INTERNATIONAL INC,
C/O CHICAGOLAND QUAD CITIES
7718 SOUTH 78TH AVENUE
BLDG #4
BRIDGEVIEW, IL 60455

Sections 304 and 1008 of the Controlled Substan
of 1970, as amended, provide that the Attorney C
may revoke or suspend a registration to manuf
distribute, import or export a List 1 chemical.

Form DEA-511 (7/05)

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY,
AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

https://www.deadiversion.usdoj.gov/webforms/dupeCertPrintCert.do                        6/28/2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DASTECH INTERNATIONAL, INC., et al,     )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
                    Defendants.         )
_____        )

# Exhibit 4

---

## DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE
### UNITED STATES DEPARTMENT OF JUSTICE
### DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON, D.C, 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 005452DRZ | 06-30-2008 | Paid |

| BUSINESS ACTIVITY | | ISSUE DATE |
|---|---|---|
| L1 | CHEMICAL EXPORTER | 05-08-2007 |

DASTECH INTERNATIONAL INC,
C/O CHICAGOLAND QUAD-CITIES
7715 SOUTH 78TH AVENUE
BLDG #4
BRIDGEVIEW, IL 60455

Sections 304 and 1008 of the Controlled Substan
of 1970, as amended, provide that the Attorney G
may revoke or suspend a registration to manufa
distribute, import or export a List I chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

Form DEA-511 (7/05)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ ) | | |
| DASTECH INTERNATIONAL, INC., et al, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | CIV. NO._____ | |
| ) | | |
| ALBERTO GONZALES, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Exhibit 5

DASTECH INTERNATIONAL INC
C/O COTY ENTERPRISES
600 RICHMOND TERRACE
STATEN ISLAND, NY 10301-0000-000

```
|ₙ|||||ₙₙₙₙₙ||||ₙₙₙₙₙₙₙ||||||ₙₙ||||ₙₙₙₙₙ||ₙₙ||ₙₙ||ₙₙₙ|
```

---

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 005799DRX | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL IMPORTER | 05-14-2007 |

DASTECH INTERNATIONAL INC
C/O COTY ENTERPRISES
600 RICHMOND TERRACE
STATEN ISLAND, NY 10301-0000

Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,    )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )    CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
            Defendants.                 )
                                        )

# Exhibit 6

DASTECH INDUSTRIES, LTD
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000-000

|||..|..||||....||.|||.||..||.|||.|||..||..||..||..||..|||

---

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001285DNY | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL DISTRIBUTOR | 05-03-2007 |

DASTECH INDUSTRIES, LTD
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000

Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

Form DEA-511 (4/07)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DASTECH INTERNATIONAL, INC., et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. NO._____ |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Exhibit 7

# Dastech International, Inc.

*10 Cutter Mill Rd. Great Neck NY 11021*
*Tel 516-466-7676 Fax 516-466-7699*
*e-mail info@dastech.com*

April 4, 2002

Special Agent in charge
Newark Field Division
80 Mulberry St. 2nd Floor
Newark, NJ 07102

RE:  Dastech International

As required under CFR 1310.04  (c), please be advised that all records pertaining to any regulated transaction will be kept at a central location, Dastech's corporate office in New York, located at:

Dastech International, Inc.
10 Cutter Mill Rd.
Suite 400
Great Neck, NY 11021
Tel 516-466-7676
Fax 516-466-7699
Email: info@dastech.com
Contact: Luz Cazeneuve

Sincerely,

Dastech International, Inc.

Luz Cazeneuve

UNITED STATES POSTAL SERVICE

| First-Class Mail |
| Postage & Fees Paid |
| USPS |
| Permit No. G-10 |

• Sender: Please print your name, address, and ZIP+4 in this box •

MRS. LUZ CAZENUEVE
DASTECH INTERNATIONAL INC
10 CUTTER MILL RD., SUITE 400
GREAT NECK, NY 11021

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

SPECIAL AGENT IN CHARGE
NEWARK FIELD DIVISION
80 MULBERRY ST. 2ND FLOOR
NEWARK, NJ 07102

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

CERTIFIED MAIL

X

A. Received by (Printed Name) | C. Date of Delivery

B. Signature
☐ Agent
☑ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

7/11/02

3. Service Type
☐ Express Mail
☐ Certified Mail
☐ Registered
☐ Insured Mail
☐ C.O.D.
☑ Return Receipt for Merchandise

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
*(Transfer from service label)*
7001 2510 0001 1449 2841

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIV. NO._____ |
| | ) |
| ALBERTO GONZALES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit 8

IN THE UNITED STATES OF AMERICA
DISTRICT OF

DASTECH INTERNATIONAL, INC.,        :

       Plaintiff,        :

    v.        :

ALBERTO GONZALES, et al.,        :

       Defendants.        :

---

## AFFIDAVIT OF NEIL VILLACARI

State of New Jersey

County of Hudson: ss:

       The undersigned, Neil Villacari, having personal knowledge of the following matters, states as follows:

1. I am the sole shareholder of Hawks Express, Inc. ("Hawks Express"), a New Jersey corporation. Hawks Express operates a public warehouse under the same name, located at 1000 Frank E. Rogers Boulevard, Harrison, New Jersey 07029.

2. Hawks Express contracted with Dastech International Inc. ("Dastech"), an importer of products and chemicals, to provide warehousing services for Dastech. Hawks Express has provided warehousing services for Dastech for approximately 15-20 years. I have never known Dastech or its employees to act in an unlawful, fraudulent or questionable manner. I have high respect for the business integrity of Dastech and its employees.

3. Several of the chemicals imported by Dastech, specifically, Pseudoephedrine, Phenylpropanolamine and Red Phosphorous, are designated as List 1 chemicals by the DEA and subject to certain registration requirements. Dastech is registered with the DEA to import List 1 chemicals. Dastech was registered in the name "Dastech International, Inc., c/o Hawks Express, Inc. 's 1000 Frank E. Rogers Boulevard, Harrison, New Jersey 07029. Dastech Industries, Ltd was registered with the DEA to distribute List 1 chemicals. It was registered in the name "Dastech Industries, Ltd c/o Hawks Express Inc., 1000 Frank E. Rogers Blvd, Harrison, New Jersey 07029." The registration certificates were located on

1

a bulletin board in the office of Hawks Express. A copy of the importer and distributor registration certificates are attached as Exhibits 1 and 2. Hawks is not required to obtain a DEA registration nor did Hawks make application for DEA registration.

4. On approximately April 4, 2002, Dastech provided notice to the DEA of its intent to "centrally locate" its records at its office located at 10 Cutter Mill Road, Suite 400, Great Neck NY 11021-3201.

5. On or about June 5, 2007, Diversion Investigator William Salera and Diversion Group Supervisor Richard Tilney came to Hawks Express and wanted to speak with me. They showed me their badges and stated that they were at Hawks Express to seize the Pseudoephedrine in the warehouse that was imported by Dastech. I was told that Dastech's paperwork contained several mistakes; one of those mistakes being that the incorrect Customs' broker was identified on several documents; the other mistake was that certain documents identified the consignee as "Dastech International, Inc. c/o Hawks Express"; however, according to Mr. Tilney, the consignee should have been identified as Hawks Express c/o Dastech International, Inc." Mr. Tilney told me that that this was wrong and could result in me being convicted of a crime for which I could go to prison for 25-30 years.

6. Mr. Tilney was very vague as to why these alleged errors constituted a crime or why I was responsible for any mistakes that may have been made. I also did not understand how I could possibly be subject to a 25-30 year prison term. I was very shaken-up by Mr. Tilney's accusations. I asked Mr. Tilney what I was doing wrong. Mr. Tilney replied that he was at my warehouse to find out what I was doing wrong.

7. Mr. Tilney told me that I had to sign two "Voluntary Surrender of List 1 Chemical Privileges" forms, which had the effect of terminating DEA registrations to import and distribute List 1 chemicals for Hawks Express. Copies of the Voluntary Surrender forms are attached as Exhibit 2 and 3. I knew Hawks Express did not have a DEA registration but Mr. Tilney insisted that I sign the documents. I did not have the authority to sign the Voluntary Surrender forms on behalf of Dastech nor did I want to sign the forms.

8. After I signed the Voluntary Surrender forms, Mr. Tilney inspected the warehouse. After inspecting the warehouse, Mr. Tilney informed me that I had not done anything wrong. Mr. Tilney said that the warehouse was properly secured.

9. Mr. Tillney requested and took all of Hawks Express' paperwork relating to Dastech, inbound and outbound from this year. I also provided Mr. Tilney with a copy of an inventory of Dastech List 1 chemicals from January 2006 through to the present. Mr. Tilney also took my copy of Dastech's DEA importer and

distributor registration certificates.  A copy of a receipt that was provided to me by the investigators is attached as Exhibit 4.   Mr. Tilney said that someone would return copies of the documents that were taken from the warehouse.  I have not received the copies of the documents.

10.  Before the agents left on June 5, 2007, I was told by the agents that I should not permit the removal of Dastech List 1 chemicals from the warehouse because he was getting a seizure warrant.

11.  On June 21, 2007, approximately thirty agents showed up at Hawks Express.  The agents took 10 drums of Pseudoephedrine that had been imported by Dastech.  A copy of the receipt for the seized product is attached as Exhibit 6.  The Red Phosphorous remains in the warehouse although I have been told it will be picked up so that it can be destroyed.

12.  There was a film crew with the agents and they were filming the drums of Pseudoephedrine being loaded on a truck.  Despite my protests, the crew also entered Hawks Warehouse and filmed in the warehouse.

FURTHER, AFFIANT SAYETH NAUGHT.


_____
Neil Villacari


     Sworn to and subscribed before me by Neil Villacari, this _16_ day of July, 2007.

_____

My Commission Expires 7/27/09


IRENE MANDEL
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JULY 26, 2009

3

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001277DRX | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL IMPORTER | 05-03-2007 |

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ 07029-0000

Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

Form DEA-511 (4/07)

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

# Exhibit 1

**DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE**
**UNITED STATES DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**
**WASHINGTON D.C. 20537**

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 0012B5DNY | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL DISTRIBUTOR | 05-03-2007 |

DASTECH INDUSTRIES, LTD
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000

Form DEA-511 (4/07)

Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY,
    AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

# Exhibit 2

| U. S. Department of Justice - Drug Enforcement Administration | DEA USE ONLY |
|---|---|
| **VOLUNTARY SURRENDER OF LIST I CHEMICAL PRIVILEGES** | File No. C3-07-2072 |

After being fully advised of my rights, and understanding that I am not required to surrender my List I chemical privileges, I freely execute this document and choose to take the actions described herein.

☐ In view of my alleged failure to comply with the Federal requirements pertaining to List I chemicals, and as an indication of my good faith in desiring to remedy any incorrect or unlawful practices on my part;

☑ In view of my desire to terminate handling of all List I chemicals.

☐ In view of my desire to terminate handling of List I chemicals that are identified by chemical code(s)
_____  _____  _____

I hereby voluntarily surrender my Drug Enforcement Administration (DEA) Domestic Chemical Diversion Control Registration Certificate, and shall seek authority and instructions to dispose of the List I chemicals obtained under the authority of that registration. Further, I agree and consent that this document shall be authority for the Administrator of the Drug Enforcement Administration to terminate and revoke my registration without an order to show cause, a hearing, or any other proceedings. If not all List I chemical privileges are surrendered, I will retain my chemical registration which will be limited to chemical code (s)

_____  _____  _____

I waive refund of any payments made by me in connection with my registration.

I understand that I will not be permitted to manufacture, distribute, import, or engage in any other List I chemical(s) activities whatever that require registration with the DEA until such time as I am again properly registered.

| NAME OF REGISTRANT *(Print)* | ADDRESS OF REGISTRANT |
|---|---|
| O'NEILL VILLACARI | Hawks Express Inc. |
| DEA REGISTRATION NO. | 1000 Frank E. Rodgers Blvd. S. |
| 001277DRX (Importer) | Harrison, New Jersey 07029 |

| SIGNATURE OF REGISTRANT OR AUTHORIZED INDIVIDUAL | DATE |
|---|---|
| O'Neill Villacari | 6-5-07 |

**WITNESSES:**

| NAME AND DATE | TITLE |
|---|---|
| William J. Salera | Diversion Investigator |
| Richard J. Tilney | Group Supervisor |

**PRIVACY ACT**

AUTHORITY:  Section 301 of the Controlled Substances Act of 1970 (PL 91-513).
PURPOSE:  Permit voluntary surrender of List I chemicals.
ROUTINE USES:  The Controlled Substances Act Registration Records produces special reports as required for statistical analytical purposes. Disclosures of information from this system are made to the following categories of users for the purposes stated:
A. Other Federal law enforcement and regulatory agencies for law enforcement and regulatory purposes.
B. State and local law enforcement and regulatory agencies for law enforcement and regulatory purposes.
C. Persons registered under the Controlled Substances Act (Public Law 91-513) for the purpose of verifying the registration of customers and practitioners.
EFFECT:  Failure to provide the information will have no effect on the individual.

FORM DEA-104c (12-02)                                    Electronic Form Version Designed in JetForm 5.2 Version

# Exhibit 3



| U. S. Department of Justice - Drug Enforcement Administration | DEA USE ONLY |
|---|---|
| **VOLUNTARY SURRENDER OF LIST I CHEMICAL PRIVILEGES** | File No. C3-07-2072 |

After being fully advised of my rights, and understanding that I am not required to surrender my List I chemical privileges, I freely execute this document and choose to take the actions described herein.

☐ In view of my alleged failure to comply with the Federal requirements pertaining to List I chemicals, and as an indication of my good faith in desiring to remedy any incorrect or unlawful practices on my part;

☑ In view of my desire to terminate handling of all List I chemicals.

☐ In view of my desire to terminate handling of List I chemicals that are identified by chemical code(s)

I hereby voluntarily surrender my Drug Enforcement Administration (DEA) Domestic Chemical Diversion Control Registration Certificate, and shall seek authority and instructions to dispose of the List I chemicals obtained under the authority of that registration. Further, I agree and consent that this document shall be authority for the Administrator of the Drug Enforcement Administration to terminate and revoke my registration without an order to show cause, a hearing, or any other proceedings. If not all List I chemical privileges are surrendered, I will retain my chemical registration which will be limited to chemical code (s)

I waive refund of any payments made by me in connection with my registration.

I understand that I will not be permitted to manufacture, distribute, import, or engage in any other List I chemical(s) activities whatever that require registration with the DEA until such time as I am again properly registered.

| NAME OF REGISTRANT *(Print)* | ADDRESS OF REGISTRANT |
|---|---|
| O'Neill Villacari | Hawks Express Inc. 1000 Frank E. Rodgers Blvd. S. Harrison, New Jersey 07029 |
| **DEA REGISTRATION NO.** 001285DNY (Distributor) | |
| **SIGNATURE OF REGISTRANT OR AUTHORIZED INDIVIDUAL** *O'Neill Villacari* | **DATE** 6-5-07 |

| **WITNESSES:** | |
|---|---|
| NAME AND DATE William J. Salera | TITLE Diversion Investigator |
| NAME AND DATE Richard J. Tilney | TITLE Group Supervisor |

**PRIVACY ACT**

AUTHORITY:    Section 301 of the Controlled Substances Act of 1970 (PL 91-513).
PURPOSE:     Permit voluntary surrender of List I chemicals.
ROUTINE USES: The Controlled Substances Act Registration Records produces special reports as required for statistical
             analytical purposes. Disclosures of information from this system are made to the following categories of users for
             the purposes stated:
             A. Other Federal law enforcement and regulatory agencies for law enforcement and regulatory purposes.
             B. State and local law enforcement and regulatory agencies for law enforcement and regulatory purposes.
             C. Persons registered under the Controlled Substances Act (Public Law 91-513) for the purpose of verifying
             the registration of customers and practitioners.
EFFECT:      Failure to provide the information will have no effect on the individual.

FORM DEA-104c (12-02)                                        Electronic Form Version Designed in JetForm 5.2 Version

# Exhibit 4

2007/JUL/13/FRI 05:18 PM    KRAVITZ, BROWN&DORTCH    FAX No. 614-464-2002              P. 009

Case 1:07-cv-01296-HHK    Document 5-10    Filed 07/23/2007    Page 9 of 11

JUL-13-2007 FRI 11:46 AM HAWKS EXPRESS INC       FAX NO. 1 973 344 2525             P. 02

U.S. DEPARTMENT OF JUSTICE · DRUG ENFORCEMENT ADMINISTRATION
# RECEIPT FOR CASH OR OTHER ITEMS

| TO: (Name, Title, Address (including ZIP CODE), if applicable) | FILE NO.<br>C3-07-2072 | G·DEP IDENTIFIER |
|---|---|---|
| HAWKS EXPRESS, INC.<br>1000 Frank E. Rodgers Blvd. S.<br>Harrison, New Jersey 07029 | FILE TITLE<br>DASTACH | |
| | DATE<br>06/05/2007 | |

DIVISION/DISTRICT OFFICE
NEWARK, NEW JERSEY DIVISION

I hereby acknowledge receipt of the following described cash or other item(s),
which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 1-PACKET | CONTAINING NUMEROUS DOCUMENTS | INSPECTION |

| RECEIVED BY (Signature)<br>D.I. Wm. Salera | NAME AND TITLE (Print or Type)<br>William J. Salera<br>Diveresion Investigator |
|---|---|
| WITNESSED BY (Signature) | NAME AND TITLE (Print or Type)<br>Richard J. Tilney<br>Group Supervisor |

FORM DEA-12 (8-02) *Previous editions obsolete*          Electronic Form Version Designed in JetForm 5.2 Version

# Exhibit 5

2007/JUL/13/FRI 05:19 PM   KRAVITZ, BROWN&DORTCH      FAX No. 614-464-2002            P. 010

Case 1:07-cv-01296-HHK    Document 5-10    Filed 07/23/2007    Page 10 of 11
JUL-13-2007 FRI 11:47 AM HAWKS EXPRESS INC        FAX NO. 1 973 344 2525           P. 03

D.E.A.                                              6/5/07

RECEIVED 1 PACKET OF NUMEROUS
DOCUMENTS FROM: NEILL VILLACARI OWNER
OF HAWKS EXPRESS INC.

RECEIVED: D.I. _____ 6/5/07
WITNESS: GS _____

**U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION**
## RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address (including ZIP CODE), if applicable)

Dastech C/O
Hawkes Express
Harrison New Jersey

FILE NO. C3-07-2072

FILE TITLE: Dastech

DATE: 6/21/07

G-DEP IDENTIFIER

DIVISION/DISTRICT OFFICE

NewArk, New Jersey Division

I hereby acknowledge receipt of the following described cash or other item(s),
which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 10 - | DRUMS Lot # 6/104 (8) total | |
| | Pseudoephedrine 40402 (2) total | |
| | 25 Kgs Container | |

RECEIVED BY (Signature)    David Rodriguez    6/21/07

WITNESSED BY (Signature)    Neil Villacari

NAME AND TITLE (Print or Type)    DAVID Rodriguez -    Evidence Custodian

NAME AND TITLE (Print or Type)    Neil Villacari

FORM DEA-12 (9-00) Previous editions obsolete

Electronic Form Version Designed in JetForm 5.2 Version

Exhibit 6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

Exhibit 9

# United States District Court

## DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**10 DRUMS X 25 KG. FOR A TOTAL OF 250 KG. OF PSEUDOEPHEDRINE AND 319 DRUMS X 45 KG. FOR A TOTAL OF 14,355KG. OF RED PHOSPHOROUS, LOCATED AT HAWK'S EXPRESS, INC., 1000 FRANK E. RODGERS BLVD., S., HARRISON, NEW JERSEY 07029.**

ORIGINAL FILED

JUN 2 1 2007

PATTY SHWARTZ
U.S. MAG. JUDGE

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER: 07-3091

I, **William J. Salera**, being duly sworn depose and say:

I am a Diversion Investigator with the DRUG ENFORCEMENT ADMINISTRATION and have reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**10 DRUMS X 25 KG. FOR A TOTAL OF 250 KG. OF PSEUDOEPHEDRINE AND 319 DRUMS X 45 KG. FOR A TOTAL OF 14,355KG. OF RED PHOSPHOROUS, LOCATED AT HAWK'S EXPRESS, INC., 1000 FRANK E. RODGERS BLVD., S., HARRISON, NEW JERSEY 07029.**

which is property imported, exported, distributed, possessed, or otherwise in violation of Title 21 United States Code, Section 801, *et seq.* and is subject to forfeiture pursuant to 21 United States Code, Section 881(a)(9). The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

Continued on the attached sheet and made a part hereof.   _x_ Yes  __ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

at Newark, New Jersey

21 June 2007
Date

Honorable, Patty Shwartz, Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# Exhibit 10

# United States District Court

## DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**40 DRUMS X 25 KG. FOR A TOTAL OF 1000 KG. OF PSEUDOEPHEDRINE AND 26 DRUMS X 50 KG. FOR A TOTAL OF 1300 KG. OF PHENYLPROPANOLAMINE, LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 888 DOREMUS AVE, NEWARK, NJ 07114**

ORIGINAL FILED

APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

CASE NUMBER: 07-3092

PATTY SHWARTZ
U.S. MAG. JUDGE

I, **William J. Salera**, being duly sworn depose and say:

I am a Diversion Investigator with the DRUG ENFORCEMENT ADMINISTRATION and have reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**40 DRUMS X 25 KG. FOR A TOTAL OF 1000 KG. OF PSEUDOEPHEDRINE AND 26 DRUMS X 50 KG. FOR A TOTAL OF 1300 KG. OF PHENYLPROPANOLAMINE, LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 888 DOREMUS AVE, NEWARK, NJ 07114**

which is property imported, exported, distributed, possessed, or otherwise in violation of Title 21 United States Code, Section 801, *et seq.* and is subject to forfeiture pursuant to 21 United States Code, Section 881(a)(9). The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

Continued on the attached sheet and made a part hereof.    x Yes  __ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

at Newark, New Jersey

21 June 2007 _____
Date

_____
Signature of Judicial Officer

Honorable, Patty Shwartz Magistrate Judge
Name and Title of Judicial Officer

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

# Exhibit 11

# United States District Court
## DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**40 DRUMS x 25 KGS FOR A TOTAL OF 1,000 KGS OF LIST 1 CHEMICALS LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 300 WESTERN AVENUE, STATEN ISLAND, NEW YORK 10303**

APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

CASE NUMBER: 07-3008TZ

*ORIGINAL FILED*
*JUN 2*
*PATTY SHWARTZ*
*U.S. MAG. JUDGE*

I, William J. Salera, being duly sworn depose and say:

I am a Diversion Investigator with the DRUG ENFORCEMENT ADMINISTRATION and have reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**40 DRUMS x 25 KGS FOR A TOTAL OF 1,000 KGS OF LIST 1 CHEMICALS LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 300 WESTERN AVENUE, STATEN ISLAND, NEW YORK 10303.**

which is property imported, exported, distributed, possessed, or otherwise in violation of Title 21 United States Code, Section 801, *et seq.* and is subject to forfeiture pursuant to 21 United States Code, Section 881(a)(9). The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

Continued on the attached sheet and made a part hereof.   x Yes __ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

at Newark, New Jersey

21 June 2007 _____
Date

Honorable, Patty Shwartz, Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al,    ) | |
|    ) | |
| Plaintiffs,    ) | |
|    ) | |
| v.    ) | CIV. NO._____ |
|    ) | |
| ALBERTO GONZALES, et al.,    ) | |
|    ) | |
| Defendants.    ) | |

Exhibit 12

**From:**          Luz Cazeneuve
**To:**            Janet Kravitz;
**Subject:**       FW: Cancellation of Pseudo Ephedrine order.    (PO 16982)
**Date:**          Monday, July 16, 2007 9:09:22 AM

**From:** Eric Hiam [mailto:ehiam@timecaplabs.com]
**Sent:** Friday, July 13, 2007 5:25 PM
**To:** Robert Kahen
**Cc:** Luz Cazeneuve; Eric Hiam
**Subject:** Cancellation of Pseudo Ephedrine order. (PO 16982)

**Robert,**

I regret to inform you that I will canceling purchase order # 16982 for 1,000 kg. of pseudo ephedrine.

the original order date was 3-9-07.  Even at a more than reasonable delivery time of 16 weeks out...this order is far past due, which is unacceptable.  Our customers demand the highest level of service from us, which we cannot deliver b/c of this raw material not arriving.

I submitted another order for 1,000 kg. with another distributor who has stock on this item.

**Regards,**

Eric Hiam
Director of Purchasing

**Time-Cap Labs, Inc.**
7 Michael Avenue
Farmingdale, NY 11735
**P**: 631-753-9090 ext. 113
**F**: 631-753-2220
**E**: ehiam@timecaplabs.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not

accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. Our company accepts no liability for the content of this email, or for the consequences of any actions taken on the basis of the information provided, unless that information is subsequently confirmed in writing. Any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Employees of Custom Coatings Inc. / Time-Cap Labs, Inc. are expressly required not to make defamatory statements and not to infringe or authorize any infringement of copyright or any other legal right by email communications. Any such communication is contrary to company policy and outside the scope of the employment of the individual concerned. The company will not accept any liability in respect of such communication, and the employee responsible will be personally liable for any damages or other liability arising. If verification is required please request a hard-copy version.

Custom Coatings Inc. / Time-Cap Labs, Inc.
7 Michael Avenue, Farmingdale, N.Y. 11735 USA.
(631) 753-1110 / (631) 753-9090
www.timecaplabs.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

# Exhibit 13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF ROBERT KAHEN**

State of New York        :

County of New York:      ss:

The undersigned, Robert Kahen, having personal knowledge of the following matters, states as follows:

1.      I am the Vice President of Dastech International, Inc. ("Dastech"), a New York corporation. Dastech is an importer of chemicals for the pharmaceutical, industrial, and pulp and paper industries, pharmaceutical products and other varied products. Dastech was incorporated on June 1, 1980 and has been in business continually since that date.

2.      I handle the daily operation of running Dastech. I am in charge of the purchasing of raw materials and dealing with the suppliers overseas. I handle the finances of the company. I travel overseas to meet with our suppliers and ensure our position in the market. I also handle the sales of some key accounts.

1

3.    Dastech has been a law abiding member of the business community for 27 years. Dastech has never experienced a loss, shortage, theft or damage of List 1 chemicals that it has imported.

4.    All of the property seized by the DEA on or about June 21, 2007, as identified in the Complaint to which this affidavit is attached, was lawfully imported and possessed by Dastech. We have paid for the goods within one week from the time of their shipments from Taiwan and China.

5.    The seizure of Dastech's products will have a long-lasting negative impact on the business and reputation of Dastech, as its customers lose faith in its business integrity and cancel orders. The loss to Dastech relates not only to the List 1 products that it imports, but also for the other products that Dastech sells to these clients. 90% of Dastech's List 1 customers also purchase other, non-regulated products from Dastech.

6.    The loss in sales as a result of the seizure is approximately $235,430.00. These losses, coupled with the loss of future business as a result of the seizure, is a huge financial blow to Dastech. The harm to Dastech's reputation as a result of the unlawful seizure and the spurious remarks made by DEA Inspector Richard Tilney to third-parties in regard to Dastech is profound.

7.    As a result of the seizure of Dastech's property, three customers have already cancelled purchase orders previously placed with Dastech. The first to cancel an order was Time-Cap, Labs, Inc.. Time-Cap cancelled a purchase order for 1,000 kg of Pseudoephedrine on July 13, 2007. The loss in sales from that order totals $60,000.00. The second customer to cancel an order was Spectrum Chemicals and Laboratory Products. Spectrum cancelled a purchase order for 50 kg of Phenylpropanolamine on

2

July 18, 2007.  The loss in sales from that order totals $2,750.00 .  Finally, DSC Labs

cancelled a purchase order for 25kg on July 19, 2007.  The loss in sales from that order

totals $2,000.00

8.     I have reviewed the Complaint for Declaratory Relief and the Exhibits attached to

the Complaint.  To the very best of my knowledge and belief, all of the factual assertions

are true and correct.

        Further Affiant Sayeth Naught

_____
Robert Kahen


        The foregoing Affidavit was sworn to and signed in my presence, this 19 day of
July, 2007.

_____
Notary Public


                        DAVID E. POUR
                Notary Public, State of New York
                        No. 02PO6016909
                Qualified in the County of Nassau
                Commission Expires February 25, 2011

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,          )
                                             )
                      Plaintiffs,            )
                                             )
            v.                               )          CIV. NO._____
                                             )
ALBERTO GONZALES, et al.,                    )
                                             )
                                             )
                      Defendants.            )

Exhibit 14



Our order number must appear
on invoice, B/L bundles, cases,
packing lists and correspondence.

# HI-TECH PHARMACAL CO., INC.

369 BAYVIEW AVENUE, AMITYVILLE, N.Y. 11701 • (631) 789-8228
FAX: (631) 789-8429

PAGE: 1

**FAXED**
02-13-07

| | |
|---|---|
| Order | 0041429 |
| DATE | 02/13/07 |
| JOB OR REQ. NO. | |

TO

DASTECH INTERNATIONAL, INC.
10 CUTTER MILL ROAD SUITE 400
Great Neck        NY 11021

| | |
|---|---|
| TERMS | |
| F.O.B. | NET 30 DAYS |
| DELIVERY | |

Seller

516-466-7676

PLEASE ACCEPT OUR ORDER AND FURNISH THE FOLLOWING SUBJECT TO CONDITIONS BELOW:

SHIP TO

HITECH PHARMACAL INC.
369 BAYVIEW AVE.
AMITYVILLE       NY 11701

VIA

SEA

| QUANTITY | DESCRIPTION | PRICE | |
|---|---|---|---|
| 1000.000 KG | CHEM-71267 | 62.500 | 62,500.00 |
| | PSUEDOEPHEDRINE, , ,HCL,USP, , | DUE: 02/13/07 | |

| | |
|---|---|
| NET ORDER: | 62,500.00 |
| FREIGHT: | .00 |
| ORDER TOTAL: | 62,500.00 |

NOTE: OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL
INVOICES OR DOCUMENTS SUBMITTED TO US.

PLEASE SIGN AND RETURN ACKNOWLEDGEMENT COPY

| THIS ORDER ACKNOWLEDGED AND ENTERED AS ABOVE | PURCHASER: |
|---|---|
| Seller: _____ | PER _____ |
| By: _____ Date: _____ | Purchasing Agent |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# Exhibit 15

| U.S. Department of Justice | IMPORT/EXPORT DECLARATION |
|---|---|
| Drug Enforcement Administration | Precursor and Essential Chemicals |

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: | | |
|---|---|---|
| [✓] IMPORT DECLARATION | [ ] EXPORT DECLARATION | **U.S. CUSTOMS CERTIFICATION** |

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Teiex No. and where available FAX No.) | Date of Departure/Arrival |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON NJ 07029 TEL 973-344-5400 | J.W. HAMPTON JR. (US CUSTOMS BROKER) 161-15- ROCKWAY BOULEVARD JAMAICA, NY 11434 TEL 718-276-0301 | Name of Carrier/Vessel |
| | | Date of Certification |
| | | Signature of Customs Official |

| 1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED | [✓] Check if applicable |
|---|---|

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine HCL, USP CAS: 345-78-8 LOT: NET WEIGHT: 25KILOS GROSS WEIGHT:27.5 KILOS NDC : NO. 1/UP MADE IN TAIWAN  OUR PURCHASE ORDER # PB-7097 DEA CONTROL # 5046178 | Pseudoephedrine, HCL    CUSTOMER  HI-TECH PHARMACAL CO. INC ORDER NO. 0041429 DATED 2/13/07 | 1000 kilos  40 X 25 KGS DRUM | 1100 KILOS GROSS WEIGHT 40X 27.5 KILO DRUM |

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG TAIWAN        03/30/2007 | PORT NEWARK, NJ        04/30/07 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO. LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 02/14/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ALBERTO GONZALES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

CIV. NO._____

## Exhibit 16

U.S. Department of Justice

**Import / Export Declaration
for List I and List II Chemicals**

Drug Enforcement Administration

---

| SEE REVERSE INSTRUCTIONS FOR PRIVACY ACT | OMB Approval No.  1117-0023 |
|---|---|

| 1a. Type of Transaction: ☐ IMPORT ☐ EXPORT ☐ INTERNATIONAL | 1b. Type of Submission: ☐ ORIGINAL ☐ AMENDED ☐ WITHDRAWAL |
|---|---|

| 1c. **WARNING!**  15-day advance notice required for initial shipment or for company that has lost regular importer or regular customer status.  See 21 C.F.R. Part 1313 for further details. ☐ I certify I have met the conditions for the waiver of 15-day advance notice requirement. | **DEA Control Number** (For DEA use only) |
|---|---|

| 2a. U.S. IMPORTER/ U.S. EXPORTER / U.S. BROKER       (Name, address, telephone, and fax no.) | 2b. IF IMPORT, LIST FOREIGN CONSIGNOR; IF EXPORT OR INTERNATIONAL TRANSACTION, LIST FOREIGN TRANSFEREE.       (Name, address, telephone, and fax no.) |
|---|---|
| DEA Registration Number (for List I only):_____ Purchase/Invoice no. (optional)_____ | Foreign permit no. (if applicable)_____ |

**3.  Listed Chemicals to be Imported / Exported / Brokered**

| 3a. Name and Description of chemical appearing on label or container.  For drug products, show dosage strength and dosage size. | 3b. Name of chemicals as designated by Title 21 C.F.R. 1310.02 | 3c. Number of containers, size, net weight of each chemical (kg) | 3d. DATE OF ACTUAL IMPORT/EXPORT AND ACTUAL QUANTITY  (To be completed by person named in (2a).) |
|---|---|---|---|
| | | | |

| 4a. ☐ FOREIGN    ☐ DOMESTIC PORT OF EXPORTATION:_____ APPROX. DEPARTURE DATE: | 4b. ☐ FOREIGN    ☐ DOMESTIC PORT OF IMPORTATION:_____ APPROX. ARRIVAL DATE: |
|---|---|

5.    MODE OF TRANSPORTATION, NAME OF VESSEL, OR NAME OF CARRIER:

| SIGNATURE OF AUTHORIZED INDIVIDUAL (Print or Type Name below Signature) **Print Name:** | DATE: |
|---|---|

DEA form - 486  (Previous version obsolete.)
September 2006

Copy  1

6. **RETURN DECLARATION FOR EXPORTS AND INTERNATIONAL TRANSACTIONS** (Name & Quantity of List I and List II Chemicals exported to the Transferee or resulting from International Transaction. MUST be returned within 30 days from actual date of export (3d). If same as 3d, write "same as 3d."

SIGNATURE:                                                              DATE:

**For IMPORTS:** List TRANSFEREE(S) UPON INITIAL APPLICATION (Names, address, telephone, and fax no.) Fill in 7 through 9. USE SEPARATE SHEET IF MORE THAN 3 TRANFEREES.

| **7a. NAME OF TRANSFEREE OF IMPORT** | 7b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 7c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 7d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee</u> |

7e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days of date of actual import (7d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                              DATE:

| **8a. NAME OF TRANSFEREE OF IMPORT** | 8b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 8c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 8d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee.</u> |

8e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days from actual date of import (8d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                              DATE:

| **9a. NAME OF TRANSFEREE OF IMPORT** | 9b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 9c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 9d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee.</u> |

9e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days of date of actual import (9d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                              DATE:

DEA form - 486  (Previous version obsolete.)
September 2006                                                          Copy  1

U.S. Department of Justice

**Import / Export Declaration
for List I and List II Chemicals**

Drug Enforcement Administration

---

-------------------- **SUPPLEMENTAL SHEET – USE FOR ADDITIONAL TRANSFEREE(S)** -------------------- | OMB Approval No. 1117-0023

**For IMPORTS:** List TRANSFEREE(S) UPON INITIAL APPLICATION (Names, address, telephone, and fax no.) Fill in 7 through 9. USE SEPARATE SHEET IF MORE THAN 3 TRANFEREES.

| **7a. NAME OF TRANSFEREE OF IMPORT** | 7b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 7c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 7d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee</u> |

7e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days of date of actual import (7d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                      DATE:

| **8a. NAME OF TRANSFEREE OF IMPORT** | 8b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 8c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 8d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee.</u> |

8e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days from actual date of import (8d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                      DATE:

| **9a. NAME OF TRANSFEREE OF IMPORT** | 9b. ADDRESS OF TRANSFEREE OF IMPORT |
|---|---|
| 9c. Name & Quantity of List I and List II chemical to be Imported for this transferee. (Enter names as shown on labels; numbers and sizes of packages; and strength.) | 9d. Name & Quantity of List I and List II Chemical <u>Actually Imported and Date Imported for this Transferee.</u> |

9e. **RETURN DECLARATION** (Name & Quantity of List I and List II Chemical Distributed to the Transferee. MUST be returned within 30 days of date of actual import (9d) If amount not completely distributed, send a Return Declaration 30 days from the next distribution.). If the whole order was distributed, may say "all import distributed" and the date.

SIGNATURE:                                                      DATE:

DEA form - 486 (Previous version obsolete.)
September 2006

Copy 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

Exhibit 17

# U.S. DEPARTMENT OF JUSTICE
## DRUG ENFORCEMENT ADMINISTRATION
# OFFICE OF DIVERSION CONTROL

Office of Diversion Control

**HOME      PRIVACY POLICY      CONTACT US      WHAT'S NEW      HOT ITEMS      SITEMAP      SEARCH**

## DIVERSION PROGRAMS
APPLICATIONS & ON-LINE FORMS
ARCOS
CHEMICALS
CONTROLLED SUBSTANCE SCHEDULES
IMPORT AND EXPORT
NFLIS
QUOTAS
REGISTRATION SUPPORT
REPORTS REQUIRED BY 21 CFR

## RESOURCES
CAREER OPPORTUNITIES
DRUGS/CHEMICALS OF CONCERN
e-COMMERCE INITIATIVES
FEDERAL REGISTER NOTICES
MEETINGS & EVENTS
OFFICES & DIRECTORIES
PROGRAM DESCRIPTION
PUBLICATIONS
QUESTIONS & ANSWERS
REGULATIONS & CODIFIED CSA

## LINKS
FEDERAL AGENCIES & RELATED
INDUSTRY RELATED
PUBLIC INTEREST

Reports Required by 21 CFR > Chemical Reports > DEA Form 486 Instructions

## Import/Export Declaration - Chemical

## INSTRUCTIONS FOR COMPLETING IMPORT/EXPORT DECLARATION, DEA FORM 486

This form is to be used in notifying DEA of all imports, exports, and international transactions as required by the Controlled Substances Import and Export Act (21 U.S.C. 971). The following instructions supplement the parts of the DEA Form 486 that are not completely self-explanatory. Detailed requirements are found in Title 21 CFR Parts 1300, 1310 and 1313.

### Initial Completion of Form

Fill in 1a – 5, except for 3d. For imports, fill in information for transferees in 7a – 7c, 8a –8c, and 9a - 9c. Sign at the bottom of page 1 and date. **After your request is successfully processed by DEA, a control number will be issued for this transaction. The control number MUST be used for any action related to this transaction.**

### Completing Form Upon Completion of the Transaction

Upon completion of the import, export, or international transaction, fill in 3d, Date of Actual Import/Export and Actual Quantity for the **entire** transaction. For exporters and international transactions, not later than 30 days after the actual date of **export or international transaction,** complete 6, sign and date. For importers fill in 7d, 8d, and 9d, Name and Quantity of Chemical Actually Imported and Date for each Transferee, as appropriate. Not later than 30 days after the actual date of import, complete, sign, and

date 7e, 8e, 9e, Return Declaration, as appropriate. If the entire quantity of chemicals imported is not distributed within 30 days, not later than 30 days after the next distribution is complete, sign, and date whatever portions of 7e, 8e, or 9e were distributed.

**"List I chemical"** means the following substances:

(1) N-acetylanthranilic acid and its salts
(2) Anthranilic acid and its salts
(3) Benzaldehyde
(4) Benzyl cyanide
(5) Ephedrine and its salts, optical isomers, and salts of optical isomers
(6) Ergonovine and its salts
(7) Ergotamine and its salts
(8) Ethylamine and its salts
(9) gamma-Butyrolactone (GBL)
(10) Hydriodic acid
(11) Hypophosphorous acid and its salts,
(12) Isosafrole
(13) Methylamine and its salts
(14) 3,4-Methylenedioxyphenyl-2-propanone
(15) N-Methylephedrine and its salts, optical isomers, and salts of optical isomers
(16) N-Methylpseudoephedrine and its salts, optical isomers, and salts of optical isomers
(17) Nitroethane
(18) Norpseudoephedrine and its salts, optical isomers, and salts of optical isomers
(19) Phenylacetic acid and its salts and esters
(20) Phenylpropanolamine and its salts, optical isomers, and salts of optical isomers
(21) Phosphorus (red)
(22) Phosphorus (white or yellow)
(23) Piperidine and its salts
(24) Piperonal (heliotropine)
(25) Propionic anhydride
(26) Pseudoephedrine and its salts, optical isomers, and salts of optical isomers
(27) Safrole
(28) N-Phenethyl-4-piperidone (NPP)

(See 21 CFR Part 1310 for updated list.)

**"List II chemical"** means the following substances:

(1) Acetic anhydride
(2) Acetone
(3) Benzyl chloride
(4) Ethyl ether
(5) Hydrochloric acid
(6) Hydrogen chloride gas
(7) Methyl ethyl ketone (2-Butanone)

---

DEA Form 486 - Instructions for Completing Import/Export Declaration







To view PDF documents

*External links included in this website should not be construed as an official endorsement of the views contained therein.*

DEA Form 486 - Instructions for Completing Import/Export Declaration

(8) Methyl Isobutyl ketone
(9) Potassium permanganate
(10) Sodium Permanganate
(11) Sulfuric acid
(12) Toulene

(See 21 CFR Part 1310 for updated list.)

"**Transferee**" means a person/entity to whom an importer or exporter transfers (including sales) a listed chemical.

**Part 1.** The terms "Importer" and "Exporter" include the regulated person who, as the principal party in interest in the import or export transaction, has the power and responsibility for determining and controlling the bringing in or taking out of any chemical listed in 21 CFR 1310.04. If the 15-day advance notification requirement has been waived, the regulated person must check block 1(c).

The term "Broker" means a legal entity that assists in arranging an international transaction in a listed chemical by (1) negotiating contracts; (2) serving as an agent or intermediary; or (3) fulfilling a formal obligation to complete the transaction by bringing together a buyer and seller, a buyer and transporter, or a seller and transporter, or by receiving any form of compensation for so doing. **Waiver of the 15-day advance notification does not apply to international transactions.**

**Part 2.** The foreign consignor is the supplier of the chemical. The foreign transferee is the foreign person importing the chemical.

**Part 3. EXAMPLES**

Conversion Factors

|                      | Percent | C.F.   |
|----------------------|---------|--------|
| Ephedrine HCl        | 81.92%  | 0.8192 |
| Ephedrine Sulfate    | 77.12%  | 0.7712 |
| Phenylpropanolamine HCL | 80.57% | 0.8057 |
| Pseudoephedrine HCl  | 81.92%  | 0.8192 |
| Pseudoephedrine Sulfate | 77.12% | 0.7712 |

| 3a. Name and Description of chemical appearing on label or container. For drug products, show dosage strength and dosage size. | 3b. Name of chemicals as designated by Title 21 CFR 1310.02 | 3c. Number of containers, size, net weight of each chemical (kg) |
|---|---|---|
| For Bulk<br>Piperonal | Piperonal | 3 X 150 kg drums<br>450 kg net wt |
| For Drug Products<br>(report in base weight)<br>"Brand Name" tablets (ephedrine HCl) | Ephedrine | 25 mg per tablet<br>100 tablets per bottle<br>48 bottles per case<br>100 cases per pallet<br>2 pallets = 24 kg<br>24 kg x 0.8192 = 19.66 kgs |

## INSTRUCTIONS FOR DISTRIBUTING DEA FORM 486

For **Import Declaration** distribute as follows: Copy 1 must be retained on file by the regulated person as the official record of import. Import declaration forms must be retained for two years. Copy 2 is a DEA copy. This form must be received at P.O. 27284, Washington, D.C. 20038 or sent via electronic facsimile to telephone no. 202-307-4702 at least 15 days prior to importation. Regulated persons who have satisfied the requirements for waiver of the 15-day advance notice described in 21 CFR 1313.15 are required to provide notification on or before the day of importation. Copy 3 is also a DEA copy and must be sent to DEA **not later than 30 days after the actual date of importation** with the actual date of import, the actual quantity imported, and the Return Declaration filled in, signed, and dated. If the entire import is not distributed, not later than 30 days after the next distribution, complete, sign, and date a supplemental Return Declaration. The importer must file a supplemental Return Declarations not later than 30 days from the date of any further distribution until the disposition of all chemicals imported under the import notification have been distributed. Make a copy and mail or fax to DEA. Pursuant to 21 CFR 1313.14(c), a copy must be presented to U.S. Customs and Border Protection.

For **Export Declaration** distribute as follows: Copy 1 must be retained on file by the regulated person as the official record of export. Export declaration forms must be retained for two years. Copy 2 is a DEA copy. This form must be received at P.O. Box 27284, Washington, D.C. 20038 or via electronic facsimile to telephone no. 202-307-4702 at least 15 days prior to exportation. Regulated persons who have satisfied the requirements for waiver of the 15-day advance notice described in 21 CFR 1313.24 are required to provide notification on or before the day of exportation. Copy 3 is also a DEA copy and **must** be sent to DEA not later than 30 days after the actual date of exportation with the actual date of export, the actual quantity exported, and the Return Declaration filled in with the name of the foreign importer, signed, and dated. Fax or mail to DEA. Pursuant to 21 CFR 1313.23(c), a copy must be presented to U.S. Customs and Border Protection.

DEA Form 486 - Instructions for Completing Import/Export Declaration

For **International Transaction Declaration** distribute as follows: Copy 1 must be retained on file by the broker or trader as the official record of the international transaction. Declaration forms must be retained for two years. Copy 2 is the DEA copy. Notification must be received at P.O. Box 27284, Washington, D. C. 20038 or via electronic facsimile to telephone no. 202-307-4702 at least 15 days prior to the international transaction. Waiver of the 15-day advance notification does not apply to international transactions. Copy 3 is also a DEA copy and **must be sent** to DEA 30 days after the actual date of the international transaction with the actual date of international transaction, the actual quantity imported/ exported, and the Return Declaration filled in, signed, and dated. Fax or mail to DEA.

DOWNLOAD DEA FORM 486

## Privacy Act Information

**Authority:** Section 1018 of the Controlled Substances Import and Export Act

**Purpose:** To obtain information regarding the import/export of certain chemicals to prevent the illicit manufacture of controlled substances.

**Routine Uses:** The Import/Export Declaration produces information required for law enforcement purposes. Disclosure of information is made to the following categories of users for the purposes stated:

    A. Other Federal law enforcement and regulatory agencies for law enforcement and regulatory purposes.

    B. State and local law enforcement and regulatory agencies for law enforcement and regulatory purposes.

    C. Person registered under the Controlled Substances Act (P.L. 91-513) for the purpose of verifying the registration of customers

**Effect:** Failure to complete this form will preclude the import/export of the chemicals mentioned.

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a current valid OMB control number. Public report burden for this collection of information is estimated to average 12 minutes per response for exports and international transactions, 15 minutes per response for imports, and 5 minutes per response for Return Declarations, including the time for reviewing instructions, searching existing data source, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to the FOI and Records Management Section, Drug Enforcement Administration, Washington, D.C. 20537; and the Office of Management and budget, Paperwork Reduction Project No.

DEA Form 486 - Instructions for Completing Import/Export Declaration

1117-486a, Washington, D.C. 20503.



HOME    CONTACT US    SEARCH    BACK TO TOP

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al,  )
)
Plaintiffs,  )
)
v.  )      CIV. NO._____
)
ALBERTO GONZALES, et al.,  )
)
)
Defendants.  )

## Exhibit 18

(13)

MAR-13-2007  14:20     CUSTOM COATINGS TIME-CAP          631 753 2220    P.01/01

## PURCHASE ORDER

Purchase Order Number: PO16982
Purchase Order Date:   03/08/07

Page: 1

To: Dastech International, Inc.
    Paul
    10 Cutter Mill Road
    GREAT NECK, NY 11021

Ship
To: Time-Cap Labs, Inc.
    7 Michael Avenue
    FARMINGDALE, NY 11735

Ship Via
Requested Date   04/03/07
Terms            Net 30 Days

Confirm To
Buyer         Eric Hiam
Requested by  Mr. Errigo
Vendor ID     10500

*See attache*

| Item No. | Vendor Item No. | Description | Description 2 | Manufacturer Code | UOM | Qty | Unit Price | Total Pr |
|----------|-----------------|-------------|---------------|-------------------|-----|-----|------------|----------|
| CC3020 | | Pseudo HCL USP Fine Crystal | 25 kgs. (Crystalline powde | | KG | 1,000 | 60.00 | 60,00 |

Certificate of analysis must
accompany shipment.

Confirm order to:
ehiam@timecaplabs.com

Note: Must arrange delivery
with Mike Marino #:
631-753-9060 ext. 139.

***Need material ASAP***

### SHIPPING INFORMATION:

SHIPPING FROM TAIWAN ON OR ABOUT 4/30/07
PRODUCT AVAILABILITY: ON OR ABOUT LAST WEEK OF MAY

3/13/07

**ORDER CONFIRMED**

*Pyntapria*
DASTECH INTERNATIONAL, INC.

3/8/07     E-mailed on 3/9/07 - CH     Confirmed - CH

| | |
|---|---|
| Subtotal: | 60,000.0 |
| Invoice Discount: | 0.0 |
| Tax: | 0.0 |
| Total: | 60,000.0 |

RECEIPT OF THIS PURCHASE ORDER IS ACKNOWLEDGEMENT OF THE AGREED PRICING. ANY DISCREPANCY NOTED MUST BE COMMUNICATED
IN WRITING WITHIN 48 HOURS

Approved: _____     Date: _____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Exhibit 19

**U.S. Department of Justice**
**Drug Enforcement Administration**

IMPORT/EXPORT DECLARATION
Precursor and Essential Chemicals

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: | | | |
|---|---|---|---|
| [✓] IMPORT DECLARATION | [ ] EXPORT DECLARATION | | **U.S. CUSTOMS CERTIFICATION** |

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | Date of Departure/Arrival |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS, INC. 1000 FRANK E. RODGERS BLVD. HARRISON, NJ 07029 TEL 973-344-5400 | J.W. HAMPTON JR. (US CUSTOMS BROKER) 161-15- ROCKAWAY BOULEVARD JAMAICA, NY 11434 TEL 718-276-0301 | Name of Carrier/Vessel <br><br> Date of Certification <br><br> Signature of Customs Official |

| 1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED | [✓] Check if applicable |
|---|---|

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine HCL, USP CAS: 345-78-8 LOT: NET WEIGHT: 25 KILOS GROSS WEIGHT: 27.5 KILOS NDC: NO. 1/UP MADE IN TAIWAN, R.O.C. OUR PURCHASE ORDER # PC-7133 DEA CONTROL #: 5046883 | Pseudoephedrine, HCL CUSTOMER: TIME-CAP LABS, INC. ORDER NO.: 016982 DATED 03/08/07 | 1000 KILOS (KGS) NET WEIGHT 40 X 25 KGS DRUM | 1100 KILOS (KGS) GROSS WEIGHT 40 X 27.5 KGS DRUM |

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG, TAIWAN          4/30/2007 | PORT NEWARK, NJ          5/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO., LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN, R.O.C. | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) <br><br> LUZ CAZENEUVE | DATE <br><br> 3/09/2007 | NAME OF FIRM <br><br> DASTECH INTERNATIONAL, INC. |
|---|---|---|

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,    )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )    CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
                    Defendants.         )
                                        )

Exhibit 20

# Contract Pharmacal Corp.
## 135 Adams Avenue
## Hauppauge, NY 11788

# PURCHASE ORDER

## Tel (631) 231-4610
## Fax (631) 231-4156

ORDER NUMBER  104015

DATE           04/10/07

DUE DATE

| TO: | DASTECH INTERNATIONAL INC | SHIP TO: | CONTRACT PHARMACAL CORP. |
|---|---|---|---|
| | 10 CUTTER MILL ROAD | | 160 COMMERCE DR |
| | GREAT NECK NY 11021 | | HAUPPAUGE, NY 11788 |
| | TEL: (516) 466-7676 | | |
| | FAX: (516) 466-7699 | | |

Page 1

| VENDOR ID | SHIP VIA | F.O.B. | FREIGHT | TERMS |
|---|---|---|---|---|
| 1520 | DLVD | | | NET 60 DAYS |

| QUANTITY | PRODUCT I.D. | DESCRIPTION | U/M | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 200.000 | 00323 | PHENYLPROPANOLAMINE HCL | K | 41.00 | 8200.0 |
| | | ATT: BERNIE | | | |
| | | PLEASE CONFIRM ORDER AND DELIVERY DATE. | | | |
| | | THANK YOU, JENNIFER EXT:3049 | | | |

X-- _(signature)_

Mark N. Wolf
Chief Operating Officer
May 10, 2007

| | TOTAL | 8200.0 |
|---|---|---|
| | NON-TAXABLE | |

| BUYER | REMARKS | CONFIRMATION TO |
|---|---|---|
| JB | | |

NO SUBSTITUTIONS WITHOUT PRIOR AUTHORIZATION.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

Exhibit 21

U.S. Department of Justice
Drug Electronic
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

(53)

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

| | OMB Approval No. 1117-0023 |
|---|---|

1. CHECK ONE:

[✓] IMPORT DECLARATION          [ ] EXPORT DECLARATION

**U.S. CUSTOMS CERTIFICATION**

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON, NJ 07029 TEL.: 973-344-5400 | J.W. HAMPTON JR. (US Custom. 161-15 ROCKAWAY BOULEVARD Broker) JAMAICA, NY 11434 TEL.: 718-276-0301 | Date of Departure/Arrival |

Name of Carrier/Vessel

Date of Certification

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED    [✓] Check if applicable

Signature of Customs Official

2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R.1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| PHENYLPROPANOLAMINE HCL, USP<br><br>LOT NO.:<br>NET WEIGHT: 40 KILOS<br><br>NDC: 058747-7272<br>NO. 1/UP<br>MADE IN TAIWAN, R.O.C.<br>NOT FOR HUMAN<br>APPLICATION<br><br>OUR PO# PD-7203<br><br>DEA CONTROL# 5047779 | PHENYLPROPANOLAMINE HCL<br>1. 200 KGS<br>CONTRACT PHARMACAL<br>(135 ADAMS AVE.<br>HAUPPAUGE, NY 11788)<br>PO# 104015<br>DEA# RC0295798 8/07<br>USE:FINISH PRODUCT IS A<br>ORAL DOSAGE FOR ANIMAL<br>USE ONLY. SOLD UNDER<br>PRESCRIPTION(NDC# 10267-0154)<br>2. 40 KGS<br>GEMINI PHARM. (87<br>MODULAR AVE.,COMMACK, NY<br>11725);PO# 113431<br>END USE: PRODUCT WILL BE<br>USED IN A VETERINARIAN<br>PRESCRIBED TAB. FOR<br>VETOQUINOL DEA:RV0295914 | 240 KGS<br>6 x 40 KGS<br>DRUM<br><br><br><br><br><br><br><br><br><br><br><br><br>NDC#<br>051645-3530*1<br>051645-3532*1<br>051645-3532*2 | 261 KGS<br>6 x 43.5 KGS<br>DRUM |

| 3a. [✓] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN  [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG, TAIWAN        05/05/2007 | PORT NEWARK, NJ        05/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN FREIGHT | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO., LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN, R.O.C. | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 4/12/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form — 486
(Jun 1989)

Copy 3 ✓

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DASTECH INTERNATIONAL, INC., et al,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

# Exhibit 22

**GEMINI** Pharmaceuticals, Inc.

87 Modular Avenue * Commack, New York 11725 * (631)543-3334 * Fax (631) 543-3335

# PURCHASE ORDER

TO: Dastech International
    10 Cutter Mill Road Suite 400
    Great Neck NY 11021
    Bernie
ph: (516) 466-7676     fax: (516) 466-7699

SHIP TO: Gemini Pharmaceuticals
    75 Mall Drive
    Commack, New York 11725

| PO DATE: | 4/11/2007 | PURCHASE ORDER: | 113431 | DUE DATE: | ASAP |
|---|---|---|---|---|---|

| AMOUNT | DESCRIPTION | PRICE | TOTAL | DELIVERY |
|---|---|---|---|---|
| 40 kg | PPA HCL | $41.00 kg | 1,640.00 | ASAP |

Notes:    *Confirmed with Bernie*

*Lisa Lange, Purchasing Manager*

**C of A must accompany shipment**

***If this Purchase Order is not CONFIRMED with an estimated time of arrival
within 24-48 hours, Gemini will no longer accept this PO as valid.***

No split lot#s unless approved     -     All material must be sterilized

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,    )
                                  )
        Plaintiffs,    )
                                  )
      v.    )      CIV. NO._____
                                  )
ALBERTO GONZALES, et al.,    )
                                  )
                                  )
        Defendants.    )

# Exhibit 23

U.S. Department of Justice
Drug Enforcement Administration

IMPORT/EXPORT DECLARATION
Precursor and Essential Chemicals

53    SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

OMB Approval
No. 1117-0023

| 1. CHECK ONE: | | |
|---|---|---|

[✓] IMPORT DECLARATION        [ ] EXPORT DECLARATION

U.S. CUSTOMS CERTIFICATION

1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.)

DASTECH INTERNATIONAL, INC.
C/O HAWKS EXPRESS INC.
1000 FRANK E. RODGERS BLVD.
HARRISON, NJ 07029 TEL.: 973-344-5400

1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

J.W. HAMPTON JR. (US Custom BRoker)
161-15 ROCKAWAY BOULEVARD
JAMAICA, NY 11434
TEL.: 718-276-0301

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED    [✓] Check if applicable

2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R.1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| PHENYLPROPANOLAMINE HCL, USP<br><br>LOT NO.:<br>NET WEIGHT: 40 KILOS<br><br>NDC: 058747-7272<br>NO. 1/UP<br>MADE IN TAIWAN, R.O.C.<br>NOT FOR HUMAN APPLICATION<br><br>OUR PO# PD-7203<br><br>DEA CONTROL# 5047779 | PHENYLPROPANOLAMINE HCL<br>1. 200 KGS<br>CONTRACT PHARMACAL<br>(135 ADAMS AVE.<br>HAUPPAUGE, NY 11788)<br>PO# 104015<br>DEA# RC0295798 8/07<br>USE:FINISH PRODUCT IS A<br>ORAL DOSAGE FOR ANIMAL<br>USE ONLY. SOLD UNDER<br>PRESCRIPTION(NDC# 10267-0154)<br>2. 40 KGS<br>GEMINI PHARM. (87<br>MODULAR AVE.,COMMACK, NY<br>11725);PO# 113431<br>END USE: PRODUCT WILL BE<br>USED IN A VETERINARIAN<br>PRESCRIBED TAB. FOR<br>VETOQUINOL DEA:RV0295914 | 240 KGS<br>6 x 40 KGS<br>DRUM<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NDC#<br>051645-3530*1<br>051645-3532*1<br>051645-3532*2 | 261 KGS<br>6 x 43.5 KGS<br>DRUM |

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG, TAIWAN        05/05/2007 | PORT NEWARK, NJ        05/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN FREIGHT | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO., LTD.<br>9 FL. NO. 1-2 NANKING WEST ROAD<br>TAIPEI, TAIWAN, R.O.C. | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)<br><br>LUZ CAZENEUVE | DATE<br><br>4/12/2007 | NAME OF FIRM<br><br>DASTECH INTERNATIONAL, INC. |
|---|---|---|

DEA Form — 486
(Jun1989)

Copy 3 ✓

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

# Exhibit 24

Andapharm
5315 NW 35 Terrace
Fort Lauderdale, FL  33309

Purchase Order  200483
Order Date: 03/20/2007
Printed Date: 03/20/2007
Page: 1

Supplier:

Dastech International Inc.
10 Cutter Mill Road
GREAT NECK, NY  11021
USA

Ship To:

Andapharm
5315 NW 35 Terrace
Fort Lauderdale, FL  33309
DEA#RA0325642

| Vendor ID | Tax District | Terms | Ship Via | F.O.B. | Buyer | Order Expiration |
|---|---|---|---|---|---|---|
| DAS03 | | | | | WM | / / |

| Order Qty Received Qty | Open Qty U.O.M. | Supplier Item Number Description Note | Our Item Number | Item Status | Unit Price Need By Date Taxable | Extended Price |
|---|---|---|---|---|---|---|
| 1,000.00 0.00 | 1,000.00 KG | 1-10000 Phenylpropanolamine Hydrochloride, USP ------- ORDER TO INCLUDE: TECHNICAL PACKAGE C of A w/PARTICLE SIZE DISTRIBUTION STABILITY DATA ACCELERATED 90 DAYS --------- **NOTE: STRICTLY FOR VETERINARY USE | | Purchase | 37.50000 05/01/2007 Non-Taxable | 37,500.00 |

*PD - 7190*

*WM   3/20/07*

| | |
|---|---|
| Taxable Subtotal | 0.00 |
| Tax | 0.00 |
| Non Taxable Subtotal | 37,500.00 |
| Order Total | 37,500.00 |

Authorized Signature

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DASTECH INTERNATIONAL, INC., et al,    )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
                    Defendants.         )

---

# Exhibit 25

**U.S. Department of Justice**
Drug Enforcement Administration

IMPORT/EXPORT DECLARATION
Precursor and Essential Chemicals

(51) | SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

OMB Approval No. 1117-0023

**1. CHECK ONE:**  [✓] IMPORT DECLARATION   [ ] EXPORT DECLARATION

**U.S. CUSTOMS CERTIFICATION**

**1a. IMPORTER/EXPORTER** (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.)

DASTECH INTERNATIONAL, INC.
C/O HAWKS EXPRESS INC.
1000 FRANK E. RODGERS BLVD.
HARRISON, NJ 07029 TEL.: 973-344-5400

**1b. BROKER OR FORWARDING AGENT, IF USED** (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

J.W. HAMPTON JR. (US CUSTOM BROKER)
161-15 ROCKAWAY BOULEVARD
JAMAICA, NY 11434
TEL.: 718-276-0301

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

**1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED**   [✓] Check if applicable

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| PHENYLPROPANOLAMINE HCL, USP CAS: 154-41-6 LOT: NET WEIGHT: 50 KILOS GROSS WEIGHT: 53.5 KILOS NDC: 058747-7272 NO. 1/UP MADE IN TAIWAN, R.O.C. NOT FOR HUMAN APPLICATION  OUR PO# PD-7190  DEA CONTROL# 5047654 | PHENYLPROPANOLAMINE HCL, USP  CUSTOMER: ANDAPHARM 5315 NW 35 TERRACE FORT LAUDERDALE, FL 33309 DEA: RA0325642 TEL.: 954-486-7693 ATTN: KATHIE ROCKETT  END USE: VETERINARY PRODUCT ONLY. | 1000 KILOS 20 X 50 KGS DRUM | 1070 KILOS 20 X 53.5 KGS DRUM |

**3a.** [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE

KEELUNG, TAIWAN      05/01/2007

**3b.** [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE

NEWARK, NJ      05/30/2007

**4a.** MODE OF TRANSPORT; NAME OF VESSEL, CARRIER

OCEAN FREIGHT

**4b.** NAME OF ALL INTERMEDIATE CARRIERS

N/A

**5a.** NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR

TECHNOCO CO., LTD.
9 FL. NO. 1-2 NANKING WEST ROAD
TAIPEI, TAIWAN, R.O.C.

**5b.** NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES

N/A

SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)

LUZ CAZENEUVE TEL.: 516-466-7676

DATE: 4/10/2007

NAME OF FIRM: DASTECH INTERNATIONAL, INC.

DEA Form - 486      Copy 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al,    )
                                       )
                    Plaintiffs,        )
                                       )
            v.                         )          CIV. NO._____
                                       )
ALBERTO GONZALES, et al.,              )
                                       )
                                       )
                    Defendants.        )
                                       )

# Exhibit 26

PURCHASE ORDER 69108-043

| | |
|---|---|
| ORDER DATE | 3/21/07 |
| SELLER PROMISED TO SHIP | 3/30/07 |
| BUYER REQUEST SELLER TO SHIP | 3/21/07 |
| TERMS | NET 30 DAY |
| PROJECT# | |

COLLECT XX  PREPAID  PREPAID & ADD  OTHER

**SOLD TO**
REVERE SMELTING & REFINING
65 BALLARD ROAD
MIDDLETOWN, N.Y. 10941
(845) 692-4414

**SHIP TO**
REVERE SMELTING & REFINING
65 BALLARD ROAD
MIDDLETOWN, N.Y. 10941
(845) 692-4414

DASTECH INT.
10 CUTTER MILL ROAD
GREAT NECK,NY, NY 11001-

V# 24472

ORDER CONFIRMED WITH
JIM LINGLE
F.O.B. POINT
SHIPPING POINT
SHIP VIA
BEST WAY

SELL TO: (516)466-7676
DELIVER TO: MARLER, BRAD

| ITEM NO. | QUANTITY | UNIT OF MEASURE | CATALOG/PART NUMBER and/or DESCRIPTION | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|---|---|
| 3 | 4819.2 | LBS | PHOSPHORUS, RED 99.2OLB DRUMS, 351 DRUMS | 1.82 | 63370.94 |
| | | | BLANKET PURCHASE ORDER FOR INTERNAL USE ONLY. REVERE IS UNDER NO OBLIGATION/PENALTY IF CANCELED. HOLD FOR AUTHORIZED RELEASE. | | |
| | | | THIS IS AN ORDER, PLEASE SIGN AND CONFIRM THAT YOU AGREE WITH ALL TERMS AND CONDITIONS AS NOTED ON THIS DOCUMENT. CONFIRMATION FAXED BACK IS ESSENTIAL. MAKE SURE THAT ALL SHIPMENTS, INVOICES, ETC REFERENCE OUR PURCHASE ORDER NUMBER TO ENSURE PROPER PAYMENT. PLEASE FAX TO: (845)692-3306 ATTN: WILL CONJURA PHONE: (845)692-4414 EXT 229. THANK YOU. | | |
| | | | SIGNATURE | | |
| | | | ACCEPTANCE DATE | | |

A. Sign and return Acknowledgement Copy immediately if all items are not subject to immediate delivery.

B. Invoice in duplicate, showing purchase order number, item number, and Part number.

C. Taxes payable by Buyer to Seller must be itemized separately on Invoice.

D. Include Packing list in each shipment. Show Bill of Lading or Express Receipt Number and Purchase Order Number on all on all packages. Mark each container to show number of containers in shipment (such as 1 of 3). Attach Packing lists number one container. Show Purchase Order Number on all papers.

E. Packing list must show all applicable part numbers and Purchase Order Number.

F. No invoice shall be rendered against this Purchase Order until a firm price has been agreed upon which must be accomplished prior to Substantial Completion of this Order.

6. All deliveries are to be made only to the Receiving department.

| | | |
|---|---|---|
| Sub Total | | 63370.94 |
| TAX | | |
| Total | | |

Billing Address: 2777 STEMMONS FREEWAY, SUITE 1800, DALLAS, TX 75207
Send Copy Invoice to "Ship To" address. (214) 631-6070

Page 1 of 1

This Order is subject to the above instructions and the Purchase Order Terms and Conditions. ORIGINAL

WILL CONJURA
BUYER'S AUTHORIZED REPRESENTATIVE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al,

                Plaintiffs,

      v.

ALBERTO GONZALES, et al.,

                Defendants.

CIV. NO._____

## Exhibit 27

**U.S. Department of Justice**
Drug Enforcement Administration

IMPORT EXPORT DECLARATION
Precursor and Essential Chemicals

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

OMB Approval
No. 1117-0023

1. CHECK ONE:

[ ✓ ] IMPORT DECLARATION          [ ] EXPORT DECLARATION

**U.S. CUSTOMS CERTIFICATION**

| | |
|---|---|
| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) |
| DASTECH INTERNATIONAL, INC.<br>10 CUTTER MILL ROAD .<br>GREAT NECK, NY 11021<br>TEL 516-466-7676 | J.W. HAMPTON JR. - US CUSTOM BROKER<br>161-15- ROCKWAY BOULEVARD<br>JAMAICA, NY 11434<br>TEL 718-276-0301 |

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED         [ ✓ ] Check if applicable

Signature of Customs Official

### 2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| RED PHOSPHOROUS PHOSPHOROUS AMORPHOUS, UN1338<br><br>CAS NO.: 7723-14-0<br><br>LOT NO. :<br>NET WEIGHT:  45 KGS<br>GROSS WEIGHT: 51 KGS<br>MADE IN INDIA<br><br><br>OUR PURCHASE ORDER #PC-7162<br>DEA CONTROL # *5047483* | RED PHOSPHOROUS PHOSPHOROUS AMORPHOUS, UN1338<br><br>*Customer:*<br>RSR QUEMETCO<br>65 BALLARD RD.<br>MIDDLETOWN, NY 10941<br>TEL 845-692-4414 *257<br>LEAD SMELTER | 15,795 KILOS<br>351*45KGS DRUM | 17,901KILOS<br>351*51 KGS DRUM |

| | |
|---|---|
| 3a. [ ✓ ] FOREIGN   [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN   [ ✓ ] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
| SHANGHAI CHINA         04/20/2007 | PORT NEWARK, NJ         05/20/2007 |
| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
| OCEAN | N/A |
| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
| LIANGYUNGANG TONGJIA INTERNATIONAL CO. LTD<br>ROOM 615 NANGUANG BLD # 43 E HAILIAN RD<br>LIANYUNGANG, CHINA   TEL 518-5629319 | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 04/02/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    CIV. NO._____ |
| | ) |
| ALBERTO GONZALES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

Exhibit 28

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

Washington, D.C.  20537

Mr. Wang You Mei
Division Chief
China National Narcotics Control Commission
Chemical Investigations Division
Ministry of Public Security
14 Dong Chang An Street
Beijing, China  100741

APR 2 0 2007

Dear Mr. Mei:

The U.S. Drug Enforcement Administration (DEA) has received a request for a letter of no objection for the following shipment:

| | |
|---|---|
| U.S. Importer: | Dastech International, Inc. |
| | 10 Cutter Mill Road |
| | Great Neck, NY  11021 |
| Exporter: | Liangyungang Tongjia International Co. Ltd. |
| | Room 615 Nanguang Bldg #43 E. Hailian Rd. |
| | Liangyungang, China |
| DEA Control No.: | 5047483 |
| Chemical: | Red Phosphorous |
| Quantity: | 15,795 kilograms |
| Importer Ref. No.: | PC7162 |

Please be advised that the DEA has no objection to the proposed shipment at this time.  We wish to remind you however, that the DEA continues to have concern over diversion of this chemical to the clandestine manufacture of controlled substances and therefore this notice applies only to the identified shipment.

Any questions regarding this letter may be directed to this office at (202) 307-4780.  A copy of this letter of no objection will be faxed/mailed to the U.S. importer, and to the appropriate DEA offices.

Sincerely,

Alan G. Santos, Chief
Dangerous Drugs and Chemicals Section

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DASTECH INTERNATIONAL, INC., et al,    )
                                                                    )
                                                                    )
                          Plaintiffs,                   )
                                                                    )
            v.                                                   )          CIV. NO._____
                                                                    )
ALBERTO GONZALES, et al.,              )
                                                                    )
                                                                    )
                          Defendants.                )
                                                                    )

Exhibit 29

U.S. Department of Justice

**Import / Export Declaration
for List I and List II Chemicals**

Drug Enforcement Administration

| SEE REVERSE INSTRUCTIONS FOR PRIVACY ACT | OMB Approval No. 1117-0023 |
|---|---|

**1a.** Type of Transaction: [X] IMPORT  [ ] EXPORT  [ ] INTERNATIONAL | **1b.** Type of Submission: [ ] ORIGINAL  [X] AMENDED  [ ] WITHDRAWAL

**1c. WARNING!** 15-day advance notice required for initial shipment or for company that has lost regular importer or regular customer status. See 21 C.F.R. Part 1313 for further details.
[ ] I certify I have met the conditions for the waiver of 15-day advance notice requirement.

**DEA Control Number** (For DEA use only)

**2a.** U.S. IMPORTER/ U.S. EXPORTER / U.S. BROKER
(Name, address, telephone, and fax no.)

DASTECH INTERNATIONAL INC.
C/O HAWKS EXPRESS
1000 FRANK E RODGERS BLVD.
HARRISON NJ 07029

DEA Number (for List I only): **001277DRX**

Purchase/Invoice no. (optional) **PC-7162**

**2b.** IF IMPORT, LIST FOREIGN CONSIGNOR; IF EXPORT OR INTERNATIONAL TRANSACTION, LIST FOREIGN TRANSFEREE. (Name, address, telephone, and fax no.)

LIANGYUNGANG TONGJIA INTERNATIONAL CO. LTD
ROOM 615 NANGUANG BLDG. # 43 E. HAILIAN RD.
LIANGYUNGANG, CHINA
TEL 5185692319

Foreign permit no. (if applicable)

**3. Listed Chemicals to be Imported / Exported / Brokered**

| 3a. Name and Description of chemical appearing on label or container. For drug products, show dosage strength and dosage size. | 3b. Name of chemicals as designated by Title 21 C.F.R. 1310.02 | 3c. Number of containers, size, net weight of each chemical (kg). For drug products, show number of dosage units. | 3d. DATE OF ACTUAL IMPORT/EXPORT AND ACTUAL QUANTITY (To be completed by person named in (2a)) |
|---|---|---|---|
| RED PHOSPHOROUS PHOSPHOROUS AMORPHOUS UN 1338 CAS NO. : 7723-14-0 LOT NO: NET WEIGH : 45 KILOS GROSS WEIGHT: 51KILOS MADE IN CHINA OUR PURCHASE ORDER PC-7162 | RED PHOSHOROUS PHOSPHOROUS AMORPHOUS, UN1338 | 15,795 KILOS 351X 45KILO DRUMS RSR QUEMETCO INC. 65 BALLARD RD. MIDDLETOWN, NY 10941 TEL 845-692-4414 X 257 END USE LEAD SMELTER | *DEA # 5049366* |

**4a.** [X] FOREIGN  [ ] DOMESTIC
PORT OF EXPORTATION: **SHANGHAI CHINA**
APPROX. DEPARTURE DATE: **04/20/2007**

**4b.** [ ] FOREIGN  [X] DOMESTIC
PORT OF IMPORTATION: **PORT NEWARK , NJ**
APPROX. ARRIVAL DATE: **5/20/2007**

**5.** MODE OF TRANSPORTATION, NAME OF VESSEL, OR NAME OF CARRIER:
**OCEAN**

SIGNATURE OF AUTHORIZED INDIVIDUAL (Print or Type Name below Signature)

DATE:

Print Name: **LUZ CAZENEUVE  TEL 516-466-7676**

06/06/2007

DEA form - 486 (Previous version obsolete.)
September 2006

Copy  1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al,    ) | |
|    ) | |
| Plaintiffs,    ) | |
|    ) | |
| v.    ) | CIV. NO._____ |
|    ) | |
| ALBERTO GONZALES, et al.,    ) | |
|    ) | |
|    ) | |
| Defendants.    ) | |

# Exhibit 30

NOV 03 2006/FRI 09:15 AM  PHARMAKON LABS        FAX No. 813 887 3028                    P. 001/001

# Pharmakon Labs

6050 Jet Port Industrial Blvd.
Tampa, FL 33634
Toll Free: 1.800.888.4045
Main: 813.886.3216
Fax: 813.887.3028
www.pharmakonlabs.com

## BLANKET PURCHASE ORDER:

**COMPANY:** Dastech
**CONTACT:** Berny Aronson
**FAX#:** 1.516.466.7699

**SHIP VIA:** (WHEN RELEASED REQUESTED)
**P.O. NUMBER:** HH110306
**DATE PLACED:** 11.03.2006
**REQUESTED DELIVER DATE:** ASAP
**REQUESTED BY:** Hazel Hollingsworth

**AUTHORIZED BY:**
Edward "Ted" Jackson

*11-13-06*
*LETTER OF INTENDED*
*USE ( REVISED); LICENSES*
*+ SIGNED P.O. + LABELS*
*RECEIVED. ALL OK,*
*PER LUZ C. VERBALLY.*

| QUANTITY | DESCRIPTION | MANUFACTURE | COST |
|---|---|---|---|
| 240kg | Pseudoephedrine HCL 40 MESH, USP-28 | Cheng Fong | $75/kg |
| | | | |

PLEASE CONFIRM PRICING AND APPROXIMATE LEAD TIME VIA
FAX. ANY DIFFERENCES IN THIS PURCHASE ORDER MUST BE
CONFIRMED WITH THE BUYER BEFORE SHIPMENT TO
PHARMAKON LABS INC.

LEAD TIME

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al,                 )
                                                    )
                Plaintiffs,                         )
                                                    )
        v.                                          )        CIV. NO._____
                                                    )
ALBERTO GONZALES, et al.,                           )
                                                    )
                                                    )
                Defendants.                         )

# Exhibit 31

U.S. Department of Justice
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: [✓] IMPORT DECLARATION        [ ] EXPORT DECLARATION | U.S. CUSTOMS CERTIFICATION |
|---|---|

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.)<br><br>DASTECH INTERNATIONAL, INC.<br>C/O HAWKS EXPRESS INC.<br>1000 FRANK E. RODGERS BLVD.<br>HARRISON NJ 07029 TEL 973-344-5400 | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)<br><br>J.W. HAMPTON JR.<br>161-15- ROCKWAY BOULEVARD<br>JAMAICA, NY 11434<br>TEL 718-276-0301 | Date of Departure/Arrival<br><br>Name of Carrier/Vessel<br><br>Date of Certification<br><br>Signature of Customs Official |
|---|---|---|

| 1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED    [✓] Check if applicable | |
|---|---|

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine HCL, USP<br>CAS: 345-78-8<br>LOT:<br>NET WEIGHT: 25KILOS<br>GROSS WEIGHT:27 KILOS<br>NDC :<br>NO. 1/UP<br>MADE IN TAIWAN<br><br><br>OUR PURCHASE ORDER #<br>PK-6543<br>DEA CONTROL #5043679 | Pseudoephedrine, HCL<br><br><br><br><br><br><br>CUSTOMER : PHARMAKON LABS. INC.<br><br>ACTIVE INGREDIENT FOR:<br>TUSNEL COUGH SYRUP<br><br>Revised 12/8/06<br>(P.O) | 250 KILOS<br>10 X 25 KGS<br>DRUM | 270<br>KILOS<br>GROSS WEIGHT<br>10 X 27 KILO<br>DRUM |

Revised

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE<br><br>KEELUNG TAIWAN    12/15/06 | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE<br><br>JFK AIRPORT    12/20/06<br>PORT NEWARK, NJ    01/20/2007 |
|---|---|
| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER<br><br>OCEAN | 4b. NAME OF ALL INTERMEDIATE CARRIERS<br><br>N/A |
| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR<br><br>TECHNOCO CO. LTD.<br>9 FL. NO. 1-2 NANKING WEST ROAD<br>TAIPEI, TAIWAN | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES<br><br>N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)<br><br>LUZ CAZENEUVE | DATE<br><br>11/13/2006 | NAME OF FIRM<br><br>DASTECH INTERNATIONAL, INC. |
|---|---|---|

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., et al,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | CIV. NO._____ |
| ) | |
| ALBERTO GONZALES, et al.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |

Exhibit 32

# Delivery Order/Whse Release

10 Cutter Mill Rd., Great Neck, NY 11021
Tel: 516-466-7676  Fax# 516-466-7699

**Customer Information:**

Ship Date 3/30/2007    Release No.  19188-1

PO#:  439              Del Date: 4/2/2007

Released To:

HAWKS EXPRESS INC.

Ship To:

PHARMAKON LABS

for the account of:    Fax#
PHARMAKON LABS., INC.TAMPA

6050 JET PORT INDUSTRIAL BLVD.

TAMPA          FL        33634

| Ship Terms | | | Ship Via | Trucker's Name | |
|---|---|---|---|---|---|
| COLLECT | | | DELIVER BY: | UPS NEXT DAY SERVICE | |
| | | | | | Weight |
| Item Name | Ref# | Lot# | Qty | Net | Gross |
| Pseudoephedrine HCl 40 MESH, USP29 | 06-545 | 61103 | 2  25 | kgs drums | 27.5 kgs |
| Totals: | Pcs 2 | Net Wt. 50 kgs | | Gross Wt. 55 kgs | |

1ZA7805T0140886227

```
A7805T      MAR 30, 2007     ACT WT  121.0 LBS #PK 2
SERVICE 1DA                  BILL WT 122 LBS
TRACKING# 1ZA7805T0140886227      ALL CURRENCY USD
INVOICE NO.: PO#439
REF 2: REF#06-545/REL#19188-1    DV AMT  3800.00

HANDLING CHARGE 0.00          SERVICE  T/P USD
REFERENCE RATE CHARGES:          RS   0.00
DV 20.90        COD   0.00       SD   0.00
DC 0.00         HZMT  0.00       SP   0.00
AH 0.00         NTFY  0.00           395.44
TOT REF CHG  395.44       REF+HANDLING  395.44
```

**Special Instructions**
MSDS ENCLOSED, PLEASE ATTACH ALL ENCLOSED PAPERWORK TO SIDE OF EITHER DRUM, PUT P.O. # 439 ON BOTH SHIPPING LABELS. USE THIRD PARTY UPS A/C  351-R09, THIS IS COMPANY IN PROCESS OF BUYING PHARMAKON( NEWCO PHARM) INSURE EACH DRUM FOR $1,900.00, TOTALING $3,800.00  NEXT DAY AIR SERVICE DELY 4/2/2007

☒ Enclose Plist   ☐ Enclose Bill Of Lading   ☒ Coa    LLC
B/L Info.: POWDERS NOI  NMFC 136202-00 55
Haz-Info:

| Post-it® Fax Note | 7671 | Date 3/30/07 | # of pages ▶ / |
|---|---|---|---|
| To Hazel | | Co. Tech | |
| Co./Dept. Pharm | | Co. | |
| Phone # | | Phone # | |
| Fax # (813) 887 3628 | | Fax # | |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
DASTECH INTERNATIONAL, INC., et al,     )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )        CIV. NO._____
                                        )
ALBERTO GONZALES, et al.,               )
                                        )
                                        )
                Defendants.             )
_____)

Exhibit 33

05/04/2007  12:28  5164667144                    DASTECH                        #1533 P.002 /002

# DASTECH INTERNATIONAL, INC.

10 Cutter Mill Rd. Great Neck NY 11021
Tel 516-466-7676 Fax 516-466-7699
e-mail info@dastechint.com

## RETURN AUTHORIZATION
### RTV No.: 07-001

Date:  May 3, 2007

Issued To:  SAGE PHARMACEUTICALS, Shreveport, LA

Attention:  MR. DAVID C. CHEN

Product:  PSEUDOEPHEDRINE HCL

Shipped Date: Nov. 13, 06  Order No.: 611131733R          Our Rel No.:  18660-1

Quantity: 40 KG    No. of Pieces: 2 X 20 KG DR    Weight:

Lot Numbers:  REF 04-309A, lot # 40402 (SAGE lot S389406)

Approved by: Luz Cazeneuve        Date: 05/03/07

*(handwritten top right: 18660-1, Sage (2), 11/17/07)*

### RETURN PRODUCT INFORMATION: (To be completed by Customer)
Product: Pseudoephedrine HCl, USP

Quantity Received: 40 Kg     No. of Pieces: 2     Weight: 39.850

Seals: Yes/ No  YES

Lot Number(s): 40402

If Qty not the same as received, please explain - sampled , etc.
Removed 150 grams for Testing-Sampled

### RECEIVING INFORMATION: (To be completed by Dastech warehouse)
Product: Pseudoephedrine HCl, USP 27

Quantity Received: 40 KG     No. of Pieces: 2     Weight:

Seals: Yes / No     Lot Number(s): 40402
Comments: The seals are Cable ties and Lids are wrapped in Duct Tape

Received by: Elena Doy        Warehouse: _____

CC: (Warehouse)