UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> ALBERTO GONZALES, *et al.* <br><br> **Defendant.** | Civil Action 07-01296 (HHK) |

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND
HOLDING IN ABEYANCE THE PRELIMINARY INJUNCTION**

Before the court are plaintiffs' motions for a temporary restraining order [# 3] and for a preliminary injunction [#4], filed July 20, 2007. Upon consideration of the motions, the opposition thereto, the oral arguments of counsel at a hearing, and the record in this case, the court concludes that the motion for a temporary restraining order should be denied and the motion for a preliminary injunction held in abeyance pending further briefing.

Plaintiffs, Dastech International, Inc. and Dastech Industries, Ltd., (collectively "Dastech"), are New York corporations that import and distribute chemicals and pharmaceutical products. Dastech is registered with the Drug Enforcement Agency ("DEA") to import so-called "List 1" substances, which are legitimate chemicals that may also be used in the clandestine manufacturing of controlled substances prohibited by the Controlled Substances Act, 21 U.S.C. § 802(34). Pseudoephedrine and red phosphorous are List 1 chemicals which may be used to illegally manufacture methamphetamine.

On or about June 21, 2007, the DEA pursuant to seizure warrants seized approximately 50 drums of pseudoephedrine and 345 drums of red phosphorous, property that belongs to Dastech, from a warehouse operated by Hawk's Express and from a U.S. Customs facility, both in New Jersey.  Pls.' Mot. for TRO ¶¶ 10–11.  A DEA investigation had revealed discrepancies in Dastech's records regarding the shipment of these chemicals and the DEA had received information that Dastech was intending to ship these chemicals to locations which were not authorized to receive them, in violation of 21 U.S.C. § 843(a)(9).  *See* Declaration of DEA Supervisor Richard Tilney ¶¶7–8.  DEA agents also obtained a "voluntary surrender" of Dastech's certificates of registration to import List 1 chemicals to Hawk's Express, which is authorized to store List 1 chemicals for Dastech.  The "voluntary surrender" was executed by Neil Villacari, the owner of Hawk's Express, from whom the agents seized the registration certificates.

Dastech seeks a temporary restraining order that would prevent the DEA from (1) refusing to give full force and effect to Dastech's registrations; (2) recognizing Villacari's surrender of such registrations; and (3) destroying Dastech's property (worth approximately $235,000) which was seized by the DEA in June 2007.  Dastech contends that it will suffer irreparable harm if the seized chemicals are destroyed and that it has no adequate remedy at law because DEA has not initiated formal forfeiture proceedings.  Dastech further asserts that Villacari had no authority to surrender its registrations and that its reputation has been irreparably damaged by the suspension of its privileges to import chemicals to the Hawk's Express facility.

A court may issue interim injunctive relief only when the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction is not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *Biovail Corp. v. U.S. Food and Drug Admin.*, 448 F. Supp. 2d 154, 158 (D.D.C. 2006). The factors relate on a sliding scale — a strong showing on one prong may compensate for a weaker showing on another. *Id.* A movant must demonstrate at least "some injury," however, or the court need not consider the other factors. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

With regard to the seizures of the chemicals, Dastech has not demonstrated that it will be irreparably harmed absent an order from this court. At the hearing both parties informed the court that the DEA had recently served Dastech with notice that it was initiating a forfeiture proceeding regarding the confiscated chemicals. The Government indicated, and Dastech did not dispute, that Dastech has until August 24, 2007, to notify the DEA that it intends to contest the seizure, during which time the chemicals will not be destroyed. Thus, there is no imminent danger that the chemicals will be destroyed while Dastech pursues its rights in connection with the forfeiture proceeding.

With regard to the registration certificates, Dastech has also failed to show that it will suffer irreparable harm in the absence of a court order. The DEA Administrator has the authority to suspend any importation of List 1 chemicals based on evidence that the chemical "may be diverted to clandestine manufacture of a controlled substance." 21 U.S.C. § 971(c); *see also* 21

C.F.R. § 1313.41(a). Once a registration has been suspended, the DEA will only hold a hearing on the matter if the former registrant files a "written request." *See* 21 C.F.R. § 1313.41(b). Dastech acknowledged during this court's hearing that it has not filed a written request objecting to the suspensions at issue and seeking a hearing before the DEA. Thus, any continuing harm flows from Dastech's failure to pursue its remedies available under the applicable statute and regulations, not from the absence of an order of this court.

As for Dastech's due process arguments relating to alleged harm to its reputation, the Court of Appeals for this Circuit has held that a company *may* have a "liberty interest in avoiding damage to its reputation and business caused by a stigmatizing suspension." *Reeve Aleutian Airways, Inc. v. United States*, 982 F.2d 594, 598 (D.C. Cir. 1993) (concluding that suspending an airline from participating in military program based on safety allegations creates a lasting blemish on the company's reputation equivalent to the "scarlet letter pinned across the heart of Hester Prynne"). Mere harm to reputation alone, however, is insufficient; the harm must be in conjunction with or stem from "some tangible change in status." *O'Donnell v. Barry*, 148 F.3d 1126, 1141 (D.C. Cir. 1998). Here, it is not at all clear that Dastech has or will suffer "some tangible change in status" of the kind this Circuit's case law requires to warrant injunctive relief.

For the foregoing reasons, the court concludes that it must deny Dastech's motion for a temporary restraining order. Accordingly, it is this July 25, 2007, hereby

**ORDERED** that Dastech's motion for a temporary restraining order [#3] is **DENIED**; and it is further

**ORDERED** that the government shall file its opposition to Dastech's motion for a preliminary injunction by no later than August 3, 2007; and Dastech shall file a reply by no later than August 8, 2007.

Henry H. Kennedy, Jr.
United States District Judge