UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al.,)
                                    )
            Plaintiffs,             )
                                    )
      v.                            )Civil Action No. 07-1296 HHK
                                    )
ALBERTO GONZALES, et al.,           )
                                    )
            Defendants.             )
_____)

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION

I.  INTRODUCTION

Plaintiffs import and distribute chemicals,[1] including those that can be used to make methamphetamine and/or other dangerous drugs.  To date, Defendants have documented several errors and omissions in the documentation designed to ensure that chemicals used to manufacture Methamphetamine are not available for the

_____

[1]  According to the copies of the Domestic Chemical Diversion Control Registration Certificates proffered by Plaintiffs, the "CHEMICAL IMPORTER" certificate was issued to:

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000

Plaintiffs' Exhibit 2; Affidavit of Neil Villacari, ¶ 3.

The "CHEMICAL DISTRIBUTOR" certificate was issued to:

DASTECH INDUSTRIES, LTD
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000

Plaintiffs' Exhibit 6; Affidavit of Neil Villacari, ¶ 3.

manufacture of this illicit and dangerous drug.[2]  When some of
these errors were brought to the attention of Neil Villacari, who
ran one of the three remaining locations where Plaintiffs have
recently operated, Mr. Villacari told DEA that he no longer
wanted to do business with Plaintiffs and surrendered the
certificates that were left in his custody.  DEA sought and
secured seizure warrants from the United States District Court
for the District of New Jersey and seized various chemicals that
could be used to make Methamphetamine.  See Exhibits 10-12
(Seizure Warrants).

Plaintiffs complain that the DEA should not have accepted
the voluntary surrender of the registrations to import and export
these List I chemicals, because the individual who voluntarily
surrendered them (Neil Villacari) was coerced into surrendering
them and because Mr. Villacari "did not have authority to sign
the Voluntary Surrender forms on behalf of Dastech. . ."  See
Affidavit of Neil Villacari (Plaintiffs' Exhibit 8), ¶ 7.  A
review of the facts reveals that the DEA acted properly in
accepting the Voluntary Surrender forms from Mr. Villacari when
they did.  Mr. Villacari had, after all, access to the property
listed on the registration certificates, control over that
location and over the paperwork that the registrants were

_____

[2]  See June 21, 2007 Affidavit Of William J. Salera ("Salera
Aff.") (Docket No. 11); August 10, 2007 Second Declaration Of
Richard Tilney ("Second Tilney Decl."), ¶¶ 11-21.

supposed to keep; and he was, in fact, the sole shareholder of the company that the registrant is described as being in the <u>care of</u>.[3]  Nevertheless, DEA has considered the assertions made in the declarations provided by Plaintiffs as a challenge to, or request to withdraw, the voluntary surrenders, and has agreed that the Registrations shall remain in effect unless and until further action is taken either to surrender the registrations by the Plaintiffs or to suspend the registrations under DEA regulations. <u>See</u> Exhibit 18 (August 3, 2007 Letter to Plaintiffs).[4]  This aspect of Plaintiffs' request for injunctive relief is therefore moot.

Plaintiffs also challenge DEA's seizure of the various chemicals pursuant to the warrants issued by the United States District Court for the District of New Jersey.  <u>See</u> Exhibits 10-12 (Seizure Warrants).  The propriety of those seizures can be adequately resolved through the forfeiture process that is now admittedly underway.  <u>See</u> July 25, 2007 Order at 3.  Until those procedures have been concluded, the property will remain

---

[3]  As noted in the Villacari Affidavit and in the registration certificates, Plaintiffs are identified as "c/o Hawks Express Inc.".  Plaintiffs' Exhibits 2, 6; Villacari Aff., ¶ 3.

[4]  Of course, Plaintiffs remain subject to the limitations that may be placed on their importation of chemicals under 21 U.S.C. § 971(c)(1) and 21 C.F.R. § 1313.12.  Should their importations be suspended, however, they would be entitled to a hearing pursuant to 21 U.S.C. § 971(c)(2).

safeguarded.[5]

Plaintiffs seek a preliminary injunction that would enjoin Defendants from 1) refusing to give full force and effect to Plaintiffs' DEA Registrations; 2) recognizing the "voluntary surrender" forms executed by Mr. Villacari; 3) seizing, keeping, destroying or otherwise preventing Plaintiffs from possessing and selling the property seized by DEA on June 21, 2007; and 4) that would require the return of the property seized.  See Plaintiffs' Motion For A Preliminary Injunction ("Motion For PI") at 1.[6]

---

[5]  Even if the property were lost or destroyed, the Plaintiffs would have avenues available to them to secure monetary relief through the administrative forfeiture action. See 28 C.F.R. § 9.9(b) "If forfeited property has been sold or otherwise disposed of prior to a ruling, the Ruling Official may grant relief in the form of a monetary amount. . . .  The proceeds of the sale shall be distributed as follows: (1) Payment of the government's expenses incurred incident to the forfeiture and sale, including court costs and storage charges, if any; (2) Payment to the petitioner of an amount up to his or her interest in the property. . .").

[6]  Although not sought in the Motion For PI, Plaintiffs also suggest language in their proposed order requiring that the Defendants "refrain from further making false representations and other defamatory, false and harassing representations to Plaintiffs' customers and business associates." See "[Proposed Order] Granting Plaintiffs' Motion For A Preliminary Injunction." Plaintiffs make no effort to explain why or under what authority the Court should impose such limitations on what DEA may say about the Plaintiffs if further investigation into wrongdoing by the Plaintiffs were conducted.  Entry of such a vague judicial limitation on the Agency would be both unwarranted and too cumbersome to enforce.  For instance, were Plaintiffs' language adopted, DEA could be kept from recounting allegations lodged against the Plaintiffs in an investigation into those allegations, before DEA had completed its investigation to determine the truth of those very allegations.  Such an unsupported effort to thwart an investigation before it could be

These elements of the sought-after order were dealt with by the
Court following the hearing on July 24, 2007:

> At the hearing both parties informed the court that the
> DEA had recently served Dastech with notice that it was
> initiating a forfeiture proceeding regarding the
> confiscated chemicals.  The Government indicated, and
> Dastech did not dispute, that Dastech has until August
> 24, 2007, to notify the DEA that it intends to contest
> the seizure, during which time the chemicals will not
> be destroyed.  Thus, there is no imminent danger that
> the chemicals will be destroyed while Dastech pursues
> its rights in connection with the forfeiture
> proceeding.
>
>     With regard to the registration certificates,
> Dastech has also failed to show that it will suffer
> irreparable harm in the absence of a court order.

July 25, 2007 Order at 3.  Nevertheless, as noted above,

Plaintiffs' Registrations remain in effect, because DEA has

agreed to treat the registrations as currently valid.  Exhibit

18.  Plaintiffs' requests for injunctive relief regarding the

registrations are therefore moot.  Their claim for return of the

chemicals seized is premature, given the ongoing administrative

process that has only recently begun.[7]

---

started would leave Plaintiffs nearly unanswerable for future
misconduct.  And, the Court could find itself embroiled in every
step of an administrative investigation, raising significant
separation of powers concerns.  See J.S.G. Boggs v. Bowron, 842
F. Supp. 542, 548 (D.D.C. 1993).

[7]  When Plaintiffs filed the instant action Plaintiffs had
not yet received the Notice Of Seizure forms advising them of the
availability to challenge the forfeitures of the chemicals.  See
Exhibit 13-17D (Notice of Seizure Forms).  Even if the chemicals
were taken without the appropriate level of "due process",
Plaintiffs would not suffer any injury that is "irreparable,"
because they would be able to establish in the forfeiture

## II.  STATUTORY AND REGULATORY BACKGROUND

A.    Statutory background.

Plaintiffs are registered to import and distribute List I chemicals, which includes ephedrine, pseudoephedrine, phenylpropanolamine and red phosphorus.  21 U.S.C. § 802 (34); see also 21 C.F.R. § 1310.02 (a).  These chemicals are often illegally "diverted" for use in the clandestine manufacture of methamphetamine, a controlled substance.  See Second Tilney Decl., ¶ 3.  In an effort to stem illegal methamphetamine production, Congress has passed a number of comprehensive measures, including the Chemical Diversion and Trafficking Act of 1988 ("CDTA"), the Domestic Chemical Diversion Control Act of 1993 ("DCDCA"), and the Comprehensive Methamphetamine Control Act of 1996 ("the Acts"), all of which are designed to impose upon distributors and sellers of List I chemicals various duties to control theft, loss, and otherwise illegal diversion of List I chemicals to clandestine laboratories.  See Second Tilney Decl., ¶ 3.

---

proceedings that they are entitled to return of the property. Plaintiffs, therefore, will not likely suffer any irreparable injury from the seizures.  Indeed, Plaintiffs will not suffer any hardship given their ability to ship chemicals to other registered locations (in either Illinois or New York), see Complaint, ¶ 24, and in light of DEA's August 3, 2007 determination that Dastech's registrations shall remain valid, pending such administrative action as may be taken in the future.

B.   Registration requirements.

The Acts require that anyone who manufactures, imports, exports or distributes List I chemicals must be considered a "regulated person" and must register with DEA.  21 U.S.C. §§ 802(38), 843(a)(9); see also 21 C.F.R. § 1309.21.  A person who knowingly distributes or imports a listed chemical without being registered shall be sentenced to a term of imprisonment of up to four years, fined, or both.  Id., at § 843 (d)(1).  Second Tilney Decl., ¶ 4.

By law, "every person who manufactures or distributes any . . . List I chemical . . . shall obtain annually a registration issued by the Attorney General. . ."  21 U.S.C. § 822 (a).  If that person also desires to import a List I chemical, a separate registration must be obtained.  21 U.S.C. § 957 (a); see also 21 C.F.R. § 1309.21 (a).  Moreover, any registration must be specific to the particular List I chemical to be handled.  21 U.S.C. § 822 (e) (distribution); 21 U.S.C. § 958 (b) (importation).  For instance, a registration that permits a distributor and/or importer only to handle red phosphorus would not be sufficient to import ephedrine.  Second Tilney Decl., ¶ 5.

The purpose of registration is multi-fold.  In order to strike a balance between allowing the chemical handler to pursue legitimate business while limiting the availability of chemicals for illicit drugs, the Acts require List I chemical handlers and

dealers to take specific measures to prevent illegal diversion of
their products.  For instance, they must (1) obtain proof of
identity from their customers; (2) maintain retrievable receipt
and distribution records; (3) report to DEA any suspicious
orders; and (4) provide controls and procedures to guard against
theft and diversion.  21 U.S.C. §§ 830(a), (b)(1), 823(h); see
also 21 C.F.R. §§ 1310, 1310.05(a)(1), and 1309.71-73.  DEA also
has the authority to conduct inspections of registrants' places
of business, including warehouses and factories, where regulated
persons lawfully hold, distribute, or manufacture List I
chemicals.  21 U.S.C. § 822(f); 21 C.F.R. § 1316.03.

One of the most important aspects of the registration
process is the "pre-registrant" investigation.  Here, DEA
determines the fitness and suitability of the applicant to ensure
the applicant is familiar with the responsibilities associated
with handling List I chemicals.  DEA also conducts background
checks of applicants, reviews the applicant's security and record
keeping procedures, and interviews key employees.  At a minimum,
these measures are necessary to minimize employee theft,
in-transit loss, and the deliberate diversion of List I chemicals
for illegal methamphetamine production.

When a distributor or seller of List I chemicals maintains
multiple locations for distributing, selling, and/or importing
List I chemicals, a separate registration is required for each

location.  21 U.S.C. § 822(e); 21 C.F.R. § 1309.23-24; see also 21 U.S.C. § 958(h) (separate registration required for each principal place of business where List I chemicals are imported). This is necessary because, without separate registrations, DEA would be unable to identify and/or inspect the new location where List I chemicals were sold or otherwise distributed.  There are only two exceptions to the separate registration requirement.  A registered distributor who stores chemicals at a warehouse is exempt from registering the warehouse, for instance, if no chemicals are distributed from the warehouse and are returned to the registered location prior to distribution (italics added). 21 C.F.R. § 1309.23 (b)(1).  Also, a separate registration is not required for a location used by an agent of the registrant to merely solicit sales as long as the agent does not use the location as a distribution point or storage facility.  Id., at § 1309.23 (b)(2).  In other words, if no List I chemicals are distributed from, manufactured at, or imported to the facility, a separate registration is generally not required.  Second Tilney Decl., ¶¶ 5-6.

    C.   Suspension of imports.

    In addition to the registration requirement, any importer of a List I chemical is also required to notify the DEA Administrator of each importation not later than 15 days before the importation is to take place.  See 21 C.F.R. § 1313.12 (a).

- 9 -

Unless the notice requirement is waived, the regulated person must complete a DEA Form 486 and deliver it to DEA not later than 15 days prior to the importation.  See 21 U.S.C. § 971(a); 21 C.F.R. § 1313.12 (b).  The DEA Form 486 must include, among other things, the accurate name and address information about the chemical importer and/or broker, the name and description of each listed chemical, the amount of chemical to be shipped, the proposed import date, the foreign port of exportation, and the United States Customs Port of Entry.  See 21 C.F.R. § 1313.13 (c).  Second Tilney Decl., ¶ 7.

Pursuant to 21 U.S.C. § 971 (c) and 21 C.F.R. § 1313.41 (a), the DEA Administrator has the authority to suspend any importation or exportation of ephedrine, pseudoephedrine, phenylpropanolamine, or red phosphorus based on evidence that the chemical proposed to be imported or exported may be diverted to the clandestine manufacture of a controlled substance.  Though there is currently no statutory definition of "evidence that the chemical proposed to be imported may be diverted to the clandestine manufacture of a controlled substance," through prior adjudication, DEA and the courts have approved the use of a "totality-of-the-circumstances test" to decide whether substantial evidence exists to suspend an importation of List I chemicals.  See PDK Laboratories, Inc. v. United States Drug Enforcement Administration, 438 F.3d 1184, 1194 (D.C. Cir. 2006);

Indace, Inc., Suspension of Shipments, 69 Fed. Reg. 67,951, 67,959 (Nov. 22, 2004).  Second Tilney Decl., ¶ 8.

In past cases, DEA has found that violations relating to the filing of DEA forms 486 combined with other regulatory violations "ultimately contribute to the finding . . . that the [chemicals at issue] may be diverted."  Mediplas Innovations, Suspension of Shipments, 67 Fed. Reg. 41,256, 41,263.  Moreover, List I chemical recordkeeping discrepancies constitute violations of 21 U.S.C. §§ 830(a) and 842(a)(10) and 21 C.F.R. §§ 1310.03 and 1310.06.  Such discrepancies, according to DEA, have also been showed to create a "grave risk of diversion."  67 Fed. Reg. at 41,263.

D.    Revocation and Suspension of Registrations.

If the DEA Administrator, as delegated by the Attorney General, makes a finding that a registrant "has committed such acts as would render his registration . . . inconsistent with the public interest," the Administrator may revoke or suspend the registration.  21 U.S.C. 824 (a) (4) (distribution); 21 U.S.C. 958 (d) (2) (importation).  In determining the public interest, the Administrator shall consider the following factors enumerated in 21 U.S.C. 823 (h):

(1)  maintenance by the applicant of effective controls against diversion of listed chemicals into other than legitimate channels;

(2)  compliance by the applicant with applicable Federal, State, and local law;

- 11 -

(3)  any prior conviction record of the applicant under Federal or State laws relating to controlled substances or to chemicals controlled under Federal or State law;

(4)  any past experience of the applicant in the manufacture and distribution of chemicals; and

(5)  such other factors as are relevant to and consistent with the public health and safety."

21 U.S.C. § 823 (h).

Accordingly, the Administrator has discretion immediately to suspend any registration . . . "in cases where [she] finds that there is an imminent danger to the public health and safety."  21 U.S.C. § 824(d).  Such a suspension shall be immediate and shall "continue in effect until the conclusion of all proceedings. . ." Second Tilney Decl., ¶ 9.

### III.  ARGUMENT

#### A.  Standard For Injunctive Relief

In order to warrant injunctive relief a plaintiff must show (a) that there is a substantial likelihood that it will prevail on the merits; (b) that it will be irreparably harmed absent preliminary injunctive relief; (c) that the issuance of a preliminary injunction will not significantly harm defendants or other interested parties; and (d) that the public interest will be furthered by the injunction.  Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1505-06 (D.C. Cir. 1995); NTEU v. United States, 927 F.2d 1253, 1254 (D.C. Cir. 1991); Randolph-Sheppard Vendors v. Weinberger, 795 F.2d 90, 110 (D.C. Cir. 1986);

Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 843 (D.C. Cir. 1977); Virginia Petroleum Jobbers Ass'n
v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958).  Plaintiffs cannot
meet the heavy burden for obtaining emergency injunctive relief.

        B.    Plaintiffs Have Failed To Satisfy The Requirements
            Governing Issuance Of A Preliminary Injunction.

            1.    Plaintiffs Cannot Demonstrate A Likelihood Of
                  Prevailing On The Merits Of the Complaint.

As noted above, in order to obtain preliminary injunctive
relief, a plaintiff must demonstrate a substantial likelihood of
prevailing on the merits of its claim.  Virginia Petroleum
Jobbers Ass'n v. FPC, 259 F.2d at 925.

> It is particularly important for plaintiffs to
> demonstrate a substantial likelihood of success on the
> merits. Morgan Stanley DW Inc. v. Rothe, 150 F.Supp.2d
> 67, 73 (D.D.C. 2001).  Where a plaintiff cannot show a
> likelihood of success on the merits, "it would take a
> very strong showing with respect to the other
> preliminary injunction factors to turn the tide in
> plaintiff['s] favor."  Davenport v. Int'l Brotherhood
> of Teamsters, AFL-- CIO, 166 F.3d 356, 367 (D.C. Cir.
> 1999).

Center For Law and Education v. U.S. Dept. of Education, 209
F.Supp.2d 102, 114 (D.D.C. 2002).  Plaintiffs cannot demonstrate
that they will prevail in the claim that the Agency lacked the
authority to act as it did, but the claims are moot in any event.

                        Factual background.

As stated above, Plaintiffs are registered to import and
distribute List I chemicals.  Second Tilney Decl., ¶ 10.
Currently, Plaintiffs have registrations in three different

locations, including Harrison, New Jersey (c/o Hawk's Express), Bridgeview, Illinois (c/o Chicagoland Quad Cities), and Staten Island, New York (c/o Cody Enterprises). Second Tilney Decl., ¶ 10.

On February 15, 2007, DEA received a completed DEA Form 486 from Plaintiff, listing the registrant as Dastech International, Inc c/o Hawks Express, Inc., 1000 Frank E. Rodgers Boulevard, Harrison, New Jersey. ("Dastech c/o Hawks"). (Exhibit ("Ex.") 1. On the form, Dastech c/o Hawks declared it intended to import 1000 kilograms of pseudoephedrine HCl (aka pseudoephedrine) to its registered location at 1000 Frank E. Rodgers Boulevard, Harrison, New Jersey. (DEA Control No.: 5046178). Dastech c/o Hawks listed J.W. Hampton Jr., Jamaica, New York, as the United States Customs broker. Second Tilney Decl., ¶ 11.

The information on the DEA form 486, however, was inaccurate when compared to information received by the United States Customs Border Protection ("CBP"). The CBP data, attached as Exhibit 2, showed that the same shipment of pseudoephedrine was actually being imported to Vanguard Logistics (aka NACA Logistics) at 300 Middlesex Avenue, Carteret, New Jersey ("Vanguard"), an unregistered location. Id. Additionally, the CBP data showed that the actual U.S. Customs Broker was not J.W. Hampton, Jr., but J.M Rodgers and that the shipment was ultimately destined for yet another unregistered location,

- 14 -

Dastech's New York location at 10 Cuttermill Road, Great Neck, New York. ("Dastech/Great Neck, New York").  Id.

DEA investigators then obtained documents from Vanguard which confirmed the CBP data.  Vanguard produced an "Arrival Notice and Invoice," attached as Exhibit 3, which showed that the pseudoephedrine was in fact destined for Vanguard Logistics in Carteret, New Jersey, an unregistered location.  This document referred to the same shipment described in the DEA form 486 but, unlike the DEA 486, never identified Dastech c/o Hawk's as being involved with the import.  Exhibit 3.  Because neither the Vanguard location nor the Dastech/Great Neck, New York locations are registered locations, a shipment of pseudoephedrine to either location would have been in violation of  21 U.S.C. 843 (a)(9), 21 C.F.R. 1309.21, and 21 C.F.R. 1309.23.  Second Tilney Decl., ¶ 11.

On March 28, 2007, DEA received another completed DEA Form 486 from Dastech c/o Hawks for 1000 kilograms of pseudoephedrine HCl.  Exhibit 4 at 1-2.  This shipment was imported into the United States along with 1000 kilograms of Phenylpropanolamine, also shipped pursuant to a DEA-486 submitted by Dastech c/o Hawks and received by DEA on April 10, 2007.  Exhibit 4A at 1-2.  Copies of both DEA forms 486 are attached as Exhibits 4-4a and, like the DEA 486 discussed above, both forms listed J.W. Hampton as the customs broker.  Second Tilney Decl., ¶ 12.

Again, the CBP data received by DEA contradicted the information on the DEA forms 486.  According to the CBP, these shipments of phenylpropanolamine and pseudoephedrine were actually scheduled to be shipped to the Dastech/Great Neck, New York location, an unregistered location.  Exhibit 5; Second Tilney Decl., ¶ 12.

Additionally, a review of CBP paperwork and information obtained by DEA revealed that the shipments described in Exhibits 4,4A, and 5 were being handled by Sal/Son Trucking, 888 Doremus Avenue, Newark, New Jersey.  Again, this location was not registered by DEA.  Second Tilney Decl., ¶ 13.

DEA investigators contacted the owner of Hawk's Express, Neil Villacari, who was asked about the shipments described in Exhibits 4, 4A, and 5.  Though Mr. Villacari is the owner of the company reportedly handling the imports, he told investigators he was not involved with the imports and had received no information from Dastech regarding the imports.  Second Tilney Decl., ¶ 14. On April 20, 2007, DEA contacted J.W. Hampton, Jr. and Company, the listed customs broker, and spoke to Maureen Shoule about the imports described above. Ms. Shoule advised that her company was not involved with these imports had not filed any documents with the U.S. Customs Service for the importation of pseudoephedrine or phenylpropanolamine.  Id.

On June 4, 2007, DEA served a Notice of Inspection of

Controlled Premises on the manager of Hawk's Express, Inc., Dino DeGregorio.  Exhibit 8; Second Tilney Decl., ¶ 15.   DEA Diversion Investigator and Group Supervisor ("GS") Richard Tilney asked Mr. DeGregorio for documents pertaining to the shipments of all List I chemicals between December 2006 to June 2007.  Mr. DeGregorio stated that he could not locate any documents but stated that the owner of Hawk's Express, Neil Vallicari, possessed them.  GS Tilney was told to return to Hawk's Express the following day and the documents would be produced.  Second Tilney Decl., ¶ 15.

On June 5, 2007, GS Tilney met with Mr. Villacari, who produced some importation documents, including originals,  but none that pertained to the shipments declared in Exhibits 1, 4, and 4A; Second Tilney Decl., ¶ 16.  Nor did Mr. Villacari produce any documents pertaining to the 10-25 kilogram drums of pseudoephedrine which were found on the premises of Hawk's Express.  Mr. Villacari was also specifically asked about the shipments of pseudoephedrine and phenylpropanolamine that were shipped to Sal/Son Trucking in Newark, New Jersey and were currently being detained at the customs warehouse in Staton Island, New York.  Mr. Villacari stated he had documentation for either shipment and only learned of the shipment when contacted by the CBP.  Id.

During this meeting with GS Tilney, Mr. Villacari stated

- 17 -

that he would no longer be handling List I chemicals for the
Plaintiff.  Second Tilney Decl., ¶ 17.  Mr. Villacari stated
that, as a result of imports being documented as destined for his
warehouse when in fact no shipments were actually arriving, it
was in his best interest to cease acting as an agent for the
Plaintiffs and surrender his ability to handle List I chemicals.
Accordingly, Mr. Villacari voluntarily surrendered the DEA
registrations assigned to Dastech c/o Hawks by signing two DEA
forms 104c.  Exhibits 6-6A; Second Tilney Decl., ¶ 17.  Prior to
signing the forms and surrendering the registration certificates,
Mr. Villacarri was not threatened with any action against him nor
were any promises made to him in exchange for surrendering the
registrations.  Mr. Villacari also never indicated that he had no
authority to surrender the registrations.  To the contrary, he
stated that he no longer wished to act as Plaintiffs' "agent" and
that, as the president of the company listed as the import
location, he was ceasing all handling of List I chemicals.
Second Tilney Decl., ¶ 17.

     In executing the DEA forms 104c, Mr. Villacari explicitly
stated that he desired to "terminate handling of all List I
chemicals."  Exhibits 6-6A; Second Tilney Decl., ¶ 18.  By
signing the forms, he consented to having the DEA registrations
revoked "without an order to show cause, a hearing, or any other
proceeding."  Id.  The following day, on June 6, 2007, GS Tilney

- 18 -

sent, by facsimile, two DEA forms 104c to Luz Cazeneuve, Plaintiffs' Operations Manager. Based on Mr. Villacari's surrender of the DEA registrations, GS Tilney instructed Ms. Cazeneuve to also sign identical surrender forms. However, Ms. Cazeneuve did not respond. Second Tilney Decl., ¶ 18.

Following the surrenders by Mr. Villacari, GS Tilney contacted Ms. Cazeneuve and requested she produce all records pertaining to List I chemical transactions from December 2006 to June 2007. Ms. Cazeneuve's attorney, Max Kravitz, requested an extension of time during which to produce the records. GS Tilney agreed to the extension and on June 18, 2007, he and two other diversion investigators met with Plaintiffs' attorneys, Max and Janet Kravitz, as well as with Ms. Cazeneuve. During that meeting, Ms. Cazeneuve produced a collection of records, reportedly related to List I chemical transactions between December 2006 and June 2007. Second Tilney Decl., ¶ 19.

Also during that meeting, Dastech's attorneys were asked about submitting the DEA forms 104c, indicating Dastech's decision to surrender their registrations. The attorneys told GS Tilney that they would discuss the matter. At no time during the meeting, did Dastech's attorneys or Ms. Cazeneuve protest Mr. Villacari's surrender of Dastech's registrations or attempt challenge Ms. Villacari's authority surrender the registrations. Second Tilney Decl., ¶ 20.

On June 21, 2007, DEA Diversion Investigator ("DI") William J. Salera applied for a seizure warrant, alleging numerous violations on the part of Plaintiffs and indicating that Mr. Villacari (1) voluntarily surrendered Plaintiffs' DEA registrations; (2) stated that he no longer wanted to retain the DEA registrations; and (3) stated that his company, Hawk's Express, would no longer act as a registered location for Dastech International, Inc. Exhibit 9. Based on DI Salera's belief at the time that Mr. Villacari had authority to surrender the registrations and had elected to cease handling all List I chemicals for Plaintiff, DI Salera concluded that Plaintiffs could no longer import or distribute List I chemicals from the Dastech c/o Hawk's location. See 21 C.F.R. 1309.62 (a) (registration shall terminate whenever registrant "discontinues business or professional practice" at registered location). Second Tilney Decl., ¶ 22.

That same day, United States Magistrate Judge Patty Schwartz issued three seizure warrants. Exhibits 10-12; Second Tilney Decl., ¶ 23.[8] The warrants were executed and the chemicals were seized. On July 19-20, 2007, DEA promptly issued Notices of Seizure to Plaintiffs and others with regards to all the

---

[8] As reflected in the accompanying "Correction To Attached Declaration Of Richard Tilney, Filed July 24, 2007", DEA concedes that there was an inadvertent error in the paperwork seeking the seizure warrants. Id. DEA regrets that error.

chemicals seized, informing them of their rights to contest the forfeiture.  See Exhibits 13-13B, 14-14B, 15-15E, 16-16E, and 17-17E.  Second Tilney Decl., ¶ 23.

Prior to the filing of the instant lawsuit, Plaintiffs never complained to DEA that Mr. Villacari lacked authority to surrender the DEA registrations issued to Dastech c/o Hawk's Express.  Nor did Mr. Villacari, prior to the filing of the suit, ever notify DEA that he was withdrawing his consent to surrender the registrations.  Rather, this "withdrawal" was made in the form of Plaintiffs' pleadings and Mr. Villacari's affidavit, which Plaintiffs have attached as its Exhibit 8.  In that affidavit, Mr. Villacari declares, presumably for the first time, that he did not have authority to sign the voluntary surrender forms.  Second Tilney Decl., ¶ 24.

Based on Mr. Villacari's affidavit and various representations made by Plaintiffs' counsel during a hearing in this court held on July 24, 2007, DEA has considered the facts and circumstances regarding Mr. Villacari's surrender of Plaintiffs' registration.  As a result, DEA has concluded that, due to questions about Mr. Villacari's authority to act on Plaintiffs' behalf, DEA will not give full force and effect to the surrender and the registrations will remain valid.  This was communicated to Plaintiffs via a letter dated August 3, 2007. Exhibit 18; Second Tilney Decl., ¶ 24.

<u>Success on the Merits</u>

With respect to the registrations, Plaintiffs' cause of action is moot.

> Article III, s 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies." Standing to sue or defend is an aspect of the case or controversy requirement.
>
>      * * *
>
> An interest shared generally with the public at large in the proper application of the Constitution and laws will not do.
>
>      * * *
>
>  The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.
>
>      * * *
>
>  To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

<u>Arizonans For Official English</u> v. <u>Arizona</u>, 520 U.S. 43, 64-67 (1997) (internal quotations and cases omitted); <u>see</u> <u>Anyanwutaku</u> v. <u>Moore</u>, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("when a prisoner seeking injunctive or declaratory relief challenges his parole eligibility date but is subsequently released on parole, his claims are moot unless he alleges continuing adverse consequences from the challenged parole records").

Plaintiffs' Motion for Preliminary Injunction seeks, in part, to have the court enjoin DEA from (1) "refusing to give

full force and effort" to Plaintiffs' DEA registrations; and
"recognizing the 'voluntary surrender' forms executed by Neil
Villacari on June 5, 2007.  Plaintiffs' Motion for a Preliminary
Injunction.  <u>See</u> Motion For PI at 1.  With respect to these
claims, Plaintiffs' cause of action is moot.

By letter dated August 3, 2007, DEA informed Plaintiffs that
its registrations remain valid.  Exhibit 18; Second Tilney Decl.,
¶ 25.  This was in response to Plaintiffs' assertions that, for
the first time, provided notice to DEA that Mr. Villacari
allegedly lacked authority to surrender the registrations.

When a plaintiff attacks an isolated agency action, the
mooting of the specific claim moots any claim for a declaratory
judgment that the specific action was unlawful.  <u>Houston</u> v. <u>Dept.</u>
<u>of Housing and Urban Development</u>, 24 F.3d 1421, 1429 (D.C. Cir.
1994); <u>see</u> <u>also</u> <u>County of Morris</u> v. <u>Nationalist Movement</u>, 273
F.3d 527, 533 (3rd Cir. 2001) (federal courts are restricted to
the adjudication of actual, on going cases or controversies).
The only exceptions to this rule occur in cases which are
"capable of repetition yet evading review," <u>see</u>, <u>e.g.</u>, <u>Roe</u> v.
<u>Wade</u>, 410 U.S. 113, 124-24 (1973) or which fall within the
"voluntary cessation" doctrine." <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>W.T.</u>
<u>Grant Co.</u>, 345 U.S. 629, 632 (1953).  Here, Plaintiffs have
attacked the isolated action of accepting Mr. Villacari's
surrender of Plaintiffs' registrations.  Plaintiffs have not

pleaded any facts to show that this action taken by DEA is capable of repetition.

Specifically, the Third Circuit has stated that courts should apply the "capable of repetition" exception only when a plaintiff demonstrates that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again." Medical Soc. of New Jersey v. Herr, 191 F. Supp. 2d 574, 581 (D.N.J. 2002) (dismissing physician's claim for prospective injunctive relief and declaratory relief under the ADA as moot after Board granted him an unrestricted medical license), quoting Abdul-Adbar v. Watson, 4 F.3d 195, 206 (3rd Cir. 1993). Second, plaintiffs cannot avoid dismissal for mootness on a "voluntary cessation" ground. "[W]hen a defendant agrees to provide all the prospective injunctive relief sought by a plaintiff, his claim for that relief may be dismissed as moot." Johnson v. Horn, 150 F.3d 276, 287 (3rd Cir. 1998).

In this case, Dastech seeks to have the Court enjoin DEA from giving "full force and effect" to the surrender of its registrations. By letter dated August 3, 2007, DEA provided Dastech the relief it sought in a timely fashion. DEA's response to Dastech was unequivocal and there is no evidence that the complained of conduct is capable of repetition.

With respect to the forfeitures, this Court lacks jurisdiction over Plaintiffs' claims. Plaintiffs further seek an order preventing DEA from seizing and/or disposing of its seized chemicals. The United States has commenced a civil forfeiture in rem against Dastech's property. Plaintiffs may not maintain a collateral challenge to that forfeiture action in a declaratory judgment proceeding, because the filing of a forfeiture complaint is not a final agency action. Genendo Pharm. N.V. v. Thompson, 308 F. Supp. 2d 881,885 (N.D. Ill. 2003). Further, 5 U.S.C. § 704 permits review only a final agency action "for which there is no other adequate remedy in court." Plaintiffs plainly have an adequate remedy to seek return of the property - namely, the filing of a statement of right in the forfeiture proceeding itself - and it has availed itself of that opportunity. For that reason, no separate action may be brought to challenge the proposed forfeiture, either under the APA or under any other provision of law. See Town of Sanford v. United States, 140 F.3d 20, 23 (1st Cir. 1998) (adequate remedy of motion in forfeiture proceedings precludes APA jurisdiction over challenge to forfeiture); United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999) (action under Fed. R. Crim. P. 41 for return of property unavailable where civil forfeiture action has been commenced). In addition, the in rem nature of the civil forfeiture action precludes a separate action for the return of

- 25 -

property under the jurisdiction of the court in the first action.

See United States v. Timley, 443 F.3d 615, 628 (8th Cir. 2006)

("the first court to obtain in rem jurisdiction maintains it to

the exclusion of all other").  Therefore, this Court lacks

jurisdiction over Plaintiffs' claim.[9]

For these reasons, Plaintiffs have failed to establish a

likelihood of success on the merits of their claims.

> 2.    Plaintiffs Cannot Demonstrate Irreparable Harm.

Plaintiffs have failed to establish the second requirement

for issuance of preliminary relief, that they will suffer

irreparable harm in the absence of injunctive relief.  As our

Court of Appeals has recognized, the basis for injunctive relief

---

[9] With respect to DEA's investigation of Plaintiff, the case does not present a ripe dispute.  Although omitted from its motion, Plaintiffs proposed to have DEA enjoined from "making false representations and other defamatory, false and harassing representations to Plaintiffs' customers and business associates."  See Complaint, ¶¶ 48, 52.  To the extent that the Court construes Plaintiffs' Motion to include this claim, there are no facts pleaded which, if proven, would constitute "false and harassing presentations to Plaintiffs' customers." Plaintiffs have merely alleged that, in the course of the investigation, GS Tilney informed Mr. Villacari that he was "illegally storing List I chemicals" and that "there were mistakes in the importation records."  Complaint, ¶ 28. Additionally, Plaintiffs allege, in purely conclusory terms, that DEA inspectors made "spurious remarks" to "third-parties." Plaintiffs neither state the nature of those remarks nor identifies the parties to whom the remarks were allegedly made. Complaint, ¶ 36.  If they are alleged to have been made to Mr. Villacari, he has apparently dismissed them as insignificant. See Plaintiffs' Exhibit 8, ¶ 2 (wherein Mr. Villacari opines that "I have high respect for the business integrity of Dastech and its employees.")

in the federal courts has always been irreparable harm and
inadequacy of legal remedies.  Wisconsin Gas Co. v. FERC, 758
F.2d 669, 674 (D.C. Cir. 1985).  To constitute irreparable harm
"the injury must be both certain and great; it must be actual and
not theoretical."  Id.  Further, "[i]njunctive relief 'will not
be granted against something merely feared as liable to occur at
some indefinite time. . . .'"  NTEU v. United States, 927 F.2d at
1255 (citing Wisconsin Gas Co., 758 F.2d at 674).  As this
Circuit emphasized:

> The key word in this consideration is irreparable.  Mere
> injuries, however substantial, in terms of money, time and
> energy necessarily expended in the absence of a stay are not
> enough.  The possibility that adequate compensatory or other
> corrective relief will be available at a later date, in the
> ordinary course of litigation, weighs heavily against a
> claim of irreparable harm.

Id., 758 F.2d at 674 (quoting Virginia Petroleum Jobbers Ass'n v.
FPC, 259 F.2d at 925); NTEU v. United States, 927 U.S. at 1255-
56.

Here, the DEA Registrations at issue have been deemed by the
Agency to be remain valid.  See Exhibit 18.  Nothing more from
the Court is required with respect to the registrations, and the
claim is moot.  See Arizonans For Official English v. Arizona,
520 U.S. 43, 64-67 (1997) ("To qualify as a case fit for
federal-court adjudication, an actual controversy must be extant
at all stages of review, not merely at the time the complaint is
filed.")

Plaintiffs argue that they "<u>may</u> be irreparably harmed by these losses [of sales] because the government is immune from certain damages suits." <u>See</u> Plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Motion For A Preliminary Injunction ("Plaintiffs' PI Mem.") at 21 (citations omitted) (emphasis added). The tentative manner in which even the Plaintiffs describe the chances of irreparable injury for lost sales is the best evidence of the lack of a proper showing of that degree of irreparable injury that would warrant injunctive relief. <u>See</u> <u>Chaplaincy of Full Gospel Churches</u> v. <u>England</u>, 454 F.3d 290, 297-98 (D.C. Cir. 2006). In that case the Court of Appeals described the level of injury required to warrant injunctive relief:

> The moving party must show "[t]he injury complained of is of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." <u>Id.</u> [<u>Wisconsin Gas Co.</u> v. <u>FERC</u>, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)] (citations, brackets, and internal quotation marks omitted).

<u>Chaplaincy of Full Gospel Churches</u> v. <u>England</u>, 454 F.3d at 297.

Plaintiffs will have available to them the very chemicals that have been seized if they prevail in the forfeiture proceedings. Even if, for some reason, the items were earlier sold or disposed of, Plaintiffs could get their remedy under the applicable regulatory scheme. <u>See</u> 28 C.F.R. § 9.9(b).

Plaintiffs have failed to establish the requisite level of

irreparable harm under the current circumstances, where none of the alleged injury proffered by the Plaintiffs can be said to be immediate or irreparable.

>    3.    The Harm to the Government and to the Public
>           Interest Counsel Against An Injunction

For the Court to intervene in the orderly operation of the forfeiture procedures or to return List I chemicals to what was admittedly less-than-perfect pathway to proper storage and distribution could cause substantial harm to the public and would be contrary to the Government's interests in ensuring against use of the seized chemicals in illicit drug manufacturing. DEA has explained why it has concerns for the Plaintiffs' abilities to keep track of their List I chemicals and to ensure that they are stored in proper facilities. See Second Tilney Decl., ¶¶ 3-7, 11-21. Plaintiffs admit that their records have been inaccurate in at least some measure. See Plaintiffs' PI Mem., ¶¶ 14-16. And DEA remains concerned that List I chemicals must be safeguarded, given Plaintiffs' numerous failings in the past. See Second Tilney Decl., ¶¶ 11-21. DEA remains willing to consider any evidence that Plaintiffs may wish to provide in the administrative process, see "Correction To Attached Declaration Of Richard Tilney, Filed July 24, 2007", but an uninformed and premature order that these potentially dangerous chemicals be immediately returned would place the public at too great a risk. See Second Tilney Decl., ¶¶ 2-3, 11-21.

IV.    <u>CONCLUSION.</u>

For the foregoing reasons, Defendants respectfully requests that Plaintiffs' Motion For A Preliminary Injunction be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction and a proposed Order has been made by use of the Court's electronic transmission facilities on this 10th day of August, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230
fax: (202) 514-8780

02/14/2007 15:32 54667699 J L PAGE 04

**GOVERNMENT EXHIBIT**

**U.S. Department of Justice**
**Drug Enforcement Administration**

**IMPORT/EXPORT DECLARATION**
**Precursor and Essential Chemicals**

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

OMB Approval No. 1117-0023

| 1. CHECK ONE: | |
|---|---|
| [✓] IMPORT DECLARATION | [ ] EXPORT DECLARATION |

**U.S. CUSTOMS CERTIFICATION**

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | U.S. CUSTOMS CERTIFICATION |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON NJ 07029 TEL 973-344-5400 | J.W. HAMPTON JR. (US CUSTOMS BROKER) 161-15- ROCKWAY BOULEVARD JAMAICA, NY 11434 TEL 718-276-0301 | Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official |

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED     [✓] Check if applicable

5046178

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine HCL, USP CAS: 345-78-8 LOT: NET WEIGHT: 25KILOS GROSS WEIGHT:27.5 KILOS NDC : NO. 1/UP MADE IN TAIWAN

OUR PURCHASE ORDER # PB-7097 DEA CONTROL # _____ | Pseudoephedrine, HCL

CUSTOMER HI-TECH PHARMACAL CO. INC ORDER NO. 0041429 DATED 2/13/07 | 1000 kilos

40 X 25 KGS DRUM | 1100 KILOS GROSS WEIGHT 40X 27.5 KILO DRUM

2007 FEB 15 AM 7:53 |

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG TAIWAN          03/30/2007 | PORT NEWARK, NJ          04/30/07 |

| 4a. MODE OF TRANSPORT: NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO. LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 02/14/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form — 486
(Jun 1989)

Copy 3

GOVERNMENT
EXHIBIT

2



**Automated Targeting System**

**Import Shipment - Details**

HOME  FIND  CREATE  REPO

ATS Hotline (703)

**Conveyance:** APLU APL VIETNAM/15  **Mode:** SEA  **ProbCtry:** TW
**SID:** 562357982  **Scores:** TEST1: 0  OCEN4: 41

Bill [M]: APLUU01644167 ArrDt: 04/27/2007 POU: 1001 CnstNbr: 0

Carrier: AMERICAN PRESIDENT LINES (APL)
S: ORIENTAL LOGISTICS GROUP LIMITED
6F,88,SEC.2,NANKING E.RD.,TAIPEI,TA
TAIPEI

C: NACA LOGISTICS(USA)INC.
AS AGENT FOR VANGUARD LOGISTICS
SERVICE,300 MIDDLESEX AVE,CARTERET,
NJ07008. ATTN:JACKY TEL:732-969-880
FAX:732 802-4055

M: NACA LOGISTICS(USA)INC.
AS AGENT FOR VANGUARD LOGISTICS
SERVICE,300 MIDDLESEX AVE,CARTERET,
NJ07008. ATTN:JACKY TEL:732-969-880

1stBill: 04/02/07 06:28
LastBill: 04/09/07 05:08
NoEnts: 0
Qty: 774 W/CS
Weight: 18879 KG
Volume: 53 CM
FrnPla: TAOYUAN,CHINA
PortLa: 58309
IBType: 61
IBValu: 0
IBDest:
IBFDes:
PROB: N
IR2Nfy: 9905/
MIBFlg:
IBSCAC:
IBNbr: 950871180
SHBill:
SpcCntr:
HseBill:

**Containers:**

**Container No.:** TPHU5027757  **No. Bills:** 27  **Seal 1, 2:**
APL8090866, None
**Container Type:** G0  **Equipment Type:** CN  **Service Type:** CY
**Cntr Length (feet):** 40                    **Piece Count:** 774
**Cargo Description:**
AUTO PARTS

P/N: 026GA101X GEAR & PINION
ASSY-HYPOID DRIVE

Entry: 941/901-1481 POE: 4601 CrcDt: 04/30/2007 RelD

**Filer:** JM RODGERS CO., INC.
I: DASTECH INTL INC
10 CUTTERMILL RD
GREAT NECK, NY 110213201

S: DASTECH INTL INC
10 CUTTERMILL RD
GREAT NECK, NY 110213201
**ID:** 13-3032912001  More...

NoBill: 1
Quanty: 774
Value: 4046
EntrType:
RlsType:
SelType: 2
EndType:
FIRMS: F587
ActArvl: 04/2
InspNfy: T
PosQuot:
PaperIs: E
BRASS:

L:1 HTS: 29394900  CO: TW  M: TECHNOCO CO., LT
Desc: PSEUDOEPHEDRINE AND ITS SALTS
Upd: 04/27/2007  MID: TWTECCO12TAI  Val: 40460

Hide Zero-Weighted          Rule Findings: 25  Not Shown: 0

Query  QuickMiner  Related B/E  27 record(s) retrieved.

TEST10CEN4  Rule ID  Rule Name/Type        Rule Data

Record 1 12 13 14 15 16 of 27

  13

VANGUARD LOGISTICS SERVICES

300 Middlesex Ave.
Carteret, NJ 07008
Tel: +1 732-802-0304
Fax: +1 732-802-4055
www.vanguardlogistics.com



GOVERNMENT
EXHIBIT
3


logistics services

USYFN Printed: May 18, 2007 09:50
Page 1 of 1

## Arrival Notice & Invoice

### For freight availability, please log on to www.vanguardlogistics.com and click on Freight Availability

Shipper: T V L CONTAINER LINE LIMITED
3TH FL NO 217 SEC 3
NANKING E.RD. , TAIPEI - R.O.C.

Issue Date: Apr 18, 2007
File No: 1037041217/4
SS Ocean B/L: APLU401644167
House B/L: KELNYC73173
AMS House B/L: **PLS SEE COMMENT**

Consignee: TIGER FREIGHT INTERNATIONAL INC
150-30 132ND AVE., STE#.307
JAMAICA, NY - 11434
Phone: 718 341-3677 /Fax: 718 341-5670
eMail: TIGERFREIGHT@EARTHLINK.NET

Notify:

Vessel/Voy: APL VIETNAM/0015
Load Port: KAOHSIUNG (TAKAO)
Discharge Port: NEW YORK

ETD: Apr 05, 2007
ETA: Apr 26, 2007

Express Release B/L

CFS: NACA LOGISTICS - NEW YORK, F587
300 MIDDLESEX AVENUE
CARTERET, NJ - 07008
Phone: 732-8020304 Fax: 732-8024055

Container: LCL TPHU5077757 / APL8090866

Comments : **PLS USE SUB HB/L# AS AMS#.
AMS#TVLCLNYC7329EU01
LOADING FEE IS COLLECTED ON BEHALF OF THE WAREHOUSE.**

| Part | Marks and Nos | Qty Type | Description | KG<br>LBS | CBM<br>CFT |
|------|---------------|----------|-------------|-----------|------------|
| A-1 | PSEUDOEPHEDRINE HCL. USP-29<br>C.A.S#:345-78-8 | 40 DRUMS | STC PSEUDOPHEDRINE<br>HYDROCHLORIDE,USP-29 | 1,140.000<br>2,513.272 | 3.4400<br>121.5548 |

## Invoice

Bill To: TIGER FREIGHT INTERNATIONAL INC
150-30 132ND AVE., STE#.307
JAMAICA, NY 11434

Code: 1023756    INV: 1039174151    Date: Apr 18, 2007

| Description | Qty | PER | Rate | CUR | O/S Total | EXCH | Item Total |
|-------------|-----|-----|------|-----|-----------|------|------------|
| FUEL SURCHARGE | MIN | CBM/KG | 10.00 | USD | 10.00 | 1.0000 | 10.00 |
| DAD/WHSE DOC FEE | ——— | FLAT | 55.00 | USD | 55.00 | 1.0000 | 55.00 |
| LOADING | 25.1327 | LBS RATE | 4.15 | USD | 104.30 | 1.0000 | 104.30 |
| Invoice<br>Total | | | | | | USD   Due | 169.30 |
| **Please include a copy of the Arrival Notice when remitting payment.** | | | | | | **Total USD   Due** | **169.30** |

ALLOW 24 HRS FOR RELEASE OF CARGO AFTER RECEIPT OF PAYMENT & ORIGINAL B/L. FAX COPIES, CASH,  PERSONAL CHECKS
OR CREDIT CARDS ARE NOT ACCEPTED. STORAGE ACCRUED AFTER 4 DAYS OF AVAILABILITY. CARGO SENT TO GENERAL ORDER
(G.O.) 15 DAYS AFTER ARRIVAL IF NOT CUSTOMS CLEARED. ANY ADDL CHARGES WILL BE THE RESPONSIBILITY OF THE IMPORTER

Drug Enforcement Administration

IMPORT/EXPORT DECLARATION
Precursor and Essential Chemicals

## SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

OMB Approval
No. 1117-0023

| 1. CHECK ONE: | | U.S. CUSTOMS CERTIFICATION |
|---|---|---|
| [✓] IMPORT DECLARATION | [ ] EXPORT DECLARATION | |

| 1a IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | U.S. CUSTOMS CERTIFICATION |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON NJ 07029 TEL 973-344-5400 | J.W. HAMPTON JR. (US CUSTOMS BROKER) 161-15- ROCKWAY BOULEVARD JAMAICA, NY 11434 TEL 718-276-0301 | Date of Departure/Arrival  Name of Carrier/Vessel  Date of Certification  Signature of Customs Official |

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED     [✓] Check if applicable

Signature of Customs Official: *5047265*

### 2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| Pseudoephedrine HCL, USP CAS: 345-78-8 LOT: NET WEIGHT: 25KILOS GROSS  WEIGHT:27.5 KILOS NDC : NO. 1/UP MADE IN TAIWAN  OUR PURCHASE ORDER # PC-7133 DEA CONTROL # : | Pseudoephedrine, HCL    CUSTOMER TIME-CAP LABS, INC. ORDER NO. 016982 DATED 03/08/07 | 1000 kilos  40 X 25 KGS DRUM | 1100 KILOS GROSS WEIGHT 40X 27.5 KILO DRUM |

2007 MAR 28 AM 7:26

**GOVERNMENT EXHIBIT**
4 p.1

| 3a. [✓] FOREIGN [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG,  TAIWAN  4/30/2007 | Port Newark, NJ  5/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO. LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 03/09/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form — 486
(Jun 1986)

Copy 1

*TELEFAX*

**Cover plus 1 Page(s)**

# *DASTECH INTERNATIONAL, INC.*

**10 Cutter Mill Road, Great Neck, New York 11021 USA**
**516-466-7676 * FAX: 516-466-7699 * E-MAIL: info@dastech.com**

Macrh 15, 2007

DEA (Drug Enforcement Administration)          **NEW REQUEST**
Attention: Mr. Harry McFadden
Fax # 202-307-4702

Dear Mr. McFadden:

Please advise DEA Control Number for this import shipment. Details as follows:

Product: Pseudoephedrine HCL, USP
Qty.: 1, 000 kilos (25 kgs Drum)

Our Purchase Order # PC-7133

VIA OCEAN
ETD: 4/30/07 (Technoco Co., Ltd., Taipei, Taiwan, R.O.C.)
ETA: 5/30/07 (Port Newark, NJ c/o Hawks Express, Inc.)

DEA CONTROL NUMBER:_____

*2nd Request*

*3/27/07*

Thank you very much for your time, attention and immediate assistance. We remain,

Kindest Regards,

*Ryantajoner*
Ryan Tajonera
Dastech International, Inc.

FAXED

GOVERNMENT
EXHIBIT
4 p. 2

**U.S. Department of Justice**
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: | | |
|---|---|---|
| [✓] IMPORT DECLARATION | [ ] EXPORT DECLARATION | **U.S. CUSTOMS CERTIFICATION** |

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.) | |
|---|---|---|
| DASTECH INTERNATIONAL, INC. c/o HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON NY 07029 TEL 973-344-5400 | J.W. HAMPTON JR. ( US CUSTOM BROKER) 161-15 ROCKWAY BOULEVARD JAMAICA, NY 11434 TEL 718-276-0301 | Date of Departure/Arrival  Name of Carrier/Vessel  Date of Certification |

| 1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAVED  [✓] Check if applicable | Signature of Customs Official  5047654 |
|---|---|

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| PHENYLPROPANOLAMINE HCL, USP CAS: 154-41-6 LOT: NET WEIGHT: 50 KILOS GROSS WEIGHT:53.5 NDC : 058747-7272 NO. 1/UP MADE IN TAIWAN ROC NOT FOR HUMAN APPLICATION  OUR PO # PD-7190  DEA CONTROL # | PHENYLPROPANOLAMINE HCL, USP  CUSTOMER: ANDAPHARM 5315 NW 35 TERRACE FORT LAUDERDALE, FL.33309 DEA : RA0325642 TEL: 954-486-7693 ATTN: KATHIE ROCKETT  END USE: VETERINARY PRODUCT ONLY. | 1000 KILOS 20X50 KGS DRUM | 1070 x 53.5 kgs drums 53.50 kgs Gross Weight |

GOVERNMENT EXHIBIT
CARDUS 800-733-4309
44 p.1

2007 APR 10 AM 11:38 RECEIVED

| 3a. [✓] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN  [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG , TAIWAN    05/01/2007 | NEWARK NJ    05/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN FREIGHT | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO. LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE   TEL 516-466-7676 | 04/10/07 | DASTECH INTERNATIONAL, INC. |

DEA Form — 486
(Jun 1989)

Copy 3



**TELEFAX**

**Cover plus 1 Page(s)**

# DASTECH INTERNATIONAL, INC.

10 Cutter Mill Road, Great Neck, New York 11021 USA
516-466-7676 * FAX: 516-466-7699 * E-MAIL: info@dastech.com

April 10, 2007

DEA (Drug Enforcement Administration)          <u>NEW REQUEST</u>
Attention: Mr. Harry McFadden
Fax # 202-307-4702

Dear Mr. McFadden:

Please advise DEA Control Number for this import shipment. Details as follows:

Product: Phenylpropanolamine HCL, USP
Qty.: 1, 000 kilos (50 kgs Drum)

Our Purchase Order # PD-7190

VIA OCEAN
ETD: 5/01/07 (Technoco Co., Ltd., Taipei, Taiwan, R.O.C.)
ETA: 5/30/07 (Port Newark, NJ c/o Hawks Express, Inc.)

DEA CONTROL NUMBER: _5047654_

GOVERNMENT
EXHIBIT
4A p. 2

Thank you very much for your time, attention and immediate assistance. We remain,

Kindest Regards,

Ryan Tajonera
Dastech International, Inc.

Bill [M]: TVLCLNYJC7503EU01    ArrDt: 05/18/2007    PDU: 1001
CnstNbr: 0
Carrier: T V L CONTAINER LINE

S: TECHNOCO CO., LTD.
9 FL, NO.1-2 NANJING WEST RD.
TAIPEI
TAIWAN

N: DASTECH INTERNATIONAL, INC.
10 CUTTER MILL RD.,
GREAT NECK NY 11021
USA

C: DASTECH INTERNATIONAL, INC.
10 CUTTER MILL RD.,
GREAT NECK NY 11021
USA

1stBill: 05/07/07 03:16
LastBill: 05/07/07 03:16
NoEnts: 0
Qty: 66 DRM
Weight:
Volume:
FgnPlac: KEELUNG CHINA
PortLa: 58309
IBType:
IBValu: 0
IBDest:
IBFDes:
PTPPort:
FROB: N
1&2Nfy: APLU/
MIBFlg:
IBSCAC:
IBNbr:
SHBill:
SpcChr:
HseBill:

Entry: / POE: 1001 CrsDt:

No Entry Data

Containers: 1

Container No.: TINU5643878    No. Bills: 17    Seal 1, 2:
APL8090904, None.
Container Type: None    Equipment Type: AC    Service Type: PP
Cntr Length (feet): 0
Cargo Description:
PSEUDOEPHEDRINE HYDROCHLORIDE, USP-29;
PSEUDOEPHEDRINE HCL USP-29 NORMAL, MESH 140
MESH, USP-29 WITH 90% IN PASS THRU 200 MESH

Piece Count: 66

Marks & Numbers:
NO MARKS

Pseudo/PRA

current shipment

ATTACHMENT

GOVERNMENT
EXHIBIT
5



GOVERNMENT
EXHIBIT

6 p. 1

U. S. Department of Justice - Drug Enforcement Administration

**VOLUNTARY SURRENDER OF LIST I
CHEMICAL PRIVILEGES**

DEA USE ONLY

File No.
*C3-07-2072*

After being fully advised of my rights, and understanding that I am not required to surrender my List I chemical privileges, I freely execute this document and choose to take the actions described herein.

☐ In view of my alleged failure to comply with the Federal requirements pertaining to List I chemicals, and as an indication of my good faith in desiring to remedy any incorrect or unlawful practices on my part;

☑ In view of my desire to terminate handling of all List I chemicals.

☐ In view of my desire to terminate handling of List I chemicals that are identified by chemical code(s)

_____   _____   _____  ;

I hereby voluntarily surrender my Drug Enforcement Administration (DEA) Domestic Chemical Diversion Control Registration Certificate, and shall seek authority and instructions to dispose of the List I chemicals obtained under the authority of that registration. Further, I agree and consent that this document shall be authority for the Administrator of the Drug Enforcement Administration to terminate and revoke my registration without an order to show cause, a hearing, or any other proceedings. If not all List I chemical privileges are surrendered, I will retain my chemical registration which will be limited to chemical code (s)

_____   _____   _____   .

I waive refund of any payments made by me in connection with my registration.

I understand that I will not be permitted to manufacture, distribute, import, or engage in any other List I chemical(s) activities whatever that require registration with the DEA until such time as I am again properly registered.

| NAME OF REGISTRANT *(Print)* | ADDRESS OF REGISTRANT |
|---|---|
| *O'NEIL VILLACANI* | Hawks Express Inc.<br>1000 Frank E. Rodgers Blvd. S.<br>Harrison, New Jersey 07029 |
| DEA REGISTRATION NO.<br>001277DRX (Importer) | |

| SIGNATURE OF REGISTRANT OR AUTHORIZED INDIVIDUAL | DATE |
|---|---|
| *O'Neill Villacari* | 6-5-07 |

**WITNESSES:**

| NAME AND DATE | TITLE |
|---|---|
| William J. Salera  *Wm. J. Salera* | Diversion Investigator |
| NAME AND DATE | TITLE |
| Richard J. Tilney  *[signature]* | Group Supervisor |

**PRIVACY ACT**

AUTHORITY:  Section 301 of the Controlled Substances Act of 1970 (PL 91-513).
PURPOSE:  Permit voluntary surrender of List I chemicals.
ROUTINE USES:  The Controlled Substances Act Registration Records produces special reports as required for statistical analytical purposes. Disclosures of information from this system are made to the following categories of users for the purposes stated:
  A. Other Federal law enforcement and regulatory agencies for law enforcement and regulatory purposes.
  B. State and local law enforcement and regulatory agencies for law enforcement and regulatory purposes.
  C. Persons registered under the Controlled Substances Act (Public Law 91-513) for the purpose of verifying the registration of customers and practitioners.
EFFECT:  Failure to provide the information will have no effect on the individual.

FORM DEA-104c (12-02)                    Electronic Form Version Designed in JetForm 5.2 Version

GOVERNMENT
EXHIBIT
6 p. 2

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000-000

IIIɪɪɪlɪɪɪIIIɪɪɪɪlɪllɪlɪɪllɪɪɪllɪɪllɪɪlIɪɪllɪɪllɪɪl

---

## DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE
### UNITED STATES DEPARTMENT OF JUSTICE
### DRUG ENFORCEMENT ADMINISTRATION
### WASHINGTON D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001277DRX | 06-30-2008 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL IMPORTER | 05-03-2007 |

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ  07029-0000



Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

Form DEA-511 (4/07)

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

| DEA REGISTRATION NUMBER | EXPIRES | FEE PAID | CONTROLLED SUBSTANCE/REGULATED CHEMICAL REGISTRATION CERTIFICATE |
|---|---|---|---|
| 001277DRX | 06-30-2008 | PAID | UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION WASHINGTON D.C. 20537 |

| SCHEDULES | BUSINESS ACTIVITY | ISSUE DATE |
|---|---|---|
| | CHEMICAL IMPORTER | 05-03-2007 |

DASTECH INTERNATIONAL INC
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ 07029-0000

Sections 304 and 1008 (21 USC 824 and 958) of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, dispense, import or export a controlled substance.

**THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.**

Form DEA-223/511 (4/07)

**REPORT**

**CHANGES**

**PROMPTLY**

### REQUESTING MODIFICATIONS TO YOUR REGISTRATION CERTIFICATE

To request a change to your registered name, address, the drug schedule or the drug codes you handle, please

1. visit our web site at deadiversion.usdoj.gov  - or
2. call our customer Service Center at 1-(800) 882-9539  - or
3. submit your change(s) in writing to:
   **Drug Enforcement Administration**
   **P.O. Box 28083**
   **Washington, DC 20083**

See Title 21 Code of Federal Regulations, Section 1301.51 for complete instructions.

You have been registered to handle the following chemical/drug codes:

25,6795,8112,8113

GOVERNMENT
EXHIBIT
6 p.3

U. S. Department of Justice - Drug Enforcement Administration

**VOLUNTARY SURRENDER OF LIST I CHEMICAL PRIVILEGES**

GOVERNMENT EXHIBIT
6A

DEA USE ONLY

File No. C3-07-2072

After being fully advised of my rights, and understanding that I am not required to surrender my List I chemical privileges, I freely execute this document and choose to take the actions described herein.

☐ In view of my alleged failure to comply with the Federal requirements pertaining to List I chemicals, and as an indication of my good faith in desiring to remedy any incorrect or unlawful practices on my part;

☑ In view of my desire to terminate handling of all List I chemicals.

☐ In view of my desire to terminate handling of List I chemicals that are identified by chemical code(s) ____ ____ ____ ;

I hereby voluntarily surrender my Drug Enforcement Administration (DEA) Domestic Chemical Diversion Control Registration Certificate, and shall seek authority and instructions to dispose of the List I chemicals obtained under the authority of that registration. Further, I agree and consent that this document shall be authority for the Administrator of the Drug Enforcement Administration to terminate and revoke my registration without an order to show cause, a hearing, or any other proceedings. If not all List I chemical privileges are surrendered, I will retain my chemical registration which will be limited to chemical code (s) ____ ____ ____ .

I waive refund of any payments made by me in connection with my registration.

I understand that I will not be permitted to manufacture, distribute, import, or engage in any other List I chemical(s) activities whatever that require registration with the DEA until such time as I am again properly registered.

| NAME OF REGISTRANT *(Print)* | ADDRESS OF REGISTRANT |
|---|---|
| O'Neill Villacari | Hawks Express Inc. 1000 Frank E. Rodgers Blvd. S. Harrison, New Jersey 07029 |
| DEA REGISTRATION NO. 001285DNY (Distributor) | |

| SIGNATURE OF REGISTRANT OR AUTHORIZED INDIVIDUAL | DATE |
|---|---|
| O'Neill Villacari | 6-5-07 |

**WITNESSES:**

| NAME AND DATE | TITLE |
|---|---|
| William J. Salera | Diversion Investigator |
| Richard J. Tilney | Group Supervisor |

**PRIVACY ACT**

AUTHORITY: Section 301 of the Controlled Substances Act of 1970 (PL 91-513).
PURPOSE: Permit voluntary surrender of List I chemicals.
ROUTINE USES: The Controlled Substances Act Registration Records produces special reports as required for statistical analytical purposes. Disclosures of information from this system are made to the following categories of users for the purposes stated:
  A. Other Federal law enforcement and regulatory agencies for law enforcement and regulatory purposes.
  B. State and local law enforcement and regulatory agencies for law enforcement and regulatory purposes.
  C. Persons registered under the Controlled Substances Act (Public Law 91-513) for the purpose of verifying the registration of customers and practitioners.
EFFECT: Failure to provide the information will have no effect on the individual.

FORM DEA-104c (12-02)                    Electronic Form Version Designed in JetForm 5.2 Version

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001285DNY | 06-30-2008 | PAID |

| SCHEDULES | BUSINESS ACTIVITY | ISSUE DATE |
|---|---|---|
| | CHEMICAL DISTRIBUTOR | 05-03-2007 |

DASTECH INDUSTRIES, LTD
C/O HAWKS EXPRESS INC.,
1000 FRANK E. ROGERS BLVD.
HARRISON, NJ 07029-0000

CONTROLLED SUBSTANCE/REGULATED CHEMICAL
REGISTRATION CERTIFICATE
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON D.C. 20537

Sections 304 and 1008 (21 USC 824 and 958) of the
Controlled Substances Act of 1970, as amended, provide
that the Attorney General may revoke or suspend a
registration to manufacture, distribute, dispense, import or
export a controlled substance.

**THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF
OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY,
AND IT IS NOT VALID AFTER THE EXPIRATION DATE.**

Form DEA-223/511 (4/07)

**REPORT**

**CHANGES**

**PROMPTLY**

REQUESTING MODIFICATIONS TO YOUR
REGISTRATION CERTIFICATE

To request a change to your registered name, address, the drug
schedule or the drug codes you handle, please

1. visit our web site at deadiversion.usdoj.gov - or
2. call our customer Service Center at 1-(800) 882-9539 - or
3. submit your change(s) in writing to:
   **Drug Enforcement Administration
   P.O. Box 28083
   Washington, DC 20083**

See Title 21 Code of Federal Regulations, Section 1301.51
for complete instructions.

You have been registered to handle the following chemical/drug codes:

225,6795,8112,8113

U.S. Department of Justice

Drug Enforcement Administration

**ATTACHM**

GOVERNMENT
EXHIBIT

7.1

Washington, D.C.  20537

JUN 06 2002

Ms. Luz Cazeneuve
Import Manager
Dastech International, Inc.
10 Cutter Mill Road
Great Neck, New York  11021

Dear Ms. Cazeneuve:

Reference is made to your telephone conversation on April 4, 2002, with Staff Coordinator (S/C) Michele Herron.  Your firm was identified as having imported pseudoephedrine, a List I chemical five times between January 10, and March 20, 2002.  A review of the Import Declarations (DEA Form 486) revealed that the forms were completed incorrectly, listing an unregistered location, failing to differentiate between your four importer locations and failing to identify in each instance, the chemical importer in block 1a, in accordance with Title 21, Code of Federal Regulations (21 CFR), Section 1313.13(c)(1).

1.  Please insure that each incorrectly submitted DEA Form 486 is corrected in your files, listing the name of the importer, address, telephone number, and facsimile number in block 1a, as required by 21CFR § 1313.13(c)(1).

2.  As agreed during your conversation with S/C Herron, please provide the amended DEA Forms 486 with the incorrect address lined out, and the correct registered location entered in an adjacent blank area on the form.  Mail the corrected copies to:  DEA Headquarters, Attn:  Lisa Edelen, Data Processing and Analysis Unit, Chemical Control Section (ODIA), 2401 Jefferson-Davis Highway, Alexandria, VA 22301.

3.  You are reminded, if you have not already done so, to advise the DEA Special Agents in Charge (SAC) of the following divisional offices by registered or certified mail, return receipt requested, of your intention to maintain records for List I chemicals at a single central location, pursuant to Title 21 CFR §1310.04(c):

   a.  SAC, DEA Los Angeles Division, 255 East Temple Street, 20th Floor, Los Angeles, California 90012 (Dastech International, Inc., 300 North Baldwin Boulevard, City of Industry, California 91748, DEA# K35407502J).

Ms. Luz Cazeneuve



Page Two

    b.   SAC, DEA Newark Division, 80 Mulberry Street, 2ⁿᵈ Floor, Newark, New Jersey 07102 (Dastech International, Inc., c/o Hawks Express Inc., 1000 Frank E. Rogers Boulevard, Harrison, New Jersey 07029, DEA# 001277DRX).

    c.   SAC, DEA Chicago Division, Kluczynski Federal Building, 230 South Dearborn Street, Suite 1200, Chicago, Illinois 60604 (Dastech International, Inc., 7715 South 78ᵗʰ Avenue, Building #4, Bridgeview, Illinois 60455, DEA #K35407503J).

This letter is a formal notification that your failure to maintain adequate records for listed chemicals constitutes violations of the Controlled Substances Act. At this time, in accordance with Title 5, United States Code, Section 558(c), you are being afforded the opportunity to demonstrate or achieve compliance with all lawful requirements outlined within this letter. Please advise this office in writing within thirty days of the actions taken or planned to correct these violations.

Please direct any questions regarding this matter to S/C Herron, at (202) 307-8641, or Frank E. Moreno, Chief, Data Processing and Analysis Unit, Chemical Control Section, at (202) 307-7191.

                          Sincerely,

                          Laura M. Nagel

                          Laura M. Nagel
                          Deputy Assistant Administrator
                          Office of Diversion Control

Enclosures

cc: DEA Chicago Division
      Attn: G/S Demetra Ashley

      DEA Newark Division
      Attn: G/S Luke Braxton

      DEA Los Angeles Division
      Attn: G/S Alora Willis

**U.S. DEPARTMENT OF JUSTICE**
DRUG ENFORCEMENT ADMINISTRATION

| NOTICE OF INSPECTION OF CONTROLLED PREMISES | DEA USE ONLY |
|---|---|
| | FILE NUMBER |

| NAME OF INDIVIDUAL  _DINO DeGREGORIO_ | TITLE  _WAREHOUSE MANAGER_ |
|---|---|

| NAME OF CONTROLLED PREMISES  _HAWKS EXPRESS INC._ | DEA REGISTRATION NO.  _001285 DNY_ |
|---|---|

| NUMBER AND STREET  _1000 FRANK E. RODGERS BLVD S_ | DATE  _6/4/07_ |
|---|---|

| CITY AND STATE  _HARRISON, N.J._ | ZIP CODE  _07029_ | TIME (initial inspection)  _12:35 PM_ |
|---|---|---|

### STATEMENT OF RIGHTS

1. You have a constitutional right not to have an administrative inspection made without an administrative inspection warrant.
2. You have the right to refuse to consent to this inspection.
3. Anything of an incriminating nature which may be found may be seized and used against you in a criminal prosecution.
4. You shall be presented with a copy of this Notice of Inspection.
5. You may withdraw your consent at any time during the course of the inspection.

### ACKNOWLEDGMENT AND CONSENT

I, _Dino DeGregorio_ _____, have been advised of the above Statement of Rights
(Name)

by DEA _D I WILLIAM SACERRA_ _____, who
(Title and Name)

has identified himself/herself to me with his/her credentials and presented me with this Notice of Inspection containing a copy of sections 302(f) and 510(a), (b) and (c) of the Controlled Substances Act (21 U.S.C. 822(f) and 21 U.S.C. 880(a), (b) and (c), printed hereon, * authorizing an inspection of the above-described controlled premises. I hereby acknowledge receipt of this Notice of Inspection. In addition, I hereby certify that I am the _Manager_ _____
(President)  (Manager)  (Owner)

for the premises described in this Notice of Inspection; that I have read the foregoing and understand its contents; that I have authority to act in this matter and have signed this Notice of Inspection pursuant to my authority.

I understand what my rights are concerning inspection. No threats or promises have been made to me and no pressure of any kind has been used against me. I voluntarily give consent for inspection of these controlled premises.

_(Signature)_

_6-4-07_
(Date)

**WITNESSES:**

_D I_ _____ _6/4/07_
(signed)                    (date)

_____ _6/4/07_
(signed)                    (date)

GOVERNMENT EXHIBIT 8

* See Reverse

FORM DEA-82 (11-01) *Previous editions are obsolete*

# A F F I D A V I T

STATE OF NEW JERSEY            )

COUNTY OF ESSEX               )

I, William J. Salera, state the following:

1. I am a Diversion Investigator of the Drug Enforcement Administration (hereinafter "DEA"), currently assigned to the New Jersey Division. I have been a DEA Diversion Investigator for approximately two years. I was previously a Law Enforcement Officer, with the State of Pennsylvania for over 30 years, and in that capacity I was assigned for 8 years with a DEA Task Force involved with over 1,000 Narcotic and controlled substance investigations including cases that involved the manufacturing of methamphetamine. I am currently a member of Diversion Group 2. During the course of my employment with the DEA, I have been involved with at least 2 investigations involving the importation, buying, selling or possession of controlled substances and listed chemicals, which offenses are punishable under the laws of the United States.

2. I make this affidavit in support of a warrant authorizing the United States to seize (3,550) three thousand five hundred fifty kilograms, more or less, of List I Chemicals, identified as Pseudoephedrine and Phenylpropanolamine, and an additional fourteen thousand four hundred kilograms (14,400) more or less, of Red Phosphorous as defined in 21 U.S.C. section 802 (34) (C)  presently located at the U.S. Customs Warehouse, Staten Island, New York 10303, HAWK'S EXPRESS, 1000 Frank E. Rodgers Blvd., Harrison, NJ, and the U.S. Customs warehouse located at 888 Doremus Ave. Newark, NJ 07114. The facts set forth below are based on documents from the DEA, DASTECH INTERNATIONAL, INC., U.S. Customs Border

1



GOVERNMENT EXHIBIT

9

Protection, and my own direct observations. I have reviewed the available documents that are relevant to this investigation. Where conversations or statements of others are related herein, they are related in part and in substance. Moreover, because this affidavit is submitted for a limited purpose, I have not set forth all facts that I have learned during the course of this investigation.

3. DASTECH INTERNATIONAL, INC., is a former regulated person under the provisions of the Controlled Substance Act (CSA), as a Listed Chemical Importer and Distributor, DASTECH INTERNATIONAL, INC.,C/O HAWK'S EXPRESS, was assigned DEA registration numbers 001285DNY (Chemical Distributor) and 001277DXR (Chemical Importer) for List I chemicals, and was doing business C/O HAWK'S EXPRESS, 1000 Frank E. Rodgers Blvd., Harrison, New Jersey 07029, on premises further described as a two story warehouse building of masonry construction identified by a sign on the front saying "HAWKS EXPRESS, INC." in an industrial area. That said place of business was a controlled premises within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c) and that said place of business, HAWK'S EXPRESS acted in the capacity as an agent for DASTECH INTERNATIONAL, INC.

4. DASTECH INTERNATIONAL, INC.,C/O HAWK'S EXPRESS, was required to keep complete and accurate records of regulated transactions involving List I chemicals received, sold, delivered, or otherwise disposed of pursuant to 21 U.S.C. § 830 and 21 C.F.R. §§ 1310 and 1313 et seq. at the controlled premises.

5. On April 26, 2007, an arrival notice and invoice listing Container #LCL THPU5077757, for 40 Drums, 25 kg. per drum for a total of 1000 kg. of a List I Chemical, Pseudoephedrine, which is an immediate precursor to the manufacturer of methamphetamine. This pseudoephedrine listed the wrong broker, and the registered DEA control premises, t was to recci was imported into the United States by DASTECH INTERNATIONAL, INC., C/O HAWK'S

N.A. the shipmen was unawai and had no record for this shipmen

2

EXPRESS. According to the DEA Form 486 Import/Export Declarations, these List I chemicals

(Pseudoephedrine and Phenylpropanolamine) were imported from Technoco Co. LTD, 9 fl. No. 1-

2 Nanking West Road, Taipei, Taiwan (Pseudoephedrine), San Fu Chemical Co. LTD, 7F No. 21

Chung Shan N. Road Sec 2 Taipei, Taiwan R.O.C. (Phenylpropanolamine) and Kalpataru

Chemicals Pvt. LTD, Post BoxNo.17, Krishnagiri Road, Hosur 635 109, Tamilnadu, India ( Red

Phosphorus). The listed Broker for the Pseudoephedrine and Phenylpropanolamine is J.W.

Hampton Jr. 161-15 Rockaway Blvd., Jamaica, N.Y. 11434. The DEA 486 Import Declarations

also noted the importer as DASTECH INTERNATIONAL, INC., C/O HAWK'S EXPRESS Inc.

1000 Frank E. Rodgers Blvd., Harrison, New Jersey 07029. HAWK'S EXPRESS is the DEA

Registered location for DASTECH INTERNATIONAL, INC., in New Jersey. HAWK'S

EXPRESS, was never notified by DASTECH of the arrival of the Forty (40) drums of List I

chemicals. These drums were going to be transported to an unregistered location by a trucking

company, identified as Tiger Freight International, Inc. 150-30 132nd. Avenue, Ste # 307, Jamaica,

New York 11434. This was the Consignee that was listed on the Arrival Notice and Invoice but

was never listed on the DEA 486, Import Declaration. Tiger Freight International, Inc. is not a

registered premises pursuant to 21 U.S.C. § 830 and 21 C.F.R. §1310 and 1313 et seq and as such

is not authorized to store listed chemicals.

6. As a result of this transaction a hold was placed on this import by the D.E.A. and the

U.S. Customs Service. The 1000 kg. is being stored at the U.S. Customs Warehouse located at 300

Western Avenue, Staten Island, New York 10303.

7. On April 27, 2007, the undersigned along with other DEA Diversion investigators and

DEA Special Agents proceeded to the Customs Warehouse and inspected the 40 Drums of List I

Chemicals. The undersigned then collected records pertaining to the importation and destination

3

that these chemicals were to be transported. A review of the available records and other evidence

revealed that these drums of Pseudoephedrine and Phenylpropanolamine had been imported

contrary to law.

8. On June 6, 2007, the undersigned along with other DEA Diversion investigators

proceeded to Sal / Son Trucking located at 888 Doremus Avenue, Newark, New Jersey 07114, to

inspect 66 Drums of List I Chemicals identified as Pseudoephedrine and Phenylpropanolamine.

The undersigned then collected records pertaining to the importation and destination that these

chemicals were to be transported to. A review of the available records and other evidence revealed

that these drums had been imported contrary to law. These chemicals consist of 40 drums X 25

kg. for a total of 1000 kg. of Pseudoephedrine and 26 drums X 50 kg. for a total of 1300 kg. of

Phenylpropanolamine. The DEA 486 Import Declaration for the Phenylpropanolamine ~~requests~~ a states *N.A.*

total of 1,000 kgs, to be imported *N.A.* the actual amount imported was 1,300 kgs. Sal / Son Trucking is not a

while *N.A.* controlled premises pursuant to 21 USC § 830 and 21 C.F.R. § 1310 and 1313 et seq and as such is

not authorized to store listed chemicals. Additional information supplied by the United States

Customs Border Protection (CBP) showed that the Import location, DASTECH

INTERNATIONAL, INC., C/O HAWK'S EXPRESS, listed on the DEA 486 Import Declaration

was different from the arrival notices filed with Customs. In addition, documents submitted by

DASTECH INTERNATIONAL, INC., to the DEA, identified as the Customs Broker of record to

be J W Hampton Jr. 161-15 Rockaway Blvd., Jamaica, N.Y. 11434, when in fact the actual broker

for these List I Chemical imports was J M Rodgers, 1975 Linden Blvd, Elemont, NY 11003.

9. On June 5, 2007, the undersigned along with other DEA Diversion investigators

proceeded to HAWK'S EXPRESS, INC., located at 1000 Frank E. Rodgers Blvd., S., Harrison,

New Jersey 07029, to inspect 10 drums of a List I Chemical. The undersigned then collected

4

records pertaining to the importation and destination that these chemicals were to be transported. These chemicals consist of 10 drums X 25 kg. for a total of 250 kg. of Pseudoephedrine. There were no documents at this location that identify the importation or the customer for these 10 drums. HAWK'S EXPRESS is the DEA Registered location for DASTECH INTERNATIONAL, INC in New Jersey and is required by 21 CFR 1310.06, to have all documents pertaining to the importation and distribution of all List I Chemicals. During this investigation the owner of HAWK'S EXPRESS Neil Villacari expressed to the investigators that he did not want to retain the DEA Registrations #001277DXR (Importer) and #001285DNY (Distributor) for DASTECH INTERNATIONAL, INC., further Mr. Villacari stated that his company would no longer act on behalf of DASTECH INTERNATIONAL, INC., as their Registered location for List I Chemicals in the State of New Jersey. At this time Neil Villacari acting as the designated agent for DASTECH INTERNATIONAL, INC in New Jersey, signed two DEA Forms 104C, (Voluntary Surrender of List 1 Chemical Privileges). At this time HAWK'S EXPRESS Inc., is not a controlled premises pursuant to 21 USC § 830 and 21 C.F.R. § 1310 and 1313 et seq and as such is not authorized to store Listed Chemicals.

10. On June 8, 2007, the undersigned along with other DEA Diversion Investigators returned to HAWK'S EXPRESS where they inspected 319 Drums X 45 kg. for a total of 14,355kg. of Red Phosphorous, a List I Chemical. At this time the undersigned put all the above List I Chemicals on hold pending seizure by the DEA and U.S. Marshals Service.

11. DASTECH INTERNATIONAL, INC International, Inc. registered location, HAWK'S EXPRESS, 1000 Frank E. Rodgers Blvd., Harrison, NJ, has advised the DEA, New Jersey Division that they will no longer handle List I Chemicals for DASTECH INTERNATIONAL, INC. Therefore DASTECH INTERNATIONAL, INC International Inc., is no longer permitted to

5

possess, import or distribute List I chemicals at the Harrison, New Jersey location. DASTECH INTERNATIONAL, INC is only permitted to import Red Phosphorous at its 600 Richmond Terrace, Staten Island, New York 10301 location and 7715 South 78th Avenue building #4, Bridgeview, IL 60455.

12. Your affiant submits that based on the foregoing information on DASTECH INTERNATIONAL, INC International, Inc., is no longer permitted to handle List I chemicals. Your affiant also believes the foregoing property that is involved in a violation of Title 21 United States Code § 801 et seq., in that it was imported, exported, distributed, possessed, or otherwise in violation of Chapter 13 of Title 21, and as such is subject to forfeiture to the United States pursuant to the provisions of Title 21 United States Code § 881 (a)(9).

13. Wherefore it is hereby requested that the Court issue a seizure warrant authorizing the Drug Enforcement Administration or other United States agency to seize the defendant property, namely the 40 drums x 25 kgs for a total of 1,000 kgs of List I chemicals located at the U.S. Customs Warehouse, 300 Western Avenue, Staten Island, New York 10303, 40 drums X 25 kg. for a total of 1000 kg. of Pseudoephedrine and 26 drums X 50 kg. for a total of 1300 kg. of Phenylpropanolamine, located at the U.S. Customs warehouse, 888 Doremus Ave, Newark, NJ 07114, and 10 drums X 25 kg. for a total of 250 kg. of Pseudoephedrine and 319 Drums X 45 kg. for a total of 14,355kg. of Red Phosphorous, located at HAWK'S EXPRESS, INC., 1000 Frank E. Rodgers Blvd., S., Harrison, New Jersey 07029 pursuant to Title 21 United States Code Section 881 (a)(9).

6

Based on the foregoing, I believe that there is probable cause to seize and forfeit the forty (40) drums of List I chemicals from DASTECH INTERNATIONAL, INC International, Inc. pursuant to 21 USC § 881 (a) (9).

William J. Salera
Diversion Investigator
Drug Enforcement Administration

Sworn to and subscribed in my presence this 21st day of June, 2007

PATTY SHWARTZ
United States Magistrate Judge

7

# United States District Court

## DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**40 DRUMS x 25 KGS FOR A TOTAL OF 1,000 KGS OF LIST 1 CHEMICALS LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 300 WESTERN AVENUE, STATEN ISLAND, NEW YORK 10303**

**SEIZURE WARRANT**

CASE NUMBER: 07-3093

TO: Any Special Agent with the DRUG ENFORCEMENT ADMINISTRATION and any Authorized Officer of the United States,

Affidavit(s) having been made before me by, William J. Salera who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**40 DRUMS x 25 KGS FOR A TOTAL OF 1,000 KGS OF LIST 1 CHEMICALS LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 300 WESTERN AVENUE, STATEN ISLAND, NEW YORK 10303**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant in that a protective order may not be sufficient to assure the availability of the property for forfeiture.

**YOU ARE HEREBY COMMANDED** to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established), leaving a copy of this warrant and receipt for the property seized and prepare a written inventory of the property seized and promptly return this warrant to Honorable Patty Shwartz as required by law.

21 June 2007 at 4:15 p.m.
Date and Time Issued

at Newark, New Jersey

Honorable Patty Shwartz, Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

GOVERNMENT EXHIBIT

10

# United States District Court
## DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**40 DRUMS X 25 KG. FOR A TOTAL OF 1000 KG. OF PSEUDOEPHEDRINE AND 26 DRUMS X 50 KG. FOR A TOTAL OF 1300 KG. OF PHENYLPROPANOLAMINE, LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 888 DOREMUS AVE, NEWARK, NJ 07114**

**SEIZURE WARRANT**

CASE NUMBER: 07-3092

TO: Any Special Agent with the DRUG ENFORCEMENT ADMINISTRATION and any Authorized Officer of the United States,

Affidavit(s) having been made before me by, William J. Salera who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**40 DRUMS X 25 KG. FOR A TOTAL OF 1000 KG. OF PSEUDOEPHEDRINE AND 26 DRUMS X 50 KG. FOR A TOTAL OF 1300 KG. OF PHENYLPROPANOLAMINE, LOCATED AT THE U.S. CUSTOMS WAREHOUSE, 888 DOREMUS AVE, NEWARK, NJ 07114**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant in that a protective order may not be sufficient to assure the availability of the property for forfeiture.

**YOU ARE HEREBY COMMANDED** to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established), leaving a copy of this warrant and receipt for the property seized and prepare a written inventory of the property seized and promptly return this warrant to Honorable Patty Shwartz as required by law.

_21 June 2007  at 4:05 p_
Date and Time Issued

_at Newark, New Jersey_

Honorable Patty Shwartz, Magistrate Judge
Name and Title of Judicial Officer

_Patty Shwartz_
Signature of Judicial Officer



GOVERNMENT
EXHIBIT

11

# United States District Court

### DISTRICT OF NEW JERSEY

In the Matter of the Seizure of

**10 DRUMS X 25 KG. FOR A TOTAL OF 250 KG. OF PSEUDOEPHEDRINE AND 319 DRUMS X 45 KG. FOR A TOTAL OF 14,355KG. OF RED PHOSPHOROUS, LOCATED AT HAWK'S EXPRESS, INC., 1000 FRANK E. RODGERS BLVD., S., HARRISON, NEW JERSEY 07029.**

**SEIZURE WARRANT**

CASE NUMBER: 07-3091

TO: Any Special Agent with the DRUG ENFORCEMENT ADMINISTRATION any Authorized Officer of the United States. Affidavit(s) having been made before me by, **William J. Salera**, who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely:

**10 DRUMS X 25 KG. FOR A TOTAL OF 250 KG. OF PSEUDOEPHEDRINE AND 319 DRUMS X 45 KG. FOR A TOTAL OF 14,355KG. OF RED PHOSPHOROUS, LOCATED AT HAWK'S EXPRESS, INC., 1000 FRANK E. RODGERS BLVD., S., HARRISON, NEW JERSEY 07029.**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure and that grounds exist for the issuance of this seizure warrant in that a protective order may not be sufficient to assure the availability of the property for forfeiture.

**YOU ARE HEREBY COMMANDED** to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime - 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established), leaving a copy of this warrant and receipt for the property seized and prepare a written inventory of the property seized and promptly return this warrant to Honorable Patty Shwartz, U.S.M.J. as required by law.

21 June 2007 at 4:01 pm
Date and Time Issued

at Newark, New Jersey

Honorable Patty Shwartz, Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer



GOVERNMENT EXHIBIT
12



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
ATTN: Luz Cascnueve
10 Cuttermill Rd.
Great Neck, NY 11021

| | |
|---|---|
| Asset Id: | 07-DEA-485928 |
| Case Number: | C3-07-2072 |
| Property: | 319 Drums of Red Phosphorous (45kgx319=14,355 kg) |
| Asset Value: | $57,420.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

GOVERNMENT EXHIBIT

13

CARDESS 800-762-6399

934



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
c/o Janet Kravitz
65 East State St., Suite 200
Columbus, OH 43215

| | |
|---|---|
| Asset Id: | 07-DEA-485928 |
| Case Number: | C3-07-2072 |
| Property: | 319 Drums of Red Phosphorous (45kgx319=14,355 kg) |
| Asset Value: | $57,420.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT
13A



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hawk's Express
ATTN: Manager
1000 Frank E. Rodgers Blvd.
Harrison, NJ 07029

| | |
|---|---|
| Asset Id: | 07-DEA-485928 |
| Case Number: | C3-07-2072 |
| Property: | 319 Drums of Red Phosphorous (45kgx319=14,355 kg) |
| Asset Value: | $57,420.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. **A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT
13B



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
ATTN: Luz Cazcnueve
10 Cuttermill Rd.
Great Neck, NY 11021

| | |
|---|---|
| Asset Id: | 07-DEA-485925 |
| Case Number: | C3-07-2072 |
| Property: | 10 Drums of Pseudoephedrine |
| Asset Value: | $19,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

### NOTICE MAILING DATE: July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT
14

934



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
c/o Janet Kravitz
65 East State St., Suite 200
Columbus, OH 43215

| Asset Id: | 07-DEA-485925 |
|---|---|
| Case Number: | C3-07-2072 |
| Property: | 10 Drums of Pseudoephedrine |
| Asset Value: | $19,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT EXHIBIT
14A



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hawk's Express
ATTN: Manager
1000 Frank E. Rodgers Blvd.
Harrison, NJ 07029

| Asset Id: | 07-DEA-485925 |
|---|---|
| Case Number: | C3-07-2072 |
| Property: | 10 Drums of Pseudoephedrine |
| Asset Value: | $19,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Harrison, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

14 B



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
ATTN: Luz Caseneuve
10 Cuttermill Rd.
Great Neck, NY 11021

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

15



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
c/o Janet Kravitz
65 East State Street, Ste. 200
Columbus, OH 43215

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 19, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file **a** petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

GOVERNMENT EXHIBIT
15A



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Sal/Son Trucking
ATTN: Manager
888 Doremus Ave.
Newark, NJ 07114

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

15B



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hawk's Express
ATTN: Manager
1000 Frank E. Rodgers Blvd.
Harrison, NJ 07029

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

15C



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

J.M. Rodgers
ATTN: Manager
1975 Linden Boulevard
Elemont, NY 11003

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 19, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via **private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT EXHIBIT
15D



**U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION**

J.W. Hampton Jr.
ATTN: Manager
161-15 Rockaway Boulevard
Jamaica, NY 11434

| | |
|---|---|
| Asset Id: | 07-DEA-485920 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40= 1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

NOTICE MAILING DATE: July 19, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 23, 2007.** The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

15E



**U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
ATTN: Luz Cazeneuve
10 Cuttermill Road
Great Neck, NY 11021

| | |
|---|---|
| Asset Id: | 07-DEA-485931 |
| Case Number: | C3-07-2072 |
| Property: | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| Asset Value: | $52,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

**NOTICE OF SEIZURE**

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

**TO CONTEST THE FORFEITURE**

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

**WHERE TO FILE CORRESPONDENCE**

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

16

92+



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
c/o Janet Kravitz
65 East State Street, Ste. 200
Columbus, OH 43215

| | |
|---|---|
| **Asset Id:** | 07-DEA-485931 |
| **Case Number:** | C3-07-2072 |
| **Property:** | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| **Asset Value:** | $52,000.00 |
| **Seizure Date:** | 06/21/2007 |
| **Seizure Place:** | Newark, NJ |
| **Owner Name:** | Dastech International, Inc. |
| **Seized From:** | Dastech International, Inc. |
| **Judicial District:** | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

GOVERNMENT
EXHIBIT
16 A



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Sal/Son Trucking
ATTN: Manager
888 Doremus Ave.
Newark, NJ 07114

| | |
|---|---|
| **Asset Id:** | 07-DEA-485931 |
| **Case Number:** | C3-07-2072 |
| **Property:** | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| **Asset Value:** | $52,000.00 |
| **Seizure Date:** | 06/21/2007 |
| **Seizure Place:** | Newark, NJ |
| **Owner Name:** | Dastech International, Inc. |
| **Seized From:** | Dastech International, Inc. |
| **Judicial District:** | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. **A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**


GOVERNMENT EXHIBIT
16B



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hawk's Express
ATTN: Manager
1000 Frank E. Rodgers Blvd.
Harrison, NJ 07029

| | |
|---|---|
| Asset Id: | 07-DEA-485931 |
| Case Number: | C3-07-2072 |
| Property: | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| Asset Value: | $52,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



**GOVERNMENT EXHIBIT**
16C



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

J.M. Rodgers
ATTN: Manager
1975 Linden Boulevard
Elemont, NY 11003

| | |
|---|---|
| Asset Id: | 07-DEA-485931 |
| Case Number: | C3-07-2072 |
| Property: | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| Asset Value: | $52,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

NOTICE MAILING DATE: July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

16D



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

J W Hampton Jr.
ATTN: Manager
161-15 Rockaway Boulevard
Jamaica, NY 11434

| Asset Id: | 07-DEA-485931 |
|---|---|
| Case Number: | C3-07-2072 |
| Property: | 26 Drums of Phenylpropanolamine (26x50kg=1,300kg) |
| Asset Value: | $52,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Newark, NJ |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | District of New Jersey |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT EXHIBIT
16 E



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
ATTN: Luz Caseneuve
10 Cuttermill Rd.
Great Neck, NY 11021

| | |
|---|---|
| Asset Id: | 07-DEA-485922 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40=1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Staten Island, NY |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | Eastern District of New York |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA** AT EITHER OF THE ADDRESSES NOTED ABOVE. **SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

17

034



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Dastech International, Inc.
c/o Janet Kravitz
65 East State Street, Ste. 200
Columbus, OH 43215

| Asset Id: | 07-DEA-485922 |
|---|---|
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40≈1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Staten Island, NY |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | Eastern District of New York |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

17A



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Hawk's Express
ATTN: Manager
1000 Frank E. Rodgers Blvd.
Harrison, NJ 07029

| | |
|---|---|
| Asset Id: | 07-DEA-485922 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40=1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Staten Island, NY |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | Eastern District of New York |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

17B



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

J.W. Hampton Jr.
ATTN: Manager
161-15 Rockaway Boulevard
Jamaica, NY 11434

| | |
|---|---|
| Asset Id: | 07-DEA-485922 |
| Case Number: | C3-07-2072 |
| Property: | 40 Drums of Pseudoephedrine (25kgx40=1,000 kg) |
| Asset Value: | $76,000.00 |
| Seizure Date: | 06/21/2007 |
| Seizure Place: | Staten Island, NY |
| Owner Name: | Dastech International, Inc. |
| Seized From: | Dastech International, Inc. |
| Judicial District: | Eastern District of New York |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property arc underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Codc of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT EXHIBIT
17C



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Tiger Freight Interational, Inc.
ATTN: Manager
150-30 132nd Avenue, Ste #307
Jamaica, NY 11434

| | |
|---|---|
| **Asset Id:** | 07-DEA-485922 |
| **Case Number:** | C3-07-2072 |
| **Property:** | 40 Drums of Pseudoephedrine (25kgx40=1,000 kg) |
| **Asset Value:** | $76,000.00 |
| **Seizure Date:** | 06/21/2007 |
| **Seizure Place:** | Staten Island, NY |
| **Owner Name:** | Dastech International, Inc. |
| **Seized From:** | Dastech International, Inc. |
| **Judicial District:** | Eastern District of New York |

**NOTICE MAILING DATE:** July 20, 2007

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881** , because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 24, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of

the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



GOVERNMENT
EXHIBIT

17D

**U. S. Department of Justice**

Drug Enforcement Administration

---

*www.dea.gov*                    Washington, D.C.  20357

## AUG 0 3 2007

Max Kravitz, Esq.
Kravitz, Brown, and Dortch, LLP
145 East Rich Street
Columbus, Ohio  43215

Re:    Re: DEA registrations of Dastech International, Inc.

Dear Mr. Kravitz:

This letter is to advise you that the Drug Enforcement Administration (DEA) has reviewed the facts and circumstances regarding the surrender of DEA registrations 001277DRX and 001285DNY, assigned to Dastech International, Inc. c/o Hawk's Express, Inc., Frank E. Rodgers Blvd, Harrison, New Jersey 07029 (Dastach c/o Hawk's Express"). As you are aware, DEA accepted the surrender of these registrations from Mr. Neil Villacari, the owner of Hawk's Express and the individual in apparent control of the registered location. At that time, Mr. Villacari indicated that he no longer wished to be involved with list I chemicals, and DEA accepted the surrenders. However, based on our review of the facts relating to Mr. Villacari's apparent authority to surrender the registrations, DEA has concluded that the registrations will remain valid.

It is, however, the intent of DEA to resume its investigation on the issue of Dastech's listed chemical activities and conduct appropriate inspections to determine whether Dastech is properly registered at the proper location, is conducting listed chemical business at the registered location, and is conducting all regulated activities at properly registered premises. Accordingly, this letter makes no representations about Dastech International's past or current activities with respect to the handling, distribution, or importation of list I chemicals.

If you have any questions regarding this matter please contact Mr. Wayne Patrick (202) 307-8010, the attorney handling this matter on behalf of DEA.

Sincerely,

Joseph T. Rannazzisi
Deputy Assistant Administrator
Office of Diversion Control

GOVERNMENT
EXHIBIT
18

# U.S. CUSTOMS SERVICE

US CUSTOMS + BORDER PROTECTION

NO. 2479024

1. FPF No.
`2` `0` `0` `7` `4` `6` `0` `1` `0` `0` `0` `7` `6` `1` `-0` `1`

2. Incident No.
`2` `0` `0` `7` `5` `2` `0` `0` `6` `C` `9` `4` `9` `0` `1`

3. Investigative Case No.

**CUSTODY RECEIPT**
**FOR**
**SEIZED PROPERTY**
**AND**
**EVIDENCE**

Handbook 5200-09

| 4. Prior Detention? | 5. Date Seized (mm/dd/yyyy) | 6. Time Seized (Use 24 Hrs) | 7. FDIN/Misc. |
|---|---|---|---|
| Yes ☐  No ☑  If yes, CF 6051D No _____ | 06 / 21 / 2007 | 1738 | |

8. Seized From:
Name: DASTECH INT'L INC
Address: 10 CUTTER MILL RD
GREAT NECK, NY. 11021
Telephone No. (   )        Ext:

9. Entry No.

10. Seal or Other ID Nos.

11. Remarks:

12. Send Correspondence to: AREA DIRECTOR, 1100 RAYMOND BLVD, NEWARK NJ

### 13. PROPERTY ( By Line Item) Attach CF 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 1 | PSEUDOEPHEDRINE | 40 | DRUMS | | | $ |
| 2 | PHENYLPROPANOLAMINE | 26 | DRUMS | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

14. Seizing Officer
CBP OFFICER NOEL MOLONEY
Print Name            Signature            Date     6 / 21 / 2007

### 15. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1-2 | PSEUDOEPHEDRINE / PHENYLPROPANOLAMINE | U.S. CBP CBPO NOEL MOLONEY | | 6/21/2007 |
| 1-2 | PSEUDOEPHEDRINE / PHENYLPROPANOLAMINE | THOMAS SULLIVAN SPECIAL AGENT/ICE | | 6/21/2007 |
| 1-2 | PSEUDOEPHEDRINE / PHENYLPROPANOLAMINE | DEA D/I ANDREW BREINER | | 6/21/07 |
| | D/I ANDREW BREINER | | | |

CF 6051A Continuation Sheet Attached? Yes ☐  No ☐

Customs Form 6051S (11/01)

Customs Retains Original



GOVERNMENT EXHIBIT
19

05/30/2007 09:53 5164667144                DASTECH                      #1796 P.007 /011

Drug Enforcement Administration                          Precursor and Essential Chemicals

| SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT. | OMB Approval No. 1117-0023 |
|---|---|

| 1. CHECK ONE: | | U.S. CUSTOMS CERTIFICATION |
|---|---|---|
| [✓] IMPORT DECLARATION  [ ] EXPORT DECLARATION | | |

| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No, to include Area Code, Telex No, and where available FAX No.) | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No, to include Area Code, Telex No. and where available FAX No.) | Date of Departure/Arrival |
|---|---|---|
| DASTECH INTERNATIONAL, INC. C/O HAWKS EXPRESS INC. 1000 FRANK E. RODGERS BLVD. HARRISON, NJ 07029 TEL.: 973-344-5400 | J.W. HAMPTON JR.  (US Custom, BRoker) 161-15 ROCKAWAY BOULEVARD JAMAICA, NY 11434 TEL.: 718-276-0301 | Name of Carrier/Vessel |
| | | Date of Certification |
| | | Signature of Customs Official |

| 1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED    [✓] Check if applicable |
|---|

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| PHENYLPROPANOLAMINE HCL, USP  LOT NO.: · NET WEIGHT: 40 KILOS  NDC: 058747-7272 NO. 1/UP MADE IN TAIWAN, R.O.C. NOT FOR HUMAN APPLICATION  OUR PO# PD-7203  DEA CONTROL# 5047779 | PHENYLPROPANOLAMINE HCL 1. 200 KGS CONTRACT PHARMACAL (135 ADAMS AVE. HAUPPAUGE, NY 11788) PO# 104015 DEA# RC0295798 8/07 USE:FINISH PRODUCT IS A ORAL DOSAGE FOR ANIMAL USE ONLY. SOLD UNDER PRESCRIPTION(NDC# 10267-0154) 2. 40 KGS GEMINI PHARM. (87 MODULAR AVE.,COMMACK, NY 11725);PO# 113431 END USE: PRODUCT WILL BE USED IN A VETERINARIAN PRESCRIBED TAB. FOR VETOQUINOL DEA:RV0295914 | 240 KGS 6 x 40 KGS DRUM  NDC# 051645-3530*1 051645-3532*1 051645-3532*2 | 261 KGS 6 x 43.5 KGS DRUM |

| 3a. [✓] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE | 3b. [ ] FOREIGN  [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE |
|---|---|
| KEELUNG, TAIWAN          05/05/2007 | PORT NEWARK, NJ          05/30/2007 |

| 4a. MODE OF TRANSPORT; NAME OF VESSEL; CARRIER | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
|---|---|
| OCEAN FREIGHT | N/A |

| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |
|---|---|
| TECHNOCO CO., LTD. 9 FL. NO. 1-2 NANKING WEST ROAD TAIPEI, TAIWAN, R.O.C. | N/A |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature) | DATE | NAME OF FIRM |
|---|---|---|
| LUZ CAZENEUVE | 4/12/2007 | DASTECH INTERNATIONAL, INC. |

DEA Form — 486
(Jun 1989)

Copy 3

GOVERNMENT EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC.  )
*et al.*,                     )
                Plaintiffs   )
                             )
        v.                   )     Civil Action No. 1:07-CV-01296
                             )     (HHK)
                             )
ALBERTO GONZALES, *et al.*,  )
                             )
            Defendants       )
_____    )

## SECOND DECLARATION OF RICHARD TILNEY

I, Richard Tilney, pursuant to 28 U.S.C. § 1746, declare and say:

1.      I am a Group Supervisor in the Office of Diversion, Newark, New Jersey Office, Drug Enforcement Administration.  My responsibilities include the prevention, detection, and investigation of the diversion of listed chemicals and controlled substances from legitimate channels under the Controlled Substances Act.  This includes reviewing DEA Forms 486 (Import/Export Declarations).  I have served in my current capacity at the Newark Office since March 4, 2003, and have been a Diversion Investigator since July 5, 1997.  I was hired by DEA as a Diversion Investigator in 1997 and attended the Basic Diversion Investigator School at the DEA Academy in Quantico, Virginia.  I have also received additional training at numerous classes administered both by the DEA and by non-DEA entities between 1974 and present.  These courses familiarized me with matters involving chemical diversion to the illicit manufacture of methamphetamine, and

the adverse environmental impact that results from this process. Prior to my current position, I was a Staff Coordinator for the DEA in the Operations Enforcement Dangerous Drugs and Chemical Section (OED) at DEA Headquarters, Arlington, Virginia. As part of my duties I conducted regulatory investigations involving manufacturers, distributors, pharmacies, practitioners, and other handlers of controlled substances and listed chemicals. I further instructed law enforcement agencies in foreign nations regarding the methods of diversion used by illicit traffickers. Prior to this, I was a Diversion Investigator in the DEA New Jersey Division and was primarily responsible for preventing, detecting and investigating the diversion of controlled substances and listed chemicals from legitimate channels to illicit traffic. I have also provided investigative assistance in criminal and civil actions involving the diversion of imported list I chemicals and chemicals diverted to the illicit market. The primary emphasis of most of these investigations has involved pseudoephedrine (also known as pseudoephedrine HCl), ephedrine, phenylpropanolamine, and red phosphorus products. I have also worked in the regulatory process of List I chemical handlers to include pre-registrant investigations, regulatory investigations, and administrative actions taken against regulated firms.

The following information is based on my personal knowledge and/or information gained in the course of my official duties.

2.    List I chemicals are legitimate chemicals that also may be used in the illicit manufacture of a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 802 (34), 21 CFR § 1310.02(a). Ephedrine, pseudoephedrine,

2

phenylpropanolamine, and red phosphorus are List I chemicals which are commonly used to illegally manufacture methamphetamine, a Schedule II controlled substance. These chemicals have been specifically designated by the Administrator of the Drug Enforcement Administration (DEA Administrator) as four of the listed chemicals subject to the provisions of 21 CFR §§ 1309 and 1313. *See also* 21 CFR § 1310.02 (a).

3.      Plaintiff, Dastech International, Inc., is a registered importer and distributor of List I chemicals, which includes ephedrine, pseudoephedrine, phenylpropanolamine and red phosphorus. 21 U.S.C. § 802 (34); *see also* 21 C.F.R. § 1310.02 (a). These chemicals are often illegally "diverted" for use in the clandestine manufacture of methamphetamine, a controlled substance. In an effort to stem illegal methamphetamine production, Congress has passed a number of comprehensive measures, including the Chemical Diversion and Trafficking Act of 1988 (CDTA), the Domestic Chemical Diversion Control Act of 1993 (DCDCA), and the Comprehensive Methamphetamine Control Act of 1996 ("the Acts"), all of which are designed to impose upon distributors and sellers of List I chemicals various duties to control theft, loss, and otherwise illegal diversion of List I chemicals to clandestine laboratories.

4.      The Acts require that anyone who manufactures, imports, exports or distributes List I chemicals must be considered a "regulated person" and must register with DEA. 21 U.S.C. §§ 802(38), 843(a)(9); *see also* 21 C.F.R. § 1309.21. A person who knowingly distributes or imports a listed chemical without being registered shall be

3

sentenced to a term of imprisonment of up to four years, fined, or both. *Id.*, at § 843 (d)(1).

5.    By law, "every person who manufactures or distributes any ... List I chemical ... shall obtain annually a registration issued by the Attorney General." 21 U.S.C. 822 (a). If that person also desires to import a List I chemical, a separate registration must be obtained. 21 U.S.C. § 957 (a); *see also* 21 C.F.R. § 1309.21 (a). Moreover, any registration must be specific to the particular list I chemical to be handled. 21 U.S.C. 822 (e) (distribution); 21 U.S.C. 958 (b) (importation). For instance, a registration that permits a distributor and/or importer only to handle red phosphorus would not be sufficient to import or handle ephedrine.

6.    When a distributor or seller of List I chemicals maintains multiple locations for distributing, selling, and/or importing List I chemicals, a separate registration is required for each location. 21 U.S.C. § 822(e); 21 C.F.R. § 1309.23-24; *see also* 21 U.S.C. § 958(h) (separate registration required for each principal place of business where list I chemicals are imported). This is necessary because, without separate registrations, DEA would be unable to identify and/or inspect the new location where List I chemicals were sold or otherwise distributed. There are only two exceptions to the separate registration requirement. A registered distributor who stores chemicals at a warehouse is exempt from registering the warehouse, for instance, *if* no chemicals are *distributed* from the warehouse *and* are returned to the registered location prior to distribution (italics added). 21 C.F.R. § 1309.23 (b)(1). Also, a separate registration is

4

not required for a location used by an agent of the registrant to merely solicit sales as long as the agent does not use the location as a distribution point or storage facility. *Id.*, at § 1309.23 (b)(2). In other words, if no List I chemicals are distributed from, manufactured at, or imported to the facility, a separate registration is generally not required.

7.    In addition to the registration requirement, any importer of a list I chemical is also required to notify the DEA Administrator of each importation not later than 15 days before the importation is to take place. *See* 21 CFR § 1313.12 (a). Unless the notice requirement is waived, the regulated person must complete a DEA Form 486 and deliver it to DEA not later than 15 days prior to the importation. *See* 21 U.S.C. § 971 (a); 21 CFR § 1313.12 (b). The DEA Form 486 must include, among other things, the accurate name and address information about the chemical importer and/or broker, the name and description of each listed chemical, the amount of chemical to be shipped, the proposed import date, the foreign port of exportation, and the United States Customs Port of Entry. *See* 21 CFR § 1313.13 (c).

8.    Pursuant to 21 U.S.C. § 971 (c) and 21 CFR § 1313.41 (a), the DEA Administrator has the authority to suspend any importation or exportation of ephedrine, pseudoephedrine, phenylpropanolamine, or red phosphorus based on evidence that the chemical proposed to be imported or exported may be diverted to the clandestine manufacture of a controlled substance. Though there is currently no statutory definition of "evidence that the chemical proposed to be imported may be diverted to the

clandestine manufacture of a controlled substance," through prior adjudication, DEA and the courts have approved the use of a "totality-of-the-circumstances test" to decide whether substantial evidence exists to suspend an importation of List I chemicals. *See PDK Laboratories, Inc. v. United States Drug Enforcement Administration*, 438 F.3d 1184, 1194 (D.C. Cir. 2006); *Indace, Inc., Suspension of Shipments*, 69 Fed. Reg. 67,951, 67,959 (Nov. 22, 2004).

9.    If the DEA Administrator, as delegated by the Attorney General, makes a finding that a registrant "has committed such acts as would render his registration ... inconsistent with the public interest," the Administrator may revoke or suspend the registration. 21 U.S.C. 824 (a) (4) (distribution); 21 U.S.C. 958 (d) (2) (importation). In determining the public interest, the Administrator shall consider the following factors enumerated in 21 U.S.C. 823 (h):

(1)    maintenance by the applicant of effective controls against diversion of listed chemicals into other than legitimate channels;

(2)    compliance by the applicant with applicable Federal, State, and local law;

(3)    any prior conviction record of the applicant under Federal or State laws relating to controlled substances or to chemicals controlled under Federal or State law;

(4)    any past experience of the applicant in the manufacture and distribution of chemicals; and

(5)    such other factors as are relevant to and consistent with the public health and safety.

Accordingly, the Administrator has discretion to immediately suspend any registration ... "in cases where [she] finds that there is an imminent danger to the public health and safety." 21 U.S.C. 824(d). Such a suspension shall be immediate and shall "continue in effect until the conclusion of all proceedings ..."

10.    Plaintiff is a registered importer and distributor of list I chemicals. Currently, Plaintiff is registered in three different locations, including Harrison, New Jersey (c/o Hawk's Express); Bridgeview, Illinois (c/o Chicagoland Quad Cities); and Staten Island, New York (c/o Cody Enterprises).

11.    On February 15, 2007, DEA received a completed DEA Form 486 from Plaintiff, listing the registrant as Dastech International, Inc c/o Hawks Express, Inc., 1000 Frank E. Rodgers Boulevard, Harrison, New Jersey. ("Dastech c/o Hawks"). (Exhibit ("Ex.") 1. On the form, Dastech c/o Hawks declared it intended to import 1000 kilograms of pseudoephedrine HCl (aka pseudoephedrine) to its registered location at 1000 Frank E. Rodgers Boulevard, Harrison, New Jersey. (DEA Control No.: 5046178). Dastech c/o Hawks listed J.W. Hampton Jr., Jamaica, New York, as the United States Customs broker.

The information on the DEA Form 486, however, was inconsistent with information received by the United States Customs Border Protection (CBP). The CBP data, attached as Exhibit 2, showed that the same shipment of pseudoephedrine was actually being imported to Vanguard Logistics (aka NACA Logistics) at 300 Middlesex Avenue, Carteret, New Jersey ("Vanguard"), an unregistered location. Additionally, the

CBP data showed that the actual U.S. Customs Broker was not J.W. Hampton, Jr., but J.M Rodgers, and that the shipment was ultimately destined for yet another unregistered location, Dastech's New York location at 10 Cuttermill Road, Great Neck, New York. ("Dastech/Great Neck, N.Y."). *Id.*

I obtained documents from Vanguard which confirmed the CBP data. Vanguard produced an "Arrival Notice and Invoice," attached as Exhibit 3, which showed that the pseudoephedrine was in fact destined for Vanguard Logistics in Carteret, New Jersey, an unregistered location. This document referred to the same shipment described in the DEA Form 486 but, unlike the DEA 486, never identified Dastech c/o Hawk's as being involved with the import. Exhibit 3. Because neither the Vanguard location nor the Dastech/Great Neck, N.Y. locations are registered locations, a shipment of pseudoephedrine to either location would have been in violation of 21 U.S.C. 843 (a)(9), 21 C.F.R. § 1309.21, and 21 C.F.R.§ 1309.23.

12.     On March 28, 2007, DEA received another completed DEA Form 486 from Dastech c/o Hawks for 1000 kilograms of pseudoephedrine HCl. Exhibit 4, pp. 1-2. This shipment was imported into the United States along with 1000 kilograms of Phenylpropanolamine, also shipped pursuant to a DEA-486 submitted by Dastech c/o Hawks and received by DEA on April 10, 2007. Exhibit 4A, pp. 1-2. Copies of both DEA Forms 486 are attached as Exhibits 4-4a and, like the DEA 486 discussed above, both forms listed J.W. Hampton as the customs broker.

Again, the CBP data received by DEA contradicted the information on the DEA Forms 486. According to the CBP, the shipments of phenylpropanolamine and

8

pseudoephedrine were actually scheduled to be shipped to the Dastech/Great Neck, N.Y. location, an unregistered location.  Exhibit 5.[1]

13.    Additionally, a review of CBP paperwork and information obtained by DEA revealed that the shipments described in Exhibits 4, 4A, and 5 were being handled by Sal/Son Trucking, 888 Doremus Avenue, Newark, New Jersey.  Again, this location was not registered by DEA.

14.    On April 20, 2007, I contacted J.W. Hampton, Jr. and Company, the listed customs broker, and spoke to Maureen Shoule about the imports described above.  Ms. Shoule advised that her company was not involved with these imports and had not filed any documents with the CBP for the importation of pseudoephedrine or phenylpropanolamine.

15.    On June 4, 2007, DEA served a Notice of Inspection of Controlled Premises on the manager of Hawk's Express, Inc., Dino DeGregorio.  Exhibit 8.  At that time, I asked Mr. DeGregorio for documents pertaining to the shipments of all list I

---

[1] In my previous affidavit filed in the instant case, dated July 24, 2007, I stated in error that, with respect to this particular shipment of phenylpropanolamine, there was a discrepancy between the amount actually declared and the amount shipped.  I stated that "the CBP data shows an actual shipment of 66 drums which includes … 26-50 kilogram drums of phenylpropanolamine (1300 kg)" and that the "DEA-486 submitted by [Plaintiff] show[ed] only a declaration of 1000 kilograms of phenylpropanolamine, leaving 300 kilograms undeclared."  Since making that declaration, I have located documents provided by Plaintiff and Plaintiff's broker which indicate that the entire shipment of phenylpropanolamine appears to have been declared by Plaintiff to DEA.  *See* Exhibit 20.  This error was also included in the application for a seizure warrant, obtained on June 21, 2007, and discussed in paragraph 22 of this declaration.  *See* Exhibit 9.  Please see my corrected declaration to this effect dated August 10, 2007.

chemicals between December 2006 to June 2007. Mr. DeGregorio stated that he could not locate the documents but told me that the owner of Hawk's Express, Neil Vallacari, would provide them to me the following day.

16.    On June 5, 2007, I met with Mr. Villacari, who produced some importation documents, including originals, but none that pertained to the shipments declared in Exhibits 1, 4, and 4A. Nor did Mr. Villacari produce any documents pertaining to the 10-25 kilogram drums of pseudoephedrine which were found on the premises of Hawk's Express. I also specifically asked Mr. Villacari about the shipments of pseudoephedrine and phenylpropanolamine that were shipped to Sal/Son Trucking in Newark, New Jersey and were currently being detained at the CBP warehouse in Staten Island, New York. Mr. Villacari stated he had no documentation for either shipment and only learned of the shipment when contacted by the CBP.

17.    During this meeting, Mr. Villacari told me that he would no longer be handling list I chemicals for the Plaintiff. Mr. Villacari stated that, as a result of imports being documented as destined for his warehouse when in fact no shipments were actually arriving, it was in his best interest to cease acting as an agent for the Plaintiff and surrender his ability to handle list I chemicals. Accordingly, Mr. Villacari voluntarily surrendered the DEA registrations assigned to Dastech c/o Hawks by signing two DEA Forms 104c. Exhibits 6-6A. Prior to signing the forms and surrendering the registration certificates, Mr. Villacarri was not threatened with any action against him nor were any promises made to him in exchange for surrendering the registrations. Mr. Villacari also

never indicated that he lacked authority to surrender the registrations. To the contrary, he stated that he no longer wished to act as Plaintiff's "agent" and that, as the president of the company listed as the import location, he was ceasing all handling of list I chemicals.

18.    In executing the DEA Forms 104c, Mr. Villacari explicitly stated that he desired to "terminate handling of all List I chemicals." Exhibits 6-6A. By signing the forms, he consented to having the DEA registrations revoked "without an order to show cause, a hearing, or any other proceeding." *Id*. The following day, on June 6, 2007, I sent, by facsimile, two DEA Forms 104c to Luz Cazeneuve, Plaintiff's Operations Manager. Based on Mr. Villacari's surrender of the DEA registrations, I instructed Ms. Cazeneuve to sign identical surrender forms. However, Ms. Cazeneuve did not return the signed forms.

19.    Following the surrenders by Mr. Villacari, I contacted Ms. Cazeneuve and requested that she produce all records pertaining to list I chemical transactions from December 2006 to June 2007. Ms. Cazeneuve's attorney, Max Kravitz, requested an extension of time during which to produce the records. I agreed to the extension and on June 18, 2007, I, along with two other diversion investigators, met with Plaintiff's attorneys, Max and Janet Kravitz, as well as with Ms. Cazeneuve. During that meeting, Ms. Cazeneuve produced a collection of records which, based on my initial review, did not negate my belief that Plaintiff was engaged in importing list I chemicals to unregistered locations and that Plaintiff reported the wrong customs broker on the DEA

11

Forms 486 described above. However, I am still reviewing the documents produced by Ms. Cazeneuve.

20.    Also during that meeting, Dastech's attorneys were asked about submitting the signed DEA Forms 104c, indicating Dastech's decision to surrender their registrations. Mr. Kravitz told me that they would discuss the matter and get back to me. At no time during the meeting did Dastech's attorneys or Ms. Cazeneuve protest Mr. Villacari's surrender of Dastech's registrations or attempt to challenge Ms. Villacari's authority surrender to the registrations.

21.    Plaintiff, Dastech International, Inc., has previously been cited by DEA for the same violations listed above. For instance, on June 6, 2002, DEA sent a letter to Ms. Luz Cazeneuve of Dastech, advising her that Dastech had filed DEA Forms 486, listing an unregistered location as the destination of the List I chemicals to be imported. A copy of the letter is attached hereto as Exhibit 7.

Dastech has also been the subject of a previous DEA investigation. Ms. Luz Cazeneuve was investigated for filing false or fraudulent information with DEA to obtain an import authorization for 4500 kilograms of pseudoephedrine. The shipment identified the receiving company as RP Scherer. RP Scherer advised DEA that it had never ordered any pseudoephedrine from Dastech. As a result, Ms. Cazeneuve was advised that providing false statements or filing fraudulent information when applying for an import authorization could constitute a criminal offense. *See* 21 U.S.C. § 843(a)(4)(A).

On September 24, 2004, DEA's Los Angeles Division conducted a regulatory inspection of Dastech International's registered location, c/o Admiral Transportation, 300 N. Baldwin Park Blvd., City of Industry, California. After being confronted with evidence that Dastech was in violation of state and federal regulations, Admiral surrendered its DEA registration.

22.    On June 21, 2007, DEA Diversion Investigator (DI) William J. Salera applied for a seizure warrant, alleging numerous violations[2] on the part of Plaintiff and indicating that Mr. Villacari had (1) voluntarily surrendered both DEA registrations held by Dastech c/o Hawks; (2) told DEA that he no longer wanted to retain the DEA registrations; and (3) told DEA that his company, Hawk's Express, would no longer act as a registered location for Dastech International, Inc.  Exhibit 9, ¶ 9.  Based on DI Salera's belief that Mr. Villacari had authority to surrender the registrations and had elected to cease handling all list I chemicals for Plaintiff, DI Salera concluded that Plaintiff could no longer import or distribute list I chemicals from the Dastech c/o Hawk's location.  *See* 21 C.F.R. § 1309.62 (a) (registration shall terminate whenever registrant "discontinues business or professional practice" at registered location).

23.    That same day, United States Magistrate Judge Patty Schwartz issued three seizure warrants.  The first was for the seizure of approximately 15 metric tons of red phosphorus (319 drums) and 250 kilograms (10 drums) of pseudoephedrine located at

---

[2] As previously mentioned, one of the allegations in the affidavit was later determined to be in error. See FN1 of this declaration.

the Dastech c/o Hawk's Express location. The second was for 1000 kilograms (40 drums) of pseudoephedrine and 1300 kilograms of phenylpropanolamine (26 drums) located at Sal/Son trucking in Newark, New Jersey. The third warrant was for 1000 kilograms (40 drums) of pseudoephedrine that was detained at the CBP warehouse in Staten Island, New York. Exhibits 10-12. The warrants were executed and the chemicals were seized. On July 19 and 20, 2007, DEA promptly issued Notices of Seizure to Plaintiff and others with regards to all the chemicals seized, informing them of their rights to contest the forfeiture. *See* Exhibits 13-13B, 14-14B, 15-15E, 16-16E, and 17-17E.

24.     Prior to the filing of the instant lawsuit, Plaintiff never complained to me or anyone in my office that Mr. Villacari lacked authority to surrender the DEA registrations issued to Dastech c/o Hawk's Express. Nor did Mr. Villacari, prior to the filing of the suit, ever notify DEA that he was withdrawing his consent to surrender the registrations. In fact, the first time I learned that Mr. Villacari was "withdrawing" his consent to surrender and waiver of a hearing, was the filing of the instant lawsuit.

14

25.    However, out of an abundance of caution and in consideration of Plaintiff's insistence that Mr. Villacari lacked authority to act on behalf of Plaintiff, DEA considered the facts and circumstances regarding Mr. Villacari's surrender of Plaintiff's DEA registrations.  After reviewing the facts and circumstances which were made known to DEA only after the instant lawsuit was filed, DEA sent a letter to Plaintiff's attorney, dated August 3, 2007, informing him that DEA had reviewed the facts and circumstances regarding the surrender of DEA registrations 001277DRX and 001285DNY, assigned to Dastech International, Inc. c/o Hawk's Express, Inc., Frank E. Rodgers Blvd, Harrison, New Jersey 07029 (Dastech c/o Hawk's Express").  Exhibit 18.  Based on its review, DEA stated that Dastech's registrations are currently valid.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing declaration and that the same is true and correct.

Richard J. Tilney
Group Supervisor
Office of Diversion Control
New Jersey Division

Executed this 10th day of August, 2007 at Newark, New Jersey.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC.  )
*et al.*,                    )
          Plaintiffs   )
                  )
                  )
        v.          )      Civil Action No. 1:07-CV-01296
                  )      (HHK)
                  )
ALBERTO GONZALES, *et al.*,   )
                  )
          Defendants    )
                  )

## CORRECTION TO ATTACHED DECLARATION OF RICHARD TILNEY, FILED JULY 24, 2007

     I, Richard Tilney, pursuant to 28 U.S.C. § 1746, declare and say:

    1.     On July 24, 2007, I executed a declaration in the instant case, attached

herein as Exhibit 21. In that declaration, which was filed with this Court on July 24,

2007, I stated the following:

> On March 28, 2007, DEA received a completed DEA Form 486 from
> Dastech c/o Hawks for 1000 kilograms of pseudoephedrine HCl. This
> shipment was imported into the United States along with 1000 kilograms
> of Phenylpropanolamine, also shipped pursuant to a DEA-486 submitted
> by Dastech c/o Hawks. A copy of both DEA forms 486 is attached herein
> as Exhibits 4-4a. Both DEA-486 forms listed the Customs Broker as J.W.
> Hampton.

> Based on information received by DEA, this shipment of
> phenylpropanolamine and pseudoephedrine was actually scheduled to be
> shipped to the Dastech New York location, an unregistered location. A
> copy of the CBP data is attached as Exhibit 5. Moreover, the CBP data
> shows an actual shipment of 66 drums which includes 40-25 kilogram
> drums of pseudoephedrine (1000 kg) and 26-50 kilogram drums of

phenylpropanolamine (1300 kg). However, the DEA-486 submitted by Dastech c/o Hawks shows a declaration of only 1000 kilograms of phenylpropanolamine, *leaving 300 kilograms undeclared.*

(Italics added). *See* Exhibit 21, p. 6. As set forth below, certain of these statements were incorrect.

2.    Since the filing of that declaration, I received a copy of a third DEA form 486 ("DEA-486") completed by Dastech c/o Hawk's and filed with DEA. This third DEA-486 was provided to me on July 30, 2007, by J.M. Rodgers Co., the actual Customs Broker who handled the transactions described in paragraph 1 above. In that DEA-486, attached herein at Exhibit 20, Dastech c/o Hawk's declared a shipment of 240 kilograms of phenylpropanolamine with an estimated arrival date of May 30, 2007.

3.    After receiving the DEA-486 from J.M. Rodgers Co., I conducted another search through documents which the Plaintiff previously provided to me on June 18, 2007. After conducting that search, I discovered that the Plaintiff has also provided me with a copy of the DEA-486 which referenced the shipment of 240 kilograms of phenylpropanolamine.

4.    Based on the documents provided to me by both J.M. Rodgers Co. and the Plaintiff, it appears that a total of 1240 kilograms of phenylpropanolamine was imported in the shipment referenced above, and that the 1240 kilograms had been declared in *two* separate DEA-486 forms. Therefore, the allegation that Plaintiff failed to declare 300 kilograms of phenylpropanolamine was incorrect and is withdrawn. This allegation was also made in an affidavit submitted by DEA Diversion Investigator William Salera as part of an Application for Seizure Warrant, filed June 21, 2007, in the United States

2

District Court, District of New Jersey. DEA is currently taking appropriate measures to correct that error as well.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing declaration and that the same is true and correct.

Richard J. Tilney
Group Supervisor
Office of Diversion Control
New Jersey Division

Executed this 10th day of August, 2007 at Newark, New Jersey.

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., <u>et al.</u>,)
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 )Civil Action No. 07-1296 HHK
                                         )
ALBERTO GONZALES, <u>et al.</u>,         )
                                         )
            Defendants.                  )
_____ )

<u>ORDER</u>

UPON CONSIDERATION of the Plaintiffs' Motion For A

Preliminary Injunction, for the reasons stated in opposition to

the motion, and based upon the entire record herein, it is the ___

____ day of _____, 2007 hereby

ORDERED that Plaintiffs' motion be and it hereby is denied.


_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

JANET KRAVITZ, ESQ.
MAX KRAVITZ, ESQ.
65 East State Street, Suite 200
Columbus, Ohio  43215

AMY RICHARDSON, ESQ.
Harris, Wiltshire & Grannis
1200 18th Street, N.W.
Washington, DC  20010