## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   **Civil Action 07-01296 (HHK)** |
| ALBERTO GONZALES, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' COMBINED MOTION FOR LEAVE TO FILE SUPPLEMENTARY AFFIDAVITS IN SUPPORT OF THEIR REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND FOR LEAVE TO EXCEED THE PAGE LIMITATION FOR THEIR REPLY MEMORANDUM**

1

NOW COME Plaintiffs Dastech International, Inc. and Dastech Industries, Ltd. ("Dastech"), and respectfully move this Court for leave to file supplemental affidavits in support of its Reply to Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Reply") pursuant to L. Civ. R. 65.1(c) and for leave to exceed the page limit of its Reply pursuant to L. Civ. R. 7(e).  On September 18, 2007, Plaintiff filed its Reply to Defendants' Opposition, which was accompanied by supplemental affidavits and which exceeded the page limitation by twelve pages.

On July 20, 2007, Plaintiffs filed their Complaint against Defendants.  To date, Defendants have not filed an Answer and just today requested an extension of time in which to file their Answer.  Plaintiffs agreed to Defendants request for an extension until October 10, 2007.

On July 23, 2007, Plaintiffs filed a Motion for Preliminary Injunction based on the claims contained in their Complaint.  On July 24, 2007, Defendants filed Diversion Investigator ("DI") Tilney's Declaration and DI Salera's Affidavit as exhibits in support of their Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Opposition").  On August 10, 2007, Defendants filed their Memorandum in Opposition, with Tilney's Declaration and DI Salera's Affidavit as supporting exhibits.  The arguments included in Defendants' Memorandum in Opposition were almost entirely based on the averments contained in DI Tilney's Declaration and DI Salera's Affidavit.

Upon reviewing Defendants' Memorandum in Opposition, Plaintiffs discovered that DI Tilney's Declaration and DI Salera's Affidavit contained numerous material misrepresentations.    Plaintiffs had not been presented with these misrepresentations

2

prior to filing their Motion for a Preliminary Injunction. Therefore, Plaintiffs had no means of contesting these material misrepresentations at the time they filed their Motion for a Preliminary Injunction and its supporting affidavits.

It is critical that Plaintiffs be permitted to properly respond to DI Tilney's Declaration and DI Salera's Affidavit through the submission of supplemental affidavits so that this Court is presented with the facts as they truly occurred. For example, DI Tilney's Declaration avers that a separate business entity from Dastech surrendered Dastech's DEA registration for a California warehouse because the DEA had "confronted" Dastech with regulatory violations. DI Tilney's Declaration misrepresents (1) who actually terminated Dastech's DEA registration; and (2) why the registration was actually terminated. A Dastech employee was in fact the person that terminated the registration, and the registration was terminated because Dastech could not find a warehouse in California that would comply with new California regulations. The DEA actually assisted Dastech in trying to find a compliant warehouse. Plaintiffs had no reason to expect that DI Tilney's Declaration and DI Salera's Affidavit would contain such reckless material misrepresentations. Plaintiffs cannot divine what factual misrepresentations it will be presented with, especially when those misrepresentations make past events that are truly irrelevant to the instant proceedings appear relevant. Plaintiffs must be allowed to respond to these previously unknown material misrepresentations through supplemental affidavits.

Indeed, if Plaintiffs are not permitted to respond to the material misrepresentations in DI Tilney's Declaration and DI Salera's Affidavit, the Court will not be presented with all relevant facts to aid it in its decision. To properly document the

events as they actually occurred, it is necessary that Plaintiffs be granted leave to file supplementary affidavits from Ms. Luz Cazeneuve, Plaintiffs' import manager and employee entrusted with DEA compliance, and Mr. Dino DeGregorio and Mr. Mark Levine, who observed the "meeting" between Mr. Villacari of Hawks Express and DIs Salera and Tilney where Plaintiffs' DEA registrations were "surrendered."  All of these Affidavits directly respond to the material misrepresentations contained in DI Tilney's Declaration and DI Salera's Affidavit.  Additionally, Plaintiffs request leave to file a supplementary affidavit form Mr. Jim Lingle.  This affidavit addresses Defendants' contention that irreparable harm will not be suffered in the absence of an injunction.  If Plaintiffs' are not granted leave to file these supplementary affidavits, this Court will be left with only material misrepresentations to consider, rather than the facts as they actually occurred.

Second, Plaintiffs cannot properly respond to these misrepresentations within the twenty-five (25) pages allocated to reply memoranda in the local rules.  *See* L. Civ. R. 7(e).  DI Tilney's Declaration and DI Salera's Affidavit did not contain just one or two material misrepresentations, but exhibited fifteen **categories** of misrepresentations. The sheer number of the representations requires intensive factual analysis from Plaintiffs, beyond the scope of an ordinary Reply.  Again, Plaintiffs were unable to address these material misrepresentations in their initial Motion for a Preliminary Injunction because they had not been presented with the misrepresentations prior to filing the Motion.

Moreover, the exceedingly complex issues involved in this case require lengthy analysis.  The resolution of this case turns on the interaction of Drug Enforcement

4

Administration, Federal Maritime Commission, and Customs and Border Protection statutes and regulations.  A proper analysis of these issues can only be achieved through the expenditure of a great deal of time and also through a great deal of space.  Therefore, Plaintiffs respectfully request leave to exceed the page limitation of their Reply by twelve (12) pages.

For the forgoing reasons, Plaintiffs respectfully request that this Court grant this Combined Motion for Leave to file supplemental affidavits in support of its Reply and for leave to exceed the page limit of its Reply.

Dated:  September 19, 2007

        Respectfully submitted,


        /s/ Janet Kravitz_____
        Janet Kravitz (pro hac vice)
        KRAVITZ, BROWN & DORTCH, LLC
        65 East State Street, Suite 200
        Columbus, Ohio  43215
        Tel:  614.464.2000
        Fax:  614.464.2002
        jkravitz@kravitzllc.com


        /s/ Amy Richardson_____
        Amy Richardson
        Harris, Wiltshire & Grannis, LLP
        1200 Eighteenth Street, NW, Suite 1200
        Washington DC 20036
        Tel: 202.730.1329
        Fax: 202.730.1301

        Attorneys for Plaintiffs
        Dastech International, Inc. and Dastech
        Industries, Ltd.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2007, a copy of the foregoing pleading was electronically filed. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system and all parties may access this filing through the Court's system.

                                                   /s/ Janet Kravitz
                                                 Janet Kravitz