# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASTECH INTERNATIONAL, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 07-01296 (HHK) |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE SUPPLEMENTARY AFFIDAVITS IN SUPPORT OF THEIR REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND FOR LEAVE TO EXCEED THE PAGE LIMITATION FOR THEIR REPLY MEMORANDUM

Dastech International, Inc. and Dastech Industries, Ltd. ("Dastech") respectfully move for leave to file supplemental affidavits in support of their Reply to Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Reply") pursuant to Local Rule 65.1(c) and for leave to exceed the page limit of their Reply pursuant to Local Rules 7(e).  Pursuant to Local Rule 7.1(m) Plaintiffs have conferred with Defendants regarding this motion.

In support of this Motion, Plaintiffs submit the attached Memorandum of Points and Authorities.

Dated:  October 1, 2007

                                                          Respectfully submitted,

                                                          /s/ Janet Kravitz_____
                                                          Janet Kravitz (pro hac vice)
                                                          KRAVITZ, BROWN & DORTCH, LLC
                                                          65 East State Street, Suite 200

Columbus, Ohio  43215
Tel:  614.464.2000
Fax:  614.464.2002
jkravitz@kravitzllc.com


/s/ Amy Richardson_____
Amy Richardson
Harris, Wiltshire & Grannis, LLP
Washington DC 20036
Tel: 202.730.1329
Fax: 202.730.1301

Attorneys for Plaintiffs
Dastech International, Inc. and Dastech
Industries, Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 20, 2007, Plaintiffs filed their Complaint in this action against Defendants. To date, Defendants have not filed an Answer; however, they have recently requested an extension to file until October 10, 2007. Plaintiffs agreed to the Defendants' request for additional time, and the Court granted the requested extension.

On July 20, 2007, Plaintiffs filed Motions for a Temporary Restraining Order and Preliminary Injunction based on the claims contained in their Complaint.

On July 24, 2007, Defendants filed Diversion Investigator ("DI") Tilney's Declaration and DI Salera's Affidavit as exhibits in support of their Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Opposition"). On August 10, 2007, Defendants filed their Memorandum in Opposition, with DI Tilney's Declaration and DI Salera's Affidavit as supporting exhibits. The arguments included in Defendants' Memorandum in Opposition were almost entirely based on the averments contained in DI Tilney's Declaration and DI Salera's Affidavit.

On September 17, 2007, Plaintiffs filed their Reply to Defendants' Opposition, which was accompanied by supplemental affidavits and which exceeded the page limitation by twelve pages. [Doc. 19]. On September 19, 2007, Plaintiffs filed their Motion for Leave to file its Reply with supplemental affidavits and excess pages pursuant to L. Civ. R. 65.1(c) and L. Civ. R 7(e).

On September 20, 2007, the Court dismissed Plaintiffs' Combined Motion without prejudice for failure to comply with L. Civ. R. 7.1(m). Pursuant to that Rule, counsel for Plaintiffs is required to discuss the matters contained in the Combined Motion with opposing

3

counsel by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement.

Since September 20, 2007, counsel for Dastech International, Inc. and Dastech Industries, Ltd. ("Dastech") has contacted counsel for Defendants by telephone on almost a daily basis to determine what position they were taking as it related to the excess pages and supplemental affidavits. Counsel for Defendants has conferred with his clients and it has taken until today, October 1, 2007, to respond that Defendants oppose Plaintiffs' motion to file their Reply with greater than 25 pages and that they oppose the filing of supplemental affidavits responding to the Declaration and Affidavit filed by DI Tilney and DI Salera.

Upon reviewing Defendants' Memorandum in Opposition, Plaintiffs discovered that DI Tilney's Declaration and DI Salera's Affidavit contained numerous material misrepresentations. Plaintiffs had not been presented with these misrepresentations prior to filing their Motion for a Preliminary Injunction. Therefore, Plaintiffs had no means of contesting these material misrepresentations at the time they filed their Motion for a Preliminary Injunction and its supporting affidavits. These representations fall far outside the scope of Plaintiffs' original pleadings.

It is critical that Plaintiffs be permitted to file a Reply that properly responds to DI Tilney's Declaration and DI Salera's Affidavit. To properly respond, Plaintiffs must submit supplemental affidavits with its Reply so that this Court is presented with the facts as they truly occurred. For example, DI Tilney's Declaration avers that a separate business entity from Dastech surrendered Dastech's DEA registration for a California warehouse because the DEA had "confronted" Dastech with regulatory violations. DI Tilney's Declaration misrepresents (1) who actually terminated Dastech's DEA registration; and (2) why the registration was actually

terminated.  A Dastech employee was in fact the person that terminated the registration, and the registration was terminated because Dastech could not find a warehouse in California that would comply with new California regulations.  The DEA actually assisted Dastech in trying to find a compliant warehouse.  Plaintiffs had no reason to expect that DI Tilney's Declaration and DI Salera's Affidavit would contain such reckless material misrepresentations.  Plaintiffs cannot divine what factual misrepresentations it will be presented with, especially when those misrepresentations make past events that are truly irrelevant to the instant proceedings appear relevant.  Plaintiffs must be allowed to respond to these previously unknown material misrepresentations through supplemental affidavits.

     Indeed, if Plaintiffs are not permitted to respond to the material misrepresentations in DI Tilney's Declaration and DI Salera's Affidavit, the Court will not be presented with all relevant facts to aid it in its decision.  To properly document the events as they actually occurred, it is necessary that Plaintiffs be granted leave to file supplementary affidavits from Ms. Luz Cazeneuve, Plaintiffs' import manager and employee entrusted with DEA compliance, and Mr. Dino DeGregorio and Mr. Mark Levine, who observed the "meeting" between Mr. Villacari of Hawks Express and DIs Salera and Tilney where Plaintiffs' DEA registrations were "surrendered."  All of these Affidavits directly respond to the material misrepresentations contained in DI Tilney's Declaration and DI Salera's Affidavit.  Additionally, Plaintiffs request leave to file a supplementary affidavit form Mr. Jim Lingle.  This affidavit addresses Defendants' contention that irreparable harm will not be suffered in the absence of an injunction.  If Plaintiffs' are not granted leave to file these supplementary affidavits, this Court will be left with only material misrepresentations to consider, rather than the facts as they actually occurred.

Second, Plaintiffs cannot properly respond to these misrepresentations within the twenty-five (25) pages allocated to reply memoranda in the local rules. *See* L. Civ. R. 7(e). DI Tilney's Declaration and DI Salera's Affidavit did not contain just one or two material misrepresentations, but exhibited fifteen **categories** of misrepresentations. The sheer number of the representations requires intensive factual analysis from Plaintiffs, beyond the scope of an ordinary Reply. Again, Plaintiffs were unable to address these material misrepresentations in their initial Motion for a Preliminary Injunction because they had not been presented with the misrepresentations prior to filing the Motion.

Moreover, the exceedingly complex issues involved in this case require lengthy analysis. The resolution of this case turns on the interaction of Drug Enforcement Administration, Federal Maritime Commission, and Customs and Border Protection statutes and regulations. A proper analysis of these issues cannot be achieved in twenty-five pages. Therefore, Plaintiffs respectfully request leave to exceed the page limitation of their Reply by twelve (12) pages.

In situations such as this, where Defendants filed their Affidavit and Declarations with their Memorandum in Opposition and included representations far outside the scope of Plaintiffs' original pleadings, Plaintiffs cannot properly reply without submitting supplemental affidavits.

For the forgoing reasons, Plaintiffs respectfully request that this Court grant this Combined Motion for Leave to file supplemental affidavits in support of its Reply and for leave to exceed the page limit for its Reply.

Dated: October 1, 2007

                                          Respectfully submitted,

                                          /s/ Janet Kravitz_____
                                          Janet Kravitz (pro hac vice)
                                          KRAVITZ, BROWN & DORTCH, LLC
                                          65 East State Street, Suite 200

Columbus, Ohio 43215
Tel: 614.464.2000
Fax: 614.464.2002
jkravitz@kravitzllc.com


/s/ Amy Richardson
Amy Richardson
Harris, Wiltshire & Grannis, LLP
1200 Eighteenth Street, NW, Suite 1200
Washington DC 20036
Tel: 202.730.1329
Fax: 202.730.1301

Attorneys for Plaintiffs
Dastech International, Inc. and Dastech
Industries, Ltd.

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2007, a copy of the foregoing pleading was electronically filed.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system and all parties may access this filing through the Court's system.

                                        /s/ Janet Kravitz
                                        Janet Kravitz