UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., <u>et</u> <u>al.</u>,)
                                       )
       Plaintiffs,          )
                                         )
     v.                )Civil Action No. 07-1296 HHK
                                       )
PETER D. KEISLER,<u>1</u>/        )
  Acting Attorney General of    )
  the United States, <u>et</u> <u>al.</u>,    )
                                       )
       Defendants.        )
_____)

MOTION TO DISMISS OR, IN THE ALTERNATIVE,
<u>TO TRANSFER OR FOR SUMMARY JUDGMENT</u>

Defendants hereby move, pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), to dismiss this action.  In the alternative, Defendants move pursuant to 28 U.S.C. §§ 1404(a) and 1406, and Fed. R. Civ. P. 7, to transfer this civil action to the District of New Jersey for the convenience of the parties and witnesses and in the interests of justice, as well as for lack of proper venue in this District.<u>2</u>/  As a further alternative, Defendants submit that, summary judgment is appropriate in light of the lack of a material dispute as to the material facts in the case.  The grounds for this motion are set forth more fully

_____

    <u>1</u>/  At the time the Complaint was filed, the action was instituted against former Attorney General Alberto Gonzales.  The current Acting Attorney General Peter D. Keisler has been substituted for Mr. Gonzales by operation of Fed. R. Civ. P. 25(d).

    <u>2</u>/  Plaintiffs' counsel has indicated that Plaintiffs do not consent to transfer.

in the attached memorandum of points and authorities in support hereof as well as the Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction, filed on August 10, 2007. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., <u>et</u> <u>al.,</u>)
                                         )
          Plaintiffs,                    )
                                         )
          v.                             )Civil Action No. 07-1296 HHK
                                         )
PETER D. KEISLER,                        )
  Acting Attorney  General of            )
  the United States, <u>et</u> <u>al.,</u>          )
                                         )
          Defendants.                    )
_____      )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
<u>TO TRANSFER OR FOR SUMMARY JUDGMENT</u>

<u>Dismissal or Summary Judgment</u>

As previously set forth in Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction, filed on August 10, 2007,<u>1</u>/ Plaintiffs' claims are either moot or are properly brought in an action in New Jersey, where they allege their property was seized pursuant to Seizure Warrants issued by the United States District Court for the District of New Jersey.  <u>See</u> Exhibits 10-12;<u>2</u>/ Second Tilney Decl., ¶ 23.  Plaintiffs' claims that they are entitled to return of their registration are moot and they have not alleged that prior to filing the instant action they ever sought return of the registrations on the theory that

_____

     <u>1</u>/ It remains unclear whether the execution of the seizure warrants itself initiated the forfeiture action or whether the action will simply follow as a result of the Plaintiffs' challenge to the seizures.  Regardless of the semantics involved, Plaintiffs' counsel have been put in contact with the Assistant United States Attorney assigned responsibility to process the forfeiture proceedings in New Jersey.

     <u>2</u>/ Unless specifically identified otherwise, the exhibits referenced in this filing are those relied upon in Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction.

Mr. Neil Villacari was without authority to surrender them.
Second Tilney Decl., ¶¶ 17-22.

The Supreme Court has explained the importance of the existence of an actual case or controversy in matters brought before it:

> Article III, section 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies."  Standing to sue or defend is an aspect of the case or controversy requirement.
>
> * * *
>
> An interest shared generally with the public at large in the proper application of the Constitution and laws will not do.
>
> * * *
>
> The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.
>
> * * *
>
> To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

Arizonans For Official English v. Arizona, 520 U.S. 43, 64-67 (1997) (internal quotations and cases omitted).

Plaintiff's allegations are moot, because their registration has been proffered to them.  See Exhibit 18; Second Tilney Decl., ¶¶ 24-25; Houston v. Dept. of Housing and Urban Development, 24 F.3d 1421, 1429 (D.C. Cir. 1994); see also County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3rd Cir. 2001) (federal courts are restricted to the adjudication of actual, on going cases or controversies).  Dastech seeks to have the Court enjoin

-2-

DEA from giving "full force and effect" to the surrender of its registrations.  By letter dated August 3, 2007, DEA has already provided Dastech the relief it sought.3/

Transfer and Venue

Moreover, Plaintiffs' allegations in this action bear no relationship to this district; rather, the events alleged by Plaintiff occurred in New Jersey.  Obviously any witnesses in the case are likely to be found in New Jersey and any documents or physical evidence would also be located there.  Accordingly, this Court should transfer any claims not dismissed to the District of New Jersey.

> Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere.  As our recitation of the facts above should make clear, this was an unusual case to bring in the District of Columbia.  As far as it appears from the appellant's original complaint and his brief on appeal, all acts and omissions related to his complaint occurred in Indiana or at the prison medical center in Springfield, Missouri.  Similarly, the two appellees most directly connected to Cameron's case . . . were in Indiana and Kansas, respectively.  Only the inclusion of appellees Quinlan and Thornburgh gives this case any connection to the District of Columbia at all.  Section 1391(e) [of Title 28 of the United States code] makes venue proper for a suit against government

---

3/  At best, there remains a dispute about whether the registration papers must be transported by DEA or whether a representative of Plaintiffs will pick them up and sign for them. Such trivialities are not sufficient to support jurisdiction, especially where the Plaintiffs failed to exhaust administrative remedies by challenging Mr. Villacari's authority before filing suit and where DEA has "agree[d] to provide all of the prospective relief sought. . ." See Johnson v. Horn, 150 F.3d 276, 287 (3rd Cir. 1998).

officials in any district in which one defendant resides.  Because Attorney General Thornburgh lived in the District of Columbia, the court correctly concluded that venue would have been proper in this district for the injunctive claim.

Cameron v. Thornburgh, 983 F.2d 253, 256-57 (D.C. Cir. 1993)

(footnote converted to text).  Plaintiffs have relied upon the

venue provision in 28 U.S.C. § 1391(e).  See Complaint, ¶ 11.

Section 1391(e) provides in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Plaintiffs do not allege in the Complaint that a substantial

part of the events or omissions giving rise to their claims took

place in this district; nor do they assert that the Plaintiffs

reside here.  See Complaint, ¶¶ 3-4, 23-33.  Neither the Attorney

General or any of the other defendants was alleged to reside in

this district; rather they were alleged only to receive mail here

(Defendant Gonzales) or in Virginia (DEA Administrator Karen

Tandy), or to have an office in Virginia (the Drug Enforcement

Agency).  Id., ¶¶ 5-7.  Thus, Plaintiffs have failed to allege

facts to support proper venue in this District.4/

_____

4/  Even had Plaintiffs alleged sufficient facts to support venue in this District, see Lamont v. Haig, 590 F.2d 1124 (D.C. Cir. 1978) (if venue is predicated upon the presence of a federal

In any event, for the convenience of the parties and
witnesses and in the interest of justice, and because venue is
not proper in this District, this action should be transferred to
the District of New Jersey.  Because all the actions complained
of in the Complaint occurred in New Jersey, and all the witnesses
and documents involved are in New Jersey, this action should be
transferred to the District of New Jersey, pursuant to 28 U.S.C.
§ 1404(a), for the convenience of parties and witnesses and in
the interest of justice.5/  This Court may also transfer this

---

officer or employee as a defendant, he must have "act(ed) in his
official capacity or under color of legal authority."), transfer
is warranted as set forth below.  See Hasenfus v. Corporate Air
Services, 700 F.Supp. 58, 64-65 (D.D.C. 1988) ("Lamont, however,
can be distinguished on its facts.  Plaintiffs' claim in that
litigation arose out of an alleged conspiracy, planned and
located in Washington, D.C.  Here, plaintiffs have not only
failed to allege conspiracy as one of their claims but also
failed to factually establish that the alleged conspiracy is
based in Washington, D.C.").  The Attorney General is not alleged
to have acted in any way contrary to Plaintiffs' rights; rather
he is simply alleged to be "ultimately responsible for
supervising the activities of the DOJ. . .".  Complaint, ¶ 5.

5/  28 U.S.C. § 1404(a) provides:

  For the convenience of parties and witnesses, in
the interest of justice, a district court may transfer
any civil action to any other district or division
where it might have been brought.

action pursuant to 28 U.S.C. § 1406(a).6/  See also Cameron v. Thornburgh, 983 F.2d at 256-57.

> Although under the common law doctrine of forum
> non conveniens, plaintiff's choice of forum was an
> overriding factor entitled to considerable weight, the
> significance of that choice has diminished since the
> enactment of § 1404(a).  Additionally, plaintiff's
> choice of forum has reduced value where the forum lacks
> any significant contact with the underlying cause of
> action.

Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp 1048, 1050 (N.D. Ill. 1982) (citations omitted).  Moreover, a plaintiff's choice of forum is entitled to less weight when that forum is outside of plaintiff's home jurisdiction.  Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).

---

6/  Section 1406(a) provides:

The district court of a district in which is filed a
case laying venue in the wrong division or district
shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which
it could have been brought.

28 U.S.C. § 1406(a).

-6-

Accordingly, Defendants request that the Court dismiss this action, enter summary judgment in favor of the defendants or, transfer the case to the District of New Jersey.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-7-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., <u>et al.,</u>)
                                          )
         Plaintiffs,                      )
                                          )
    v.                                    )Civil Action No. 07-1296 HHK
                                          )
PETER D. KEISLER,                         )
  Acting Attorney  General of             )
  the United States, <u>et al.,</u>       )
                                          )
         Defendants.                      )
_____   )

STATEMENT OF MATERIAL FACTS AS TO
<u>WHICH THERE IS NO MATERIAL DISPUTE</u>

      Defendants submit the following statement of material facts as
to which there is no genuine dispute, pursuant to Local Civil Rules
7(h) and 56.1:

      1.   Plaintiffs filed the instant lawsuit, complaining to the
Drug Enforcement Agency ("DEA") for the first time, that DEA
should not have accepted the voluntary surrender of the
registrations to import and export List I chemicals from Mr. Neil
Villacari because Mr. Villacari was not authorized to surrender
the registrations.  Second Tilney Decl., ¶¶ 17-20; 24.

      2.   After considering Plaintiffs' allegations regarding Ms.
Villacari's authority to surrender the registrations, DEA agreed
that the Registrations shall remain in effect unless and until
further action is taken either to surrender the registrations by
the Plaintiffs or to suspend the registrations under DEA
regulations.  <u>See</u> Exhibit 18 (August 3, 2007 Letter to
Plaintiffs); Second Tilney Decl., ¶ 25.

3.   The Drug Enforcement Agency currently deems Dastech's registrations to import and export List I chemicals as valid.  <u>Id</u>.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Motion to Dismiss Or, In The Alternative, To Transfer Or For Summary Judgment, memorandum in support thereof, statement of material facts and a proposed Order has been made through the Court's electronic transmission facilities on this 10th day of October, 2007.

W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., <u>et</u> <u>al.</u>,)
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )Civil Action No. 07-1296 HHK
                                          )
PETER D. KEISLER,                         )
  Acting Attorney  General of             )
  the United States, <u>et</u> <u>al.</u>,)
                                          )
          Defendants.                     )
_____)

<u>ORDER</u>

UPON CONSIDERATION OF the defendants' Motion to Dismiss Or, In
The Alternative, To Transfer Or For Summary Judgment, for the
reasons stated therefore, and based upon the entire record herein,
it is this ___ day of _____, 2007, hereby

ORDERED that Defendants' motion to dismiss should be and it
hereby is granted; and it is,

FURTHER ORDERED that plaintiffs' complaint be and hereby is
dismissed.

_____
UNITED STATES DISTRICT JUDGE

copies to:

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

JANET KRAVITZ, ESQ.
65 East State Street, Suite 200
Columbus, Ohio  43215

AMY RICHARDSON, ESQ.
Harris, Wiltshire & Grannis
1200 18th Street, N.W.
Washington, DC  20010