UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al.,

Plaintiffs,

v.

PETER D. KEISLER,1/
Acting Attorney General of the United States, et al.,

Defendants.

Civil Action No. 07-1296 HHK

DEFENDANTS' OPPOSITION TO PLAINTIFFS' COMBINED MOTION FOR LEAVE TO FILE

Defendants hereby oppose Plaintiffs' Combined Motion For Leave To File Supplementary Affidavits In Support Of Their Reply To Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction And For Leave To Exceed The Page Limit For Their Reply Memorandum ("Plaintiffs' Motion").

On July 23, 2007, Plaintiffs filed a Motion For A Preliminary Injunction, supported, in part, by statements of Mr. Neil Villacari that he was coerced into relinquishing Plaintiffs' DEA Registration Certificate and that he did not have authority to surrender the items. DEA has since considered the assertions made in the declarations provided by Plaintiffs (assertions raised for the first time in the litigation) and has agreed that

[1] At the time the Complaint was filed, the action was instituted against former Attorney General Alberto Gonzales. The current Acting Attorney General Peter D. Keisler has been substituted for Mr. Gonzales by operation of Fed. R. Civ. P. 25(d).

the Registrations shall remain in effect unless and until further action is taken either to surrender the registrations by the Plaintiffs or to suspend the registrations under DEA regulations. See Exhibit 18 (August 3, 2007 Letter to Plaintiffs, attached to Defendants' August 10, 2007 opposition).[2] Plaintiffs also argued in their application for a preliminary injunction that they would suffer irreparable injury if injunctive relief were not granted; but they cited no affidavits in the portion of their memorandum headed "Plaintiffs Will Suffer Irreparable Harm Without Injunctive Relief." See Plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Motion For A Preliminary Injunction at 20-21.

On August 10, 2007, Defendants opposed Plaintiffs' Motion For A Preliminary Injunction with a 30-page memorandum, including affidavits. On September 17, 1007, Plaintiffs attempted to file a 38-page reply and several additional affidavits without seeking leave to do so. See Docket Entry 19. The instant motion was filed on October 10, 2007.[3] Defendants submit that Plaintiffs'

---

[2] Of course, Plaintiffs remain subject to the limitations that may be placed on their importation of chemicals under 21 U.S.C. § 971(c)(1) and 21 C.F.R. § 1313.12. Should their importations be suspended, however, they would be entitled to a hearing pursuant to 21 U.S.C. § 971(c)(2).

[3] An earlier motion was lodged on September 19, 2007, but was denied without prejudice for failure to ascertain the position of the defendants as required by Local Civ. R. 7(m). See Docket Entries dated September 19, 2007 through September 20, 2007.

proffered affidavits are largely cumulative and should have been submitted with the initial motion, as required by the rules of the Court. They deal mostly with the circumstances under which the Plaintiffs' registration was initially surrendered, an issue which was mooted by DEA's decision that the Registrations shall remain in effect pending any further action.[4] The true import of the proffered affidavits is that there are even more witnesses who would be inconvenienced by the Plaintiffs' efforts to litigate this New Jersey matter in this forum.[5] Thus, Defendants believe that the matter should be dismissed or transferred on venue grounds. Plaintiffs have also failed adequately to establish why they need 37 pages to respond to a 30-page opposition.

Local Civil Rule 65.1 provides that an application for a preliminary injunction "shall be supported by all affidavits on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the court." Local Civ. R. 65.1(c). Plaintiffs argue that they must submit supplemental declarations

---

[4] As Plaintiffs concede "the fact of the matter is that the DEA has recognized that Dastech's DEA registrations are currently valid and enforceable." Plaintiff's Proffered Reply at 8.

[5] Defendants have filed a motion seeking dismissal or transfer of this matter to New Jersey, where the operative events took place. See Docket Entry 24.

to address issues asserted in Defendants' opposition, See Plaintiffs' Motion at 2-3. Then, Plaintiffs proffer various affidavits to, as they say in their proffered 38-page reply, "corroborate Mr. Villacari's account." Plaintiffs' Proffered Reply at 9 (citing September 6, 2007 Affidavit of Dino DeGreggorio and September 6, 2007 Affidavit of Mark Levine). These additional affidavits could easily have been submitted with Plaintiffs' original motion. Other affidavits are apparently designed to offer support for the earlier claim that absent a preliminary injunction, Plaintiffs will suffer harm. See Proffered Affidavits of Robert Kahen and Jim Lingle. Plaintiffs seek to supplement the earlier affidavits in an apparent effort to fill the void earlier left by their motion. Yet, they offer no legitimate basis for failing earlier to provide these affidavits.[6]

Finally, Defendants respectfully submit that Plaintiffs' proffered reply is unnecessarily long and destined to divert the Court's attention from the real issues that remain in the

---

[6] Defendants recognize that Plaintiffs also seek to provide support for their assertion that an unintelligible signature on a 2005 document shows that Agent Tilney was wrong in his belief that a California registration was surrendered by someone at a warehouse used by Plaintiffs in 2005. See Plaintiffs' proffered reply at 26. Those California transactions may explain how it was that Mr. Tilney could reasonably believe that the person at the storage facility could surrender Plaintiffs' registration. But, they were not deemed of sufficient significance to even be cited in Defendants' Opposition.

litigation, following the restoration of Plaintiffs' registrations now that they have advised of the limitations of Mr. Villacari's employment. Defendants are mindful of the broad discretion that the Court has to permit the over-sized filing, but believe that an adequate response can be fashioned within the 25-page limitation in Local Civil R. 7(e), particularly where Defendants' opposition was 15 pages short of the limit imposed by that rule.

For the foregoing reasons, Defendants respectfully oppose Plaintiffs' Motion.

Respectfully submitted,

____________________________________
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

____________________________________
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Opposition To Plaintiffs' Combined Motion For Leave To File Supplementary Affidavits In Support Of Their Reply To Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction And For Leave To Exceed The Page Limit For Their Reply Memorandum and a proposed Order has been made by use of the Court's electronic transmission facilities on this 15th day of October, 2007.

/s/

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 514-7230
fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DASTECH INTERNATIONAL, INC., et al.,

Plaintiffs,

v.

PETER D. KEISLER, Acting Attorney General of the United States, et al.,

Defendants.

Civil Action No. 07-1296 HHK

ORDER

UPON CONSIDERATION of the Plaintiffs' Combined Motion For Leave To File Supplementary Affidavits In Support Of Their Reply To Defendants' Opposition To Plaintiffs' Motion For A Preliminary Injunction And For Leave To Exceed The Page Limit For Their Reply Memorandum, for the reasons stated in opposition to the motion, and based upon the entire record herein, it is the ________ day of __________, 2007 hereby

ORDERED that Plaintiffs' motion be and it hereby is denied.

UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

JANET KRAVITZ, ESQ.
65 East State Street, Suite 200
Columbus, Ohio 43215

AMY RICHARDSON, ESQ.
Harris, Wiltshire & Grannis
1200 18th Street, N.W.
Washington, DC 20010